UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
and RYAN M. VALLI, individually, and on
behalf of all others similarly situated,

                 Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

                 Defendants.

_____/

Case No. 2:14-cv-12693-MFL-DRG

Hon. Matthew F. Leitman

## iCENTRIS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT

Defendant iCentris, Inc. ("iCentris") moves to dismiss Plaintiffs' Complaint in its entirety, with prejudice, pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for the reasons set forth in the attached Brief.

Counsel for iCentris contacted opposing counsel on October 23, 2014, requesting concurrence in this motion and same was denied.

WHEREFORE, iCentris respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety, with prejudice, pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure.

{00364510}

Respectfully submitted,

ZAUSMER, KAUFMAN, AUGUST &
 CALDWELL, P.C.

/s/ Emily M. Ballenberger
EMILY M. BALLENBERGER (P64410)
31700 Middlebelt Road, Suite 150
Farmington Hills, MI  48334
Telephone Number: (248) 851-4111
Fax Number: (248) 851-0100
E-mail: eballenberger@zkac.com
Attorney for iCentris

Dated: October 24, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
and RYAN M. VALLI, individually, and on
behalf of all others similarly situated,

                  Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

                  Defendants.

_____/

Case No. 2:14-cv-12693-MFL-DRG

Hon. Matthew F. Leitman

## iCENTRIS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

iCentris submits this Brief in Support of its Motion to Dismiss Plaintiffs'

Complaint pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil

Procedure.

{00364510}

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. iv

STATEMENT OF ISSUES PRESENTED ........................................... v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................ vi

INTRODUCTION .......................................................................... 1

LEGAL STANDARD ...................................................................... 2

I.    THE COMPLAINT FAILS AS TO ICENTRIS BECAUSE IT DOES NOT IDENTIFY WHICH WRONGS WERE ALLEGEDLY COMMITTED BY ICENTRIS. ............................................... 3

II.    PLAINTIFFS FAIL TO PLEAD SUFFICIENT FACTS PLAUSIBLY DEMONSTRATING THAT VISALUS IS A PYRAMID SCHEME ...... 6

III.    THE COMPLAINT FAILS TO PLEAD ACTIONABLE CIVIL RACKETEERING CLAIMS (COUNTS I-III). ......................... 6

    A.    As A Matter Of Law, RICO Claims Cannot Be Based On Allegations That Plaintiffs Invested And Lost Money In A Pyramid Scheme. ............................................... 6

    B.    Plaintiffs Fail To Plead Any Viable Claim Against iCentris Under 18 U.S.C. § 1962(c). ......................................... 7

    C.    Plaintiffs Fail To Plead An Actionable Claim For Relief Under RICO Section 1962(a) ............................................ 13

    D.    Plaintiffs Fail To Plead An Actionable Claim For RICO Conspiracy Under Section 1962(d). .................................. 13

IV.    PLAINTIFFS' STATE LAW CLAIMS ALL FAIL (COUNTS IV-IX). ................................................................. 14

    A.    Michigan Consumer Protection Act (Count IV) ................. 14

    B.    Plaintiffs Fail To State An Unjust Enrichment Claim (Count V). ....... 14

    C.    Plaintiffs Fail To State A Conversion Claim (Count VI). ..... 15

    D.    Plaintiffs Fail To State A Civil Conspiracy Claim (Count VII). .......... 15

    E.    Plaintiffs Fail To State A Claim Under The Michigan Franchise Investment Law (Count VIII). .......................................... 15

    F.    Plaintiffs Fail To State A Claim For An Accounting (Count IX). ....... 16

    G.    Plaintiffs Are Not Entitled To A Constructive Trust (Count IX) ......... 16

CONCLUSION ............................................................................................................... 16

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .......................... 2, 3, 6, 7

*Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008) ....... vi, 3

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d
929 (2007) ....................................................................................... vi, 2, 3, 6, 7

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ........................... 2

*Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392 (7th Cir. 2009) ............................. 10

*Goren v. New Vision International, Inc.,* 156 F.3d 721 (7th Cir. 1998) ......... vi, 9, 10

*Ouwinga v. Benistar 419 Plan Services, Inc.,* 694 F.3d 783, (6th Cir. 2012)....... vi, 7

*Reves v. Ernst & Young,* 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525
(1993) .............................................................................................. vi, 7, 8, 9

*United States v. Fowler,* 535 F.2d 408 (6th Cir. 2008) .................................. vi, 8, 9

*United States v. Oreto,* 37 F.3d 739 (1st Cir 1984)................................................ 8, 9

**OPINIONS**

*D. M. Robinson Chiropractic, S.C. v. Encompass Ins. Co. of America,*
Docket No. 10 C 8159 (N.D. Ill. 2013) ...................................................... 10, 11

**STATUTES**

18 U.S.C. § 1962(a)................................................................................................. 13

18 U.S.C. § 1962(c)........................................................................ v, 7, 8, 9, 10, 12

18 U.S.C. § 1962(d)................................................................................................. 13

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 2

Fed. R. Civ. P. 9(b).............................................................................................. 3, 12

## STATEMENT OF ISSUES PRESENTED

iCentris incorporates by reference the Statement of Issues Presented set forth in the Brief filed by the ViSalus Defendants in support of their Motion to Dismiss and adopts the positions on those issues asserted by the ViSalus Defendants.   In addition, this Brief presents the following issue:

1.    Does the Complaint plead plausible facts demonstrating that iCentris conducted or participated in the alleged enterprise's affairs that are sufficient to state a claim against iCentris under 18 U.S.C. § 1962(c)?

**iCentris's Answer:  No.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

iCentris incorporates by reference the authorities cited by the ViSalus Defendants as controlling or most appropriate.  In addition, iCentris lists the following:

**Regarding the pleading standard**

*Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

**Regarding the RICO claims against iCentris under 18 U.S.C. § 1962(c)**

*Goren v. New Vision International, Inc.,* 156 F.3d 721 (7th Cir. 1998)

*Ouwinga v. Benistar 419 Plan Services, Inc.,* 694 F.3d 783, 791 (6th Cir. 2012)

*Reves v. Ernst & Young,* 507 U.S. 170, 183, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993)

*United States v. Fowler,* 535 F.2d 408, 418 (6th Cir. 2008)

## **INTRODUCTION**

The Brief filed by the ViSalus Defendants in support of their Motion to Dismiss contains numerous factual and legal arguments that are applicable to all defendants, including iCentris. Rather than re-state these arguments at length for the Court, iCentris will incorporate by reference the arguments of the ViSalus Defendants that apply equally to iCentris. Where relevant or helpful, iCentris will supplement that argument with factual application and legal argument that applies specifically to iCentris.

iCentris is a software company that maintains, hosts and develops websites and web-based productivity tools for a variety of companies in the direct selling industry, including defendant ViSalus, Inc. The websites that iCentris develops are geared towards making the independent sales representatives for the companies more productive by providing reports of business data, branded email tools, a community feature, customizable webpages and other tools. ViSalus provides the final approval for all the content on the websites and tools developed for ViSalus by iCentris.

For the reasons stated below, Plaintiffs' Complaint fails to state a claim against iCentris upon which relief can be granted, and Plaintiffs' Complaint should therefore be dismissed in its entirety, with prejudice.

## LEGAL STANDARD

The standards for reviewing the sufficiency of pleadings were clarified by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to provide "a short and plain statement of the claim showing the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Twombly,* 550 U.S. at 555, quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The *Twombly* Court explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of the "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555 (internal citations omitted).  The Supreme Court further explained in *Iqbal*:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant acted unlawfully.  Where a complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 555 (internal citations omitted).

In reviewing a motion to dismiss, this Court construes the complaint in the light most favorable to the plaintiff, accepting its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may consider the complaint and any exhibit attached to it, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained in it. *Id.*

With respect to the heightened pleading standard required under Fed. R. Civ. P. 9(b) for allegations of fraud, iCentris incorporates by reference the standard of review stated in the Brief filed by the ViSalus Defendants in support of their Motion to Dismiss.

## I.   THE COMPLAINT FAILS AS TO ICENTRIS BECAUSE IT DOES NOT IDENTIFY WHICH WRONGS WERE ALLEGEDLY COMMITTED BY ICENTRIS.

Defendant iCentris adopts and incorporates by reference the argument made by the ViSalus Defendants under the corresponding heading in their brief. Even beyond the arguments made by the ViSalus Defendants, the allegations of the

Complaint that are specific to iCentris are so sparse, vague and incomplete that the

Complaint fails to state a claim of any sort against iCentris. Plaintiffs' 116-page,

241-paragraph Complaint makes so few allegations directly referencing iCentris or

the "Related Party Corporate Defendants" that they are easily recreated here in

full:

> 42.    Defendant, iCentris ("iCentris") is a Utah company
> headquartered in Utah.  iCentris performs software and database
> services related to the illegal pyramid scheme and has obtained
> substantial benefits as a result.  It has systematically transacted
> business in Michigan since at least 2012.  iCentris was started by a
> former CEO of another direct sales marketing company and serves
> that industry by developing custom database software for tracking the
> "upline" and "downline" sales and calculate [sic] commissions and
> bonuses.  It purchased a company called Solutions X, which had
> previously performed work for ViSalus in 2012.  Defendants Blair,
> Sarnicola and Mallen own a portion of iCentris's interest.

> 128.   ....  The funneling of commissions and bonuses, together
> with deductions of various fees charged by ViSalus, the monthly
> ranking of each of the over 100,000 IPs and other people labeled as
> "customers," and the precise placement of each individual within a
> "downline" or "upline" is handled by a sophisticated database
> designed and maintained by defendant iCentris....

> 151.   ....   The Related Entity Defendants have joined the
> association between 2011 and 2012.[1]

> 153.   ....   Related Party Corporate Defendants is [sic] each a
> RICO "person."

---

[1] Paragraph 43 indicates that iCentris and another defendant, FragMob, LLC, will
be referred to as "Related Party Corporate Defendants."  [Doc #1, p 24, ¶ 43].
However, this allegation may be referring to these two defendants.

.... Insider Individual Promoter Defendants, Insider Corporate Promoter Defendants, **Related Party Corporate Defendants** and Individual Insider Corporate Defendants are an "enterprise," (e.g. a *de facto* corporation acting as a single legal entity, or, alternatively, an association in fact). [Bold emphasis added].

163.   Related entities FragMob and iCentris are each distinct from the other corporate defendants.  Each is related to Blyth and/or ViSalus and the Individual Corporate Insider Defendants by various common stock ownership and contractual payments.  The services that each brought to the pyramid scheme allowed the scheme to continue.  iCentris markets and sells an enormously sophisticated database used by companies that create schemes such as this one....

171.   Each of the defendants acted with requisite intent to establish, perpetuate and/or carry out the pyramid scheme to defraud.  Each defendant acted with either specific intent to defraud or with such recklessness with respect to the false or misleading information mailed or wired in furtherance of the pyramid scheme as to constitute requisite scienter to commit mail and wire fraud.  That scienter can be inferred from, among other things, at least the following:

....

- iCentris and FragMob derive a substantial part of their revenue from providing database and computer assistance to the network marketing industry and are owned in whole or in part by certain of the defendants. Each of these defendants knew or recklessly disregarded the notion that their assistance and services were to an illegal pyramid scheme.

The statements in these six paragraphs are the totality of the allegations specific to iCentris in Plaintiffs' Complaint.   While the Complaint includes numerous statements that "defendants" knew certain facts, intended certain outcomes or took certain actions, most of these general allegations have nothing to do with the allegations specifically made against iCentris.  As a result, the Complaint provides

no allegations that put iCentris on notice of what specific acts it is alleged to have engaged in that allegedly violate the RICO statute or any of the state laws referred to in Counts IV through IX. The allegations of the Complaint as to iCentris are vague, highly speculative and lacking in facial plausibility. There is nothing in the Complaint beyond conclusory statements to suggest that iCentris is liable for the misconduct alleged. The Complaint does not meet the test of *Twombly* and *Iqbal* with respect to the claims against iCentris. Therefore, all claims against iCentris should be dismissed.

## II.    PLAINTIFFS FAIL TO PLEAD SUFFICIENT FACTS PLAUSIBLY DEMONSTRATING THAT VISALUS IS A PYRAMID SCHEME

Defendant iCentris adopts and incorporates by reference the argument made by the ViSalus Defendants under the corresponding heading in their brief.

## III.   THE COMPLAINT FAILS TO PLEAD ACTIONABLE CIVIL RACKETEERING CLAIMS (COUNTS I-III).

Defendant iCentris adopts and incorporates by reference the arguments made by the ViSalus Defendants under the corresponding heading in their brief.

### A.    As A Matter Of Law, RICO Claims Cannot Be Based On Allegations That Plaintiffs Invested And Lost Money In A Pyramid Scheme.

Defendant iCentris adopts and incorporates by reference the arguments made by the ViSalus Defendants under the corresponding heading in their brief.

**B.    Plaintiffs Fail To Plead Any Viable Claim Against iCentris Under 18 U.S.C. § 1962(c).**

18 U.S.C. § 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity….

Thus, to state a claim under this section of RICO, a plaintiff must plead: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Ouwinga v. Benistar 419 Plan Services, Inc.*, 694 F.3d 783, 791 (6th Cir. 2012) (internal citations omitted). Under the standard of *Iqbal* and *Twombly*, a boilerplate recitation of these elements is not sufficient; rather the complaint must allege sufficient facts to support each element.

**1.    Plaintiffs Fail To Allege Plausible Facts Demonstrating That iCentris Conducted Or Participated In The Alleged Enterprise's Affairs.**

To properly plead the "conduct" element, a plaintiff must set forth allegations to establish that the defendant "conducted or participated, 'directly or indirectly, in the conduct of [the RICO] enterprise's affairs.'" 18 U.S.C. § 1962(c). The United States Supreme Court in *Reves v. Ernst & Young*, 507 U.S. 170, 183, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), held that to prove this element, the plaintiff must show that "the defendant participated in the 'operation or management' of the enterprise." To properly plead this element, the plaintiff must

demonstrate that the defendant had "some part in directing the enterprise's affairs."

*Id.* at 179. The 6th Circuit has explained:

> Although *Reves* does not explain what it means to have some part in
> directing the enterprise's affairs, subsequent decisions from our sister
> circuits have persuasively explained that *it can be accomplished either*
> *by making decisions on behalf of the enterprise or by knowingly*
> *carrying them out.*

*United States v. Fowler*, 535 F.2d 408, 418 (6th Cir. 2008) (emphasis added), citing

inter alia *United States v. Oreto*, 37 F.3d 739, 750 (1st Cir 1984). The *Reves* court

did make clear that § 1962(c) does not reach "outsiders" to the organization who

do not participate in the operation or management of the enterprise, because

"liability depends on showing that the defendants conducted or participated in the

conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Reves*, 507 U.S. at

185 (emphasis in original).

As further explained in the *Fowler* case, the First Circuit, in *Oreto*, noted

that the *Reves* case concerned "horizontal" RICO liability – i.e. the liability of

advisers who are outside the organization – as opposed to "vertical" liability – i.e.

the liability of members of an enterprise who are further down the ladder within

the organization. 535 F.3d at 419. The *Fowler* court summarized:

> According to *Oreto*, the defendants in *Reves* were found to have no
> RICO liability because, as outside advisers, "they neither made [the
> enterprise's] decisions nor carried them out; in other words, the
> [defendants] were outside the chain of command through which the
> enterprise's affairs were conducted." Thus, the "operation or
> management" test draws the line for RICO liability between those

who make the enterprise's decisions or implement them, and those who do not.

*Id.*, citing *Oreto*, 37 F.3d at 750.

The Seventh Circuit addressed the same concept in *Goren v. New Vision International, Inc.*, 156 F.3d 721 (7th Cir. 1998), which was a case in which the plaintiff alleged that the defendants collaborated in a pyramid scheme to sell bogus health care products. The *Goren* opinion addressed, among others, claims against two companies, Direct Marketing Services ("Direct") and October Dynamics ("October" or "Dynamics"). The *Goren* court explained that the plaintiff's complaint alleged only that "Direct produces and distributes promotional materials for New Vision's products," while "Dynamics designates itself as a business partner to those who market New Vision's products, provides its toll-free number on [promotional audio] tapes and takes orders for New Vision's products." 156 F.3d at 727-728. The *Goren* court firmly rejected the notion that these allegations were sufficient to meet *Reves*'s "operation or management" test, stating:

> The averments clearly allege the existence of a business relationship between these defendants and the enterprise, but do not indicate that these defendants "took some part in directing [New Vision's] affairs." **Indeed, simply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under § 1962(c);** instead the individual must have participated in the operation and management of the enterprise itself.

156 F.3d at 728 (emphasis added; internal citations and footnote omitted).   The *Goren* court thus held that the plaintiff's complaint failed to state a claim against Direct or October under § 1962(c). *Id.*  See also *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 399 (7th Cir. 2009) ("Allegations that a defendant had a business relationship with a putative RICO enterprise or that a defendant performed services for that enterprise do not suffice").

A recent unpublished opinion from the U.S. District Court for the Northern District of Illinois addressed a case in which the developer/seller of a computer software program was alleged to have "operated or managed" a RICO enterprise by supplying a flawed software program to three affiliated insurance companies, who used the software in determining (allegedly fraudulently) whether medical bills incurred by insureds were "reasonable." *D. M. Robinson Chiropractic, S.C. v. Encompass Ins. Co. of America*, Docket No. 10 C 8159 (N.D. Ill. 2013) (attached as **Exhibit A**).  Although the plaintiff asserted that the participation of the software developer, Mitchell International, Inc. ("Mitchell"), was essential to the scheme and that Mitchell exercised direction and control of the scheme by making adjustments to the software to accomplish the alleged goal of denying benefits to insureds, the District Court held that the Complaint failed to adequately allege RICO conduct on the part of Mitchell.  Slip Op at 8.  Rather, the court found, the

Complaint merely pled a customer-supplier relationship between Mitchell and the insurance companies. *Id.*

Reviewing the allegations of the Complaint in this matter, the Complaint simply asserts in a conclusory fashion that "[e]ach of the defendants conducted, or participated directly or indirectly, in the conduct of such enterprise's affairs." [Doc #1, p 85, ¶ 165]. The Complaint contains no allegations showing that iCentris, specifically, participated in the "operation or management" of the enterprise or demonstrate that iCentris had "some part in directing the enterprise's affairs." The allegations that are specific to iCentris, rather, show that iCentris is a company that has a business relationship with ViSalus and that it provides services to the company. [Doc #1, pp 23-24, 90, ¶¶ 42, 171].

Plaintiffs seem to attempt to tie iCentris closer to the ViSalus Defendants through allegations that Defendants Blair, Sarnicola and Mallen "own a portion of iCentris's interest." [Doc #1, p 24, ¶ 42; see also Doc #1, p 84, ¶ 163 and p 90, ¶ 171]. However, no specifics regarding the alleged ownership interest are asserted. There is no allegation that Defendants Blair, Sarnicola and Mallen – or any other defendants in this case – have any controlling interest in iCentris or that, through iCentris, such defendants have exercised any operational or management control with respect to the alleged enterprise. Indeed, although the Complaint alleges that "there is an identifiable hierarchy and framework within the enterprise," [Doc #1, p

80, ¶ 154], there is no allegation as to iCentris's place in that hierarchy and framework.  Similarly, although the Complaint asserts that "[e]ach of the defendants is associated with each other for purposes of RICO" [Doc #1, p 80, ¶ 155] and that "[a]ll Defendants are employed by or associated with the enterprise" [Doc #1, p 82, ¶ 158], there are no allegations specific to iCentris other than those, cited above, that indicate a business relationship under which iCentris provides services to ViSalus.

Plaintiffs' Complaint fails to sufficiently allege RICO conduct on the part of iCentris sufficient to state a claim against iCentris under §1962(c).  Therefore, Count I of Plaintiffs' Complaint should be dismissed as to iCentris.

**2.    <u>Plaintiffs Fail To Allege Plausible Facts Demonstrating That iCentris Committed A Single Act Of "Racketeering Activity," Much Less A "Pattern" Of Such Acts.</u>**

Defendant iCentris adopts and incorporates by reference the argument made by the ViSalus Defendants under the corresponding heading in their brief.

Specifically, with respect to iCentris, Plaintiffs fail to identify any predicate act allegedly committed by iCentris in particular, as required by Rule 9(b). Plaintiffs fail to specify the time, place, content and identity of the sender of even a single use of the mails by iCentris, or any defendant, and they fail to plead the particulars (time, place, content and identity of the sender) of two or more uses of the wires, as required to allege a "pattern" of wire fraud and/or mail fraud.

Similarly, Plaintiffs do not allege any incident of alleged extortion involving iCentris or even mention iCentris in Paragraphs 172 or 173, in which they purport to state a claim that "the defendants" engaged in a pattern of racketeering activity by participating in "inherently wrongful means" to perpetuate a scheme to defraud under the Hobbs Act.

C. **Plaintiffs Fail To Plead An Actionable Claim For Relief Under RICO Section 1962(a)**

Count II of the Complaint appears to be intended to state a claim under 18 U.S.C. § 1962(a) only against Defendants Blair, Sarnicola and Mallen "and other presently unknown." [Doc #1, p 99, ¶ 187; see also Doc #1, p 99, ¶ 190]. Certainly, no allegation specific to iCentris appears in this Count. To the extent the manner of pleading leaves Plaintiffs' intention vague, iCentris asks the Court to dismiss any purported claim as to iCentris under 18 U.S.C. § 1962(a).

D. **Plaintiffs Fail To Plead An Actionable Claim For RICO Conspiracy Under Section 1962(d).**

Defendant iCentris adopts and incorporates by reference the argument made by the ViSalus Defendants under the corresponding heading in their brief. In addition to the arguments made by the ViSalus Defendants, there is no specific allegation in this Count regarding iCentris. The allegations in this Count are conclusory and non-specific. Like the rest of the Complaint, this Count fails to apprise iCentris of what "overt acts" it is alleged to have committed "to achieve or

further the unlawful objects and purposes" of the alleged pyramid scheme. [¶ 194]. The Count does not identify the "false and fraudulent means" allegedly used by iCentris or how any action of iCentris purportedly harmed the Plaintiffs. [¶ 195]. As this Count fails to state a viable claim against iCentris, this Court should dismiss this Count as to iCentris.

## IV. PLAINTIFFS' STATE LAW CLAIMS ALL FAIL (COUNTS IV-IX).

Defendant iCentris adopts and incorporates by reference the arguments made by the ViSalus Defendants under the corresponding headings in their Brief.

### A. Michigan Consumer Protection Act (Count IV).

In addition to the arguments made by the ViSalus Defendants, the allegations in this Count simply don't apply to any activity that iCentris is alleged to have engaged in. There is no allegation in the Complaint, for example, that iCentris "induced" anyone to enter into an agreement with ViSalus [¶ 202], or that iCentris "offered" a business opportunity to anyone [¶ 203]. Again, there is no specific allegation anywhere in the Complaint of an action by iCentris that constituted an unfair or deceptive act or practice. There is no viable allegation here of a MCPA violation by iCentris.

### B. Plaintiffs Fail To State An Unjust Enrichment Claim (Count V).

As with Count II, this Count appears to assert claims as to only a limited number of defendants, not including iCentris. [Doc #1, pp 105-107, ¶¶ 210-212].

To the extent the manner of pleading leaves Plaintiffs' intention vague, iCentris asks the Court to dismiss any purported claim that iCentris is liable under an unjust enrichment theory.

### C.   Plaintiffs Fail To State A Conversion Claim (Count VI).

In addition to the arguments made by the ViSalus Defendants, the allegations in this Count, similar to Count IV, don't apply to any activity that iCentris is alleged to have engaged in.  There is no allegation in the Complaint, for example, that iCentris induced anyone to pay enrollment fees in connection with offering a "business opportunity."  Thus, there is no support whatsoever for a conversion claim against iCentris.

### D.   Plaintiffs Fail To State A Civil Conspiracy Claim (Count VII).

With respect to this Count, iCentris relies on the arguments contained in the Brief of the ViSalus Defendants.

### E.   Plaintiffs Fail To State A Claim Under The Michigan Franchise Investment Law (Count VIII).

In addition to the arguments made by the ViSalus Defendants, the allegations in this Count, again, don't apply to any activity that iCentris is alleged to have engaged in.  There is no allegation in the Complaint that iCentris offered a franchise or a "business opportunity" to anyone.  Thus, there is no support for a claim against iCentris under the Michigan Franchise Investment Law.

**F.**     **Plaintiffs Fail To State A Claim For An Accounting (Count IX).**

In addition to the arguments made by the ViSalus Defendants, once again, it appears that Plaintiffs intend this Count to apply only to specific defendants. [¶¶ 239-240].  To the extent the manner of pleading leaves Plaintiffs' intention vague, iCentris asks the Court to dismiss any purported claim that iCentris is subject to an accounting.

**G.**     **Plaintiffs Are Not Entitled To A Constructive Trust (Count IX)**

The same argument made in subsection F, above, applies here as well.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint against Defendant iCentris in its entirety, with prejudice.

Respectfully submitted,

ZAUSMER, KAUFMAN, AUGUST & CALDWELL, P.C.

*/s/ Emily M. Ballenberger*
EMILY M. BALLENBERGER (P64410)
31700 Middlebelt Road, Suite 150
Farmington Hills, MI  48334
Telephone Number: (248) 851-4111
Fax Number: (248) 851-0100
E-mail: eballenberger@zkac.com
*Attorney for iCentris*

Dated: October 24, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on **October 24, 2014** I electronically filed the foregoing paper with the Clerk of the Court, using the ECF system which will send notification of such filing to all counsel of record.

/s/ *Emily M. Ballenberger*
Zausmer, Kaufman, August & Caldwell, PC
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
(248) 851-4111
eballenberger@zkac.com