UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
and RYAN M. VALLI, individually, and on
behalf of all others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

## MOTION OF DEFENDANTS TO DISMISS PLAINTIFFS' COMPLAINT IN ITS ENTIRETY PURSUANT TO FED.R.CIV.P. 12(b)(6)

Defendants, Ropart Asset Management Fund, LLC, Ropart Asset Management Fund II, LLC, Fragmob, LLC, Mojos Legacy, LLC, Freedom Legacy, LLC, Wealth Builder International, Inc., Residual Marketing, Inc., Jaketrz, Inc., Nick Sarnicola, Frank Varon, Kyle Pacetti, Jr., Jake Trzcinski, Michael Craig, Lavon Craig, Timothy Kirkland, Holley Kirkland, Joshua Jackson, Aaron Fortner, Rachel Jackson, Tara Wilson, Anthony Lucero, Rhonda Lucero, Jason O'Toole and Lori Petrilli (hereinafter collectively referred to as "Distributor Defendants"), through their attorneys, Seyburn Kahn, move this Court for entry of an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the Plaintiffs' Complaint, in its

entirety, because the Plaintiffs' Complaint fails to state any legally cognizable claims upon which relief can be granted.

On October 23, 2014, pursuant to E.D. Mich. LR 7.1(a), there was a conference between counsel for the Defendants and Plaintiffs' counsel in which counsel for the Distributor Defendants explained the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

Respectfully submitted,

**SEYBURN KAHN, P.C.**

/s/ Barry M. Rosenbaum (P26487)
Barry M. Rosenbaum  (P26487)
Gregory M. Krause (P67142)
2000 Town Center, Suite 1500
Southfield, MI  48075
Tel.: 248-351-3587
Fax:  248-353-3727
E-Mail: brosenbaum@seyburn.com
*Attorneys for Defendants Ropart Asset Management Fund, LLC, Ropart Asset Management Fund II, LLC, Fragmob, LLC, Mojos Legacy, LLC, Freedom Legacy, LLC, Wealth Builder International, Inc., Residual Marketing, Inc., Jaketrz, Inc., Nick Sarnicola, Frank Varon, Kyle Pacetti, Jr., Jake Trzcinski, Michael Craig, Lavon Craig, Timothy Kirkland, Holley Kirkland, Joshua Jackson, Aaron Fortner, Rachel Jackson, Tara Wilson, Anthony Lucero, Rhonda Lucero, Jason O'Toole and Lori Petrilli*

Dated:  October 27, 2014

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

**SEYBURN KAHN, P.C.**

/s/ Barry M. Rosenbaum (P26487)
Barry M. Rosenbaum  (P26487)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
and RYAN M. VALLI, individually, and on
behalf of all others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

## BRIEF IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS PLAINTIFFS' COMPLAINT IN ITS ENTIRETY PURSUANT TO FED.R.CIV.P. 12(b)(6)

{00971281.DOC}

# **TABLE OF CONTENTS**

Statement of Issues Presented ........................................................................i

Controlling or Most Appropriate Authority................................................ ii

I.      Introduction.........................................................................................1

II.     Standard of Review.............................................................................2

III.    Argument .............................................................................................4

        A.      Plaintiffs fail to plead sufficient facts plausibly
                demonstrating that ViSalus is a pyramid scheme .................4

        B.      The Complaint fails to plead actionable civil
                racketeering claims (Counts I-II) ..........................................4

                1.      As a matter of law, RICO claims cannot be
                        based on allegations that Plaintiffs invested
                        and lost money in a pyramid scheme .........................4

                2.      Plaintiffs have failed to plead plausible, factual
                        allegations demonstrating that any of the
                        distributor defendants committed a single act
                        of "racketeering activity", much less a "pattern"
                        of such acts...............................................................5

                3.      Plaintiffs have failed to plead an actionable claim
                        for relief under RICO section 1962(a).....................15

                4.      Plaintiffs have failed to plead an actionable claim
                        for RICO conspiracy under section 1962(d)............16

        C.      Plaintiffs have not pled facts demonstrating plausibly
                that the Distributor Defendants violated Michigan law
                (Counts IV-IX) .....................................................................16

## <u>Statement of Issues Presented</u>

1. Does the Complaint plead sufficient facts plausibly demonstrating that ViSalus is a pyramid scheme?

   **Distributor Defendants' Answer:  No.**

2. Does the Complaint state a valid civil RICO claim in Counts I-III?

   **Distributor Defendants' Answer:  No.**

3. Does the Complaint state a valid claim under the Michigan Consumer Protection Act in Count IV?

   **Distributor Defendants' Answer:  No.**

4. Does the Complaint state a valid claim for unjust enrichment in Count V?

   **Distributor Defendants' Answer:  No.**

5. Does the Complaint state a valid claim for conversion in Count VI?

   **Distributor Defendants' Answer:  No.**

6. Does the Complaint state a valid claim for civil conspiracy in Count VII?

   **Distributor Defendants' Answer:  No.**

7. Does the Complaint state a valid claim under the Michigan Franchise Investment Law in Count VIII?

   **Distributor Defendants' Answer:  No.**

8. Does the Complaint state a valid claim for an accounting and constructive trust in Count IX?

   **Distributor Defendants' Answer:  No.**

## <u>Controlling or Most Appropriate Authority</u>

### <u>Cases</u>

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,*
    176 F.3d  315 (6th Cir. 1999)  ....................................................................... 5-6

*Aschroft v. Iqbal,*
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ............................ 2-3

*Ass'n of Cleveland Fire Fighters v. City of Cleveland,*
    502 F.3d 545 (6th Cir. 2007) ............................................................................3

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............................ 2-3

*Blount v. Financial Services, Inc.,*
    819 F.2d 151 (6th Cir. 1987) ...........................................................................8

*Central Distributors of Beer, Inc. v. Conn,*
    5 F.3d 181 (6th Cir. 1993) ............................................................................ 6-7

*Eby v. Producers Co-op, Inc.,*
     959 F. Supp. 428 (W.D. Mich. 1997)......................................................... 5-6

*Gotham Print, Inc. v. American Speedy Printing Centers, Inc.,*
    863 F.Supp. 447 (E.D. Mich. 1994) ..............................................................7

*H. J. Inc. v. Nw.Bell Tel. Co.,*
    492 U.S. 229, 109 S.Ct. 2893, 106 L. Ed. 2d 195 (1989) ............................11

*Heinrich v. Waiting Angels Adoption Services, Inc.,*
    668 F.3d 393 (6th Cir. 2012) ..................................................................11, 13

*Paycom Billing Services, Inc. v. Payment Resources International,*
    212 F.Supp. 2d, 732 (W.D. Mich. 2002)..................................................9, 14

*Ponte v. Chase Bank USA, N.A.,*
    2013 U.S. Dist. LEXIS 155044 (E.D. Mich., October 8, 2013) ....................7

*Reves v. Ernst & Young*,
    507 U.S. 170, 122 L. Ed. 2d 525, 113 S. Ct. 1163 (1993) ...........................14

*Sedima, SPRL v. Imrex Co.*,
    473 U.S. 479, 87 L. Ed. 2d 346, 105 S. Ct. 3275 (1985) ................................5

*VanDenBroeck v. Commonpoint Mortgage Co.*,
    210 F.3d 696 (6th Cir. 2000) .............................................................7

## Statutes

18 U.S.C. 1343 ....................................................................................................6

18 U.S.C. 1951(a) ..............................................................................................12

18 U.S.C. 1951(b)(2) .........................................................................................13

18 U.S.C. 1961(1)(B) ..........................................................................................5

18 U.S.C. 1961(5) ..............................................................................................11

18 U.S.C. 1962(a) ......................................................................................... 15-16

18 U.S.C. 1962(c) .....................................................................................5, 10, 16

18 U.S.C. 1964(c) ................................................................................................5

## Court Rules

Fed.R.Civ.P. 9(b) ......................................................................................... 6, 8-10

Fed.R.Civ.P. 12(b)(6) ..........................................................................................2

# I

## Introduction

The Class Action Complaint seeks to brand ViSalus, Inc., a legitimate multi-level marketing company ("MLM"), as an illegal pyramid.  The three Plaintiffs are former distributors for ViSalus.  Because they allegedly lost money, when others in the business were successful, they insist that ViSalus must be an illegal operation.  However, the factual allegations of their Complaint do not support their implausible theory.  Instead, the Complaint improperly begins with the flawed premise that ViSalus is an illegal pyramid, and concludes that every action taken by the Defendants on behalf of ViSalus must be illegal as well.   On the contrary, because Plaintiffs' Complaint is based on a flawed legal conclusion, and is devoid of factual support for that conclusion, it fails to state a claim upon which relief can be granted.

The Defendants consist of individuals and entities that have some connection to the ViSalus operation.  The founders of the company, as well as various promoters, distributors and vendors are all named as Defendants, with no distinction as to their roles in ViSalus, however remote.  As will be demonstrated herein, the failure of the Complaint to differentiate between the Defendants is ultimately fatal to the claims as pled.  In addition, the Complaint falls far short of pleading facts that state any claim to relief that is plausible on its face.

The Defendants are represented by different counsel.  This motion is filed on behalf of the named individual and corporate distributors and a vendor to ViSalus ("Distributor Defendants").  ViSalus itself, as well as its managers and primary investors ("ViSalus Defendants") has filed its own Rule 12(b)(6) motion.  All of the arguments raised by the ViSalus Defendants are applicable to the Distributor Defendants and will be incorporated herein by reference.  However, because the Complaint fails to state facts that state claims against any of the Distributor Defendants, this motion will focus primarily on those pleading deficiencies.

## II

## <u>Standard of Review</u>

To survive a Rule 12(b)(6) motion, it is incumbent upon the Plaintiffs to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see Aschroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).[1]

A claim meets the standard of facial plausibility:

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability

---

[1] Emphasis added and internal citations, quotations, original emphasis and punctuation omitted unless otherwise noted.

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

\*\*\*

Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Iqbal*, *id.,* at 1949-1950.

Significantly:

[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . .

*Twombly*, *supra* at 1964-1965; *see Iqbal*, *supra* at 1949-1950[2]; *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).  When evaluating a motion to dismiss, a court is not, however, bound to accept as true legal conclusions framed as factual allegations.  *See Twombly*, *supra* at 1965; *Iqbal*, *supra* at 1949.

---

[2] Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, *supra* at 1949.

## III

## <u>Argument</u>

### A.   Plaintiffs Fail to Plead Sufficient Facts Plausibly Demonstrating that ViSalus is a Pyramid Scheme

In their Motion and Brief, the ViSalus Defendants argue convincingly that the Plaintiffs have failed to allege sufficient facts to plausibly demonstrate that ViSalus is operating a pyramid scheme under the rigorous pleading standards of *Iqbal*.  The argument made by the ViSalus Defendants applies with equal force and merit to the Distributor Defendants as well.  Should this Court find that Plaintiffs' Complaint fails to demonstrate that ViSalus is operating an illegal pyramid, then the Complaint would be dismissed as to **all** of the Defendants.  Therefore, the Distributor Defendants incorporate by reference and concur in this argument as if same were set forth word for word herein.

### B.   The Complaint Fails to Plead Actionable Civil Racketeering Claims (Counts I - II)

#### 1.   As a matter of law, RICO claims cannot be based on allegations that Plaintiffs invested and lost money in a pyramid scheme

The ViSalus Defendants raise the argument that as a matter of law, an investment in a pyramid scheme is an investment in an "investment contract", which is a security under federal law.  There is a statutory bar under RICO to claims based on conduct involving securities fraud.  Thus, even if ViSalus could be

considered to be an illegal pyramid, all three of Plaintiffs' RICO claims would be barred under 18 U.S.C. §1964(c).   Therefore, the Distributor Defendants incorporate by reference and concur in this argument as if same were set forth word for word herein.

> **2.      Plaintiffs have failed to plead plausible, factual allegations demonstrating that any of the distributor defendants committed a single act of "racketeering activity", much less a "pattern" of such acts.**

Section 1962(c) of RICO provides that "it shall be unlawful for any person employed by or associated with any enterprise . . . to conduct. . . such enterprise's affairs through a pattern of racketeering activity . . ."  18 U.S.C. §1962(c) (1999). A complaint asserting a RICO claim must allege the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.   *Sedima, SPRL v. Imrex Co.,* 473 U.S. 479, 496, 87 L. Ed. 2d 346, 105 S. Ct. 3275 (1985); *Eby v. Producers Co-op, Inc.,* 959 F. Supp. 428, 432 (W.D. Mich. 1997).  In order to establish a pattern of "racketeering activity", Plaintiffs must allege at least two predicate acts committed by each of the Distributor Defendants.  *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d  315, 322 (6th Cir. 1999) (quoting *Kenty v. Bank One, Columbus, N.A.,* 92 F.3d 384, 389 (6th Cir. 1996). "Racketeering activity" is defined in 18 U.S.C. §1961(1)(B) as including any act "indictable" under certain enumerated federal criminal statutes, including 18

U.S.C. §1343, which makes wire fraud a crime.  *Central Distributors of Beer, Inc. v. Conn*, 5 F.3d 181, 183 (6th Cir. 1993).

In this case, the predicate acts upon which Plaintiffs rely to establish racketeering activity by the Distributor Defendants are wire fraud, mail fraud and violations of the Hobbs Act.  Because Plaintiffs are alleging fraud to establish racketeering activity, the allegations regarding those predicate acts must be "stated with particularity".  Fed.R.Civ.P. 9(b).  Although the Sixth Circuit reads Rule 9(b)'s pleading requirement liberally, it still requires a plaintiff, "at a minimum, to allege the time, place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud".  *Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (quoting *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993)).  Allegations of fraudulent misrepresentations "must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id*.  "Courts have repeatedly held in RICO cases alleging mail fraud and wire fraud as the 'predicate acts,' the underlying fraudulent activities must be pled with particularity".  *Eby*, 959 F.Supp. at 431 (quoting *Berent v. Kemper Corp.,* 780 F.Supp. 431, 448 (E.D. Mich. 1991).  *See also Kenty*, 92 F.3d at 389-90 (requiring

that predicate act of mail fraud in RICO claim be alleged with particularity).  As

one court has noted:

> Courts have been particularly sensitive to *FED.R.CIV.P.*
> 9(b)'s pleading requirements in RICO cases in which the
> "predicate acts" are mail fraud and wire fraud, and have
> further required specific allegations as to *which*
> defendant caused *what* to be mailed (or made which
> telephone calls), and *when* and *how* each mailing (or
> telephone call) furthered the fraudulent scheme.

*Gotham Print, Inc. v. American Speedy Printing Centers, Inc.,* 863 F.Supp. 447,

458 (E.D. Mich. 1994) (emphasis in original).

Mail fraud and wire fraud are proven by showing a scheme or artifice to

defraud combined with either a mailing or an electronic communication for the

purpose of executing the scheme.  *VanDenBroeck v. Commonpoint Mortgage Co.*,

210 F.3d 696, 701-02 (6th Cir. 2000).  Fraud connected with mail or wire fraud

must involve misrepresentations or omissions flowing from the defendants to the

plaintiffs.  *Central Distributors of Beer,* 5 F.3d at 184.

Plaintiffs must, at a bare minimum, allege that each member of the

Distributor Defendants made a misrepresentation of fact and show an element of

scienter.  *Ponte v. Chase Bank USA, N.A.,*, 2013 U.S. Dist. LEXIS 155044 (E.D.

Mich., October 8, 2013).  To establish a scheme to defraud, there must be proof of

misrepresentations or omissions which were reasonably calculated to deceive

persons of ordinary prudence and comprehension.  *Blount v. Financial Services, Inc.*, 819 F.2d 151, 153 (6th Cir. 1987).

Plaintiffs' Complaint completely fails to comply with Fed.R.Civ.P. 9(b). Nowhere in the Complaint do Plaintiffs identify (1) the alleged misrepresentation (2) made by which member of the Distributor Defendants (3) how it was communicated to each of the Plaintiffs and (4) when it was communicated. Instead, Plaintiffs improperly rely on general allegations, lumping all members of the Distributor Defendants together.  Paragraph 169 is an example:

> Mail fraud occurs when an individual devises a plot to defraud and subsequently uses the mail in furtherance of it. 18 U.S.C. § 1341. **The defendants** have transmitted, caused to be transmitted or invited others to transmit material, by mail or private or commercial carriers, such as UPS, for the purpose of executing their scheme or artifice to defraud in violation of RICO. Likewise, **they have distributed** the by UPS (mail) to many individuals literally hundreds of thousands or millions of pieces of promotional literature, statements, checks, and other mailings all between 2005 and the present. Without limitation, each statement sent monthly to a distributor is a mailing and an act of mail fraud, and each promotional literature sent by U.S. Mail is a mailing and an act of mail fraud.  (Emphasis added).

Plaintiffs fail to identify which members of the Distributor Defendants (or the ViSalus Defendants) transmitted material.  They fail to identify the actual material and the alleged misrepresentation contained therein.  They also fail to show why

each monthly statement or piece of promotional literature is fraudulent and which members of the Distributor Defendants are responsible for the mailings.

Nor do the remaining allegations satisfy the specificity requirements of Rule 9(b).   Although Plaintiffs allege that **each** Defendant acted with the intent to defraud, Plaintiffs fail to state facts to establish the element of **scienter**. (Complaint, ¶¶170-171).   Instead, Plaintiffs rely on the unsupported conclusion that ViSalus is an illegal pyramid, and that, therefore, every act done by any Defendant on behalf of ViSalus must be fraudulent.   As set forth in the motion and brief of the ViSalus Defendants, there must be **facts** pled to support the conclusion that ViSalus is an illegal pyramid, and not a legitimate MLM.   Merely labeling ViSalus as an illegal pyramid does not render every communication or mailing from the Distributor Defendants fraudulent.   Nowhere in paragraphs 169 through 171 do Plaintiffs identify a single misrepresentation or omission of fact.

Furthermore, Plaintiffs' Complaint does not differentiate between multiple groups of Defendants.   In paragraphs 169 through 171, Plaintiffs refer to the acts of mail and wire fraud as being carried out by "the Defendants" without any attempt to distinguish them from each other.   This is an insufficient pleading under Rule 9(b).   *Paycom Billing Services, Inc. v. Payment Resources International,* 212 F.Supp. 2d, 732, 737-738 (W.D. Mich. 2002).

The inclusion of Defendant Fragmob, LLC with the other Defendants presents the clearest example of the Complaint's deficiencies in this regard.  As set forth in paragraph 41 of the Complaint, Fragmob developed a mobile phone application for ViSalus.  It is a vendor.  It is not an owner of ViSalus nor does it promote or distribute ViSalus products.  It happens to be owned by some of the principals of ViSalus, which is why Plaintiffs have named it as a Defendant.

Nevertheless, Fragmob is included as one of the Defendants in every paragraph that refers to a pattern of racketeering activity.  Paragraphs 167 through 177 do not even attempt to distinguish Fragmob from the owners, directors, managers and distributors of ViSalus.  Fragmob is accused of mail fraud and wire fraud without a single factual allegation to support the charge.  In paragraph 163, Plaintiffs admit that Fragmob's only involvement in ViSalus is the creation of the mobile application.  That does not constitute a "pattern of racketeering activity".

And while the inclusion of Fragmob (as well as the other vendor, Defendant iCentris) is the most glaring example of this deficiency, it is equally applicable to every other Defendant.  By lumping all of the Defendants together, and failing to distinguish or identify what each Defendant allegedly did as a predicate act, Plaintiffs have violated Rule 9(b) and the Complaint therefore fails to state a claim.

In addition, to establish a substantive RICO violation, a plaintiff must show "a pattern of racketeering activity".  18 U.S.C. §1962(c).  A pattern of racketeering

{00971281.DOC}

10

activity requires, at a minimum, two acts of racketeering activity within ten years of each other.  18 U.S.C. §1961(5).  While the statute defines the minimum number of acts necessary to establish a pattern of racketeering activity, the Supreme Court has held that the minimum two acts are not necessarily sufficient.  In order to show a "pattern" of racketeering activity, a plaintiff must show "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity".  *H. J. Inc. v. Nw.Bell Tel. Co.,* 492 U.S. 229, 237-39, 109 S.Ct. 2893, 106 L. Ed. 2d 195 (1989);  *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 409 (6th Cir. 2012).

Not only have Plaintiffs failed to sufficiently plead acts of mail and wire fraud with the required particularity, they have failed to establish the requirement of a "pattern".  The allegations of mail and wire fraud are contained in paragraphs 169 through 171 of the Complaint.  Plaintiffs fail to sufficiently identify even one act of fraud with respect to each of the Distributor Defendants, let alone two.

As previously noted, paragraph 169 alleges that **all** of the Defendants sent out "promotional literature, statements, checks and other mailings all between 2005 and the present".  This allegation is insufficient to show a pattern of racketeering activity because it fails to identify who, what and when.  Two specific acts of mail fraud are simply not pled in this paragraph.  The same deficiency exists for the wire fraud allegations in paragraph 170.  All Defendants are alleged

to have participated in all of the transmissions.  There are 24 separate Distributor Defendants.  Plaintiff is required to identify with particularity at least two acts of fraud for each of them.  Plaintiffs have failed to do so, and therefore, the requirement of alleging a "pattern" has not been met.

Even if the Court were to consider the allegations of false statements and omissions of fact set forth in paragraphs 176 and 177, Plaintiffs have again failed to identify which of the 24 Distributor Defendants made the alleged statements and when.  Nor can the Court assume that because the statements are used to promote ViSalus, they are per se actionable.  If ViSalus is a legitimate MLM, then there is nothing false or fraudulent about the statements in these paragraphs.  Plaintiffs cannot bootstrap themselves into a RICO claim by labeling ViSalus an illegal pyramid when its operation is also consistent with a legitimate MLM.

Nor can Plaintiffs satisfy the requirements of RICO through their allegations of Hobbs Act violations.  A plaintiff claiming a Hobbs Act violation of extortion as a predicate act in a civil RICO claim must establish that the defendant "obstruct[ed], delay[ed], or affect[ed] commerce or the movement of any article or commodity in commerce, by . . . extortion or attempt[ed] or conspire[ed] so to do, or commit[ed] or threaten[ed] physical violence to any person or property in furtherance of a plan or purpose to do [so]".  18 U.S.C. § 1951(a).  Extortion is defined as "the obtaining of property from another, with his consent, induced by

wrongful use of actual or threatened force, violence, or fear, or under color of official right". 18 U.S.C. 1951(b)(2). *Heinrich*, *id*.

Plaintiffs do not allege a single act of extortion by any of the Defendants in their Complaint. The only allegation in support of their Hobbs Act claim, the alleged theft of documents from former ViSalus distributors, does not rise to the level of a Hobbs Act violation as defined in *Heinrich* (Complaint, par. 173).

Because Plaintiffs fail to specifically identify the predicate acts of mail fraud and wire fraud, it is impossible to determine if these acts were the proximate cause of Plaintiffs' injuries. This is a requirement under RICO. Plaintiffs must show not only that the predicate act was a "but for" cause of Plaintiffs' injuries, but also that it was a proximate cause. *Heinrich, id* at 405.

Plaintiffs fail to show how any of the Distributor Defendants caused Plaintiffs to enroll in ViSalus, and then, how the alleged mail and wire fraud caused the specific losses. And in the case of Fragmob, there is absolutely no connection whatsoever between the development of a mobile application for ViSalus and the losses suffered by Plaintiffs. Plaintiffs have not adequately pled that the activities of the Distributor Defendants were the proximate cause of Plaintiffs' losses.

Finally, with regard to the Distributor Defendants, the Complaint fails to sufficiently allege that **each** member "conducted" a RICO enterprise. RICO

applies only to a defendant who is "employed by or associated with" an "enterprise" and "conducts or participates, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity". 18 U.S.C. §1962(c). In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs", one must have some part in directing those affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 179, 122 L. Ed. 2d 525, 113 S. Ct. 1163 (1993). RICO liability is not limited to those with primary responsibility for the enterprise's affairs. *Id*. However, "one is not liable under that provision unless one has participated in the operation or management of the enterprise itself". *Paycom, supra* at 739.

Plaintiffs' allegation in paragraph 165 of its Complaint says only:

> Each of the defendants conducted, or participated directly or indirectly, in the conduct of such enterprise's affairs.

This allegation is insufficient because Plaintiffs allege no facts to show that any member of the Distributor Defendants has participated in the operation or management of ViSalus.

The two Ropart Asset Management Fund entities were shareholders in ViSalus during part of the time period in controversy. However, there are no facts alleged to show that either entity made any business decisions for ViSalus or participated in the management of ViSalus in any way (Complaint, paragraphs 13-14; 155).

All of the individual promoters and distributors and their wholly owned entities are alleged to have participated in the operation of ViSalus.  However, there is not a single fact alleged to show that any of them made any business decisions or managed the affairs of ViSalus (Complaint, paragraphs 21-31; 34-38). This is also true of Defendant Sarnicola, who is alleged to have been a founder and employee of ViSalus.  Yet, the Complaint provides no facts at all to show that he was an officer or decision maker  during his employ (Complaint, par. 18).  And as previously stated, Fragmob was a vendor to ViSalus.  There are no facts to show that Fragmob conducted the affairs of ViSalus, even indirectly. (Complaint, par. 41).

For these reasons, the Plaintiffs have failed to plead any plausible, factual allegations that demonstrate that the Distributor Defendants committed any act of "racketeering activity", much less a "pattern" of such acts.

### 3.     Plaintiffs have failed to plead an actionable claim for relief under RICO section 1962(a).

The Distributor Defendants incorporate by reference and adopt the argument raised by the ViSalus Defendants that Plaintiffs have failed to allege any injury to their business or property proximately caused by the investment or use of income derived from the alleged predicate acts of fraud and extortion in the operation of an enterprise under 18 U.S.C. §1962(a).  This argument applies equally to the Distributor Defendants.

{00971281.DOC}

**4.      Plaintiffs have failed to plead an actionable claim for RICO conspiracy under section 1962(d).**

Since the Plaintiffs have failed to adequately plead a claim under section 1962(a) or (c), their RICO conspiracy claims fails as a matter of law.   The Distributor Defendants incorporate by reference and adopt the argument raised by the ViSalus Defendants to dismiss the conspiracy claim.

**C.      Plaintiffs Have Not Pled Facts Demonstrating Plausibly That The Distributor Defendants Violated Michigan Law (Counts IV-IX).**

In addition to their RICO claims, Plaintiffs have attempted to assert several state law claims.  Each claim applies equally to the ViSalus Defendants and the Distributor Defendants.    The ViSalus Defendants have raised substantive arguments demonstrating why Plaintiffs have failed to state state law claims arising out of the conduct of **all** of the Defendants herein.   Therefore, the Distributor Defendants incorporate by reference and adopt the arguments of the ViSalus Defendants as to the state law claims, and to the extent that this Court determines that any or all of the state law claims should be dismissed, the Distributor Defendants request that they be dismissed as to them as well.

**SEYBURN KAHN, P.C.**

/s/ Barry M. Rosenbaum (P26487)
Barry M. Rosenbaum  (P26487)
Gregory M. Krause (P67142)
2000 Town Center, Suite 1500
Southfield, MI  48075
Tel.: 248-351-3587
Fax:  248-353-3727
E-Mail: brosenbaum@seyburn.com
*Attorneys for Defendants Ropart Asset
Management Fund, LLC, Ropart Asset
Management Fund II, LLC, Fragmob, LLC,
Mojos Legacy, LLC, Freedom Legacy, LLC,
Wealth Builder International, Inc., Residual
Marketing, Inc., Jaketrz, Inc., Nick
Sarnicola, Frank Varon, Kyle Pacetti, Jr.,
Jake Trzcinski, Michael Craig, Lavon Craig,
Timothy Kirkland, Holley Kirkland, Joshua
Jackson, Aaron Fortner, Rachel Jackson,
Tara Wilson, Anthony Lucero, Rhonda
Lucero, Jason O'Toole and Lori Petrilli*
Dated:  October 27, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

**SEYBURN KAHN, P.C.**

/s/ Barry M. Rosenbaum (P26487)
Barry M. Rosenbaum  (P26487)

{00971281.DOC}

17