# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

## MICHAEL CRAIG'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Michael Craig, by and through his attorneys, Seyburn Kahn, P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the reasons stated below. Similarly, the use of the following objections in response to a specific Discovery Request incorporates by reference the definition of the terms, as explained below:

1.    The Discovery Requests are unduly burdensome, harassing, oppressive, unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and the burden or expense of the proposed discovery compared to its likely benefit.

{01173689.DOC }

1

2.      The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.      The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.      The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in his Responses to the Discovery Requests.

5.      The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules. (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.      Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.      Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.      Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

{01173689.DOC }

9.     Defendant objects the requests therein that assume the existence of the documents requested. Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.     Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.     Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects. For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control. The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.     Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation. The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints. In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.     Defendant objects to the Discovery Requests as being overly broad and unduly burdensome. For example, the Discovery Requests would require Defendant to produce certain

{01173689.DOC }

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced. The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients. In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.     Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to: (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

## DISCOVERY REQUESTS

1.     Your Independent Promoter application and contract.

**RESPONSE:**

Defendant does not have.

2.     In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

{01173689.DOC }

**RESPONSE:**

Defendant is unable to access this information from his Back Office.

3.     All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

Already produced as part of Lavon Craig's response to subpoena.

4.     All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

5.     All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

Defendant does not have.

6.     All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

7.     All training materials provided to you by ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.  ViSalus may have.

{01173689.DOC }

5

8.     All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

**RESPONSE:**

Defendant does not have.

9.     All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections. ViSalus may have.

10.     All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections. ViSalus may have.

11.     All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

12.     All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

Defendant does not have.

13.     All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Defendant does not have.

{01173689.DOC }

6

14.    All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

**RESPONSE:**

Any such document can be obtained from www.mikecraigonline.com.

15.    All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant does not have.

16.    All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

17.    All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

18.    The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

Defendant does not have.

19.    The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

See response to #2.

{01173689.DOC }

7

20.     The documents that disclose or discuss your personal purchases of ViSalus product.

**RESPONSE:**

See response to #2.

21.     All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

These were produced in response to the Lavon Craig subpoena.

22.     All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant does not have.

23.     Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant does not have.  ViSalus may have.

24.     The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

These were produced in response to the Lavon Craig subpoena.

25.     All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

{01173689.DOC }

8

26.     All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

27.     All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Defendant does not have.

28.     All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Defendant does not have.

29.     All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.  ViSalus may have.

30.     All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

See www.mikecraigonline.com

31.     All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

32.     All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

{01173689.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

33.     All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the United States or outside the United States, in which you deposited, funded, passed through, or otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

These documents were produced in response to the Lavon Craig subpoena.

34.     All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

Defendant does not have.

35.     Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

Already produced as part of Lavon Craig's response to subpoena.

36.     All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

37.     All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

{01173689.DOC }

38.     All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

39.     All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

40.     All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

41.     All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

42.     All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

43.     All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

{01173689.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

44.     All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

45.     All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

46.     All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

## DOCUMENTS AND THINGS TO BE INSPECTED

1.     Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

{01173689.DOC }

12

As to objections only,

**SEYBURN KAHN, P.C.**

By: _____
Barry M. Rosenbaum (P26487)
Attorneys for Michael Craig
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated: June 27, 2016

## CERTIFICATION OF SERVICE

Nanette Hall, hereby certifies that she did serve the following document(s) in the manner specified below:

|  |  |
|---|---|
| **DOCUMENTS:** | Michael Craig's Objections and Responses to Plaintiffs' First Set of Requests to Produce and supporting documents bates-numbered MCRAIG000001 to MCRAIG |
| **DATE SERVED:** | June 27, 2016 |
| **PERSON(S) SERVED:** | Andrew Kochanowski, Esq. Sarah L. Rickard, Esq. Sommers Schwartz, P.C. One Towne Square, Suite 1700 Southfield, MI 48076 |
|  | Matthew J.M. Prebeg, Esq. Brent T. Caldwell, Esq. Prebeg, Faucett & Abbott, PLLC 8441 Gulf Freeway, Suite 307 Houston, TX 77017 |
|  | Edward A. Wallace, Esq. Wexler Wallace LLP 55 W. Monroe Street, Suite 3300 Chicago, IL 60603 |

{01173689.DOC }

13

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**       First Class Mail

Nanette Hall

{01173689.DOC }

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

## AARON FORTNER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Aaron Fortner, by and through his attorneys, Seyburn Kahn, P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the reasons stated below. Similarly, the use of the following objections in response to a specific Discovery Request incorporates by reference the definition of the terms, as explained below:

1.    The Discovery Requests are unduly burdensome, harassing, oppressive, unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and the burden or expense of the proposed discovery compared to its likely benefit.

{01174154.DOC }

1

2.     The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.     The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.     The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in his Responses to the Discovery Requests.

5.     The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules.  (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.     Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.     Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.     Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

{01174154.DOC }

2

9.      Defendant objects the requests therein that assume the existence of the documents requested. Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.     Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.     Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects. For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control. The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.     Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation. The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints. In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.     Defendant objects to the Discovery Requests as being overly broad and unduly burdensome. For example, the Discovery Requests would require Defendant to produce certain

{01174154.DOC }

3

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced. The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients. In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.    Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to: (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

## DISCOVERY REQUESTS

1.    Your Independent Promoter application and contract.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

2.    In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

{01174154.DOC }

4

**RESPONSE:**

 Defendant will attempt to locate any responsive documents.

 3. All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

 Defendant will attempt to locate any responsive documents.

 4. All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

 Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

 5. All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

 Defendant does not have any.

 6. All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

 Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

 7. All training materials provided to you by ViSalus.

**RESPONSE:**

 Defendant will attempt to locate any responsive documents.

 8. All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

{01174154.DOC }

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

9.    All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

10.    All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

11.    All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

12.    All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

13.    All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

14.    All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in  your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

**RESPONSE:**

{01174154.DOC }

6

Defendant will attempt to locate any responsive documents.

15.     All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

16.     All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

17.     All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

18.     The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

19.     The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

20.     The documents that disclose or discuss your personal purchases of ViSalus product.

**RESPONSE:**

{01174154.DOC }

Defendant will attempt to locate any responsive documents.

21.    All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

22.    All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

23.    Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

24.    The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

25.    All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

26.    All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

**RESPONSE:**

{01174154.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

    27.    All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    28.    All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    29.    All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    30.    All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    31.    All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    32.    All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

    33.    All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the

{01174154.DOC }

9

United States or outside the United States, in which you deposited, funded, passed through, or otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

34.     All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

35.     Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

36.     All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

37.     All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

38.     All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

{01174154.DOC }

39.     All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

40.     All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

41. All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

42.     All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

43.     All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

44.     All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

**RESPONSE:**

{01174154.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

45.     All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

46.     All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

## DOCUMENTS AND THINGS TO BE INSPECTED

1.     Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

{01174154.DOC }

12

Respectfully submitted,

**SEYBURN KAHN, P.C.**

By: _____

Barry M. Rosenbaum (P26487)
Attorneys for Aaron Fortner
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated:  June 27, 2016

## CERTIFICATION OF SERVICE

Nanette Hall, hereby certifies that she did serve the following document(s) in the manner

specified below:

|  |  |
|---|---|
| **DOCUMENTS:** | Aaron Fortner's Objections and Responses to Plaintiffs' First Set of Requests to Produce and supporting documents bates-numbered AFORTNER000001 to AFORTNER |
| **DATE SERVED:** | June 27, 2016 |
| **PERSON(S) SERVED:** | Andrew Kochanowski, Esq. Sarah L. Rickard, Esq. Sommers Schwartz, P.C. One Towne Square, Suite 1700 Southfield, MI 48076 |
|  | Matthew J.M. Prebeg, Esq. Brent T. Caldwell, Esq. Prebeg, Faucett & Abbott, PLLC 8441 Gulf Freeway, Suite 307 Houston, TX 77017 |
|  | Edward A. Wallace, Esq. Wexler Wallace LLP 55 W. Monroe Street, Suite 3300 Chicago, IL 60603 |

{01174154.DOC }

13

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**          First Class Mail

_Nanette Hall_
Nanette Hall

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

## RACHEL JACKSON'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Rachel Jackson, by and through her attorneys, Seyburn

Kahn, P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the

reasons stated below.  Similarly, the use of the following objections in response to a specific

Discovery Request incorporates by reference the definition of the terms, as explained below:

1.      The Discovery Requests are unduly burdensome, harassing, oppressive,

unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are

not proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of discovery in resolving the issues, and the burden or expense of the

proposed discovery compared to its likely benefit.

{01173703.DOC }

1

2.     The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.     The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.     The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in her Responses to the Discovery Requests.

5.     The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules.  (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.     Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.     Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.     Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

{01173703.DOC }

9.     Defendant objects the requests therein that assume the existence of the documents requested.  Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.    Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.    Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects.  For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control.  The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.    Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation.   The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints.  In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.    Defendant objects to the Discovery Requests as being overly broad and unduly burdensome.  For example, the Discovery Requests would require Defendant to produce certain

{01173703.DOC }

3

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced. The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients. In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.    Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to: (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

## DISCOVERY REQUESTS

1.    Your Independent Promoter application and contract.

**RESPONSE:**

Defendant does not have.

2.      In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

**RESPONSE:**

Defendant resigned from ViSalus and has no access to her Back Office.

3.      All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

These documents will be produced at a mutually convenient place and time.

4.      All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

5.      All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

6.      All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

7.      All training materials provided to you by ViSalus.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

{01173703.DOC }

8.    All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

9.    All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

Defendant does not have.   ViSalus may have.

10.    All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

Defendant does not have.   ViSalus may have.

11.    All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

12.    All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

13.    All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Defendant does not have.

14.    All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

{01173703.DOC }

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

15.    All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

16.    All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

17.    All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

18.    The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

Defendant resigned from ViSalus and has no access to her Back Office.

19.    The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

Defendant resigned from ViSalus and has no access to her Back Office.

{01173703.DOC }

20.     The documents that disclose or discuss your personal purchases of ViSalus product.

**RESPONSE:**

Defendant resigned from ViSalus and has no access to her Back Office.

21.     All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

22.     All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

23.     Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant does not have.  ViSalus may have.

24.     The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

Defendant does not have.

25.     All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

26.     All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

{01173703.DOC }

8

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

27.   All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

28.   All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.  ViSalus may have.

29.   All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.  ViSalus may have.

30.   All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.  ViSalus may have.

31.   All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

32.   All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

{01173703.DOC }

9

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

33.    All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the United States or outside the United States, in which you deposited, funded, passed through, or otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

These documents will be produced at a mutually convenient place and time.

34.    All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

Defendant does not have.

35.    Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

These documents will be produced at a mutually convenient place and time.

36.    All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

37.    All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

38.    All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

{01173703.DOC }

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

39.    All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

40.    All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

41. All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

42.    All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

43.    All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

{01173703.DOC }

11

44.     All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

45.     All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

46.     All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

## DOCUMENTS AND THINGS TO BE INSPECTED

1.     Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

{01173703.DOC }

Respectfully submitted,

**SEYBURN KAHN, P.C.**

By: _____

Barry M. Rosenbaum (P26487)
Attorneys for Rachel Jackson
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated:  June 27, 2016

## CERTIFICATION OF SERVICE

Nanette Hall, hereby certifies that she did serve the following document(s) in the manner specified below:

**DOCUMENTS:**             Rachel Jackson's Objections and
                           Responses to Plaintiffs' First Set of
                           Requests to Produce and supporting
                           documents bates-numbered
                           RJACKSON000001 to RJACKSON

**DATE SERVED:**           June 27, 2016

**PERSON(S) SERVED:**      Andrew Kochanowski, Esq.
                           Sarah L. Rickard, Esq.
                           Sommers Schwartz, P.C.
                           One Towne Square, Suite 1700
                           Southfield, MI 48076

                           Matthew J.M. Prebeg, Esq.
                           Brent T. Caldwell, Esq.
                           Prebeg, Faucett & Abbott, PLLC
                           8441 Gulf Freeway, Suite 307
                           Houston, TX 77017

                           Edward A. Wallace, Esq.
                           Wexler Wallace LLP
                           55 W. Monroe Street, Suite 3300
                           Chicago, IL 60603

{01173703.DOC }

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**          First Class Mail


_____
Nanette Hall

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

### HOLLEY KIRKLAND'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Holley Kirkland, by and through her attorneys, Seyburn Kahn, P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the reasons stated below. Similarly, the use of the following objections in response to a specific Discovery Request incorporates by reference the definition of the terms, as explained below:

1.    The Discovery Requests are unduly burdensome, harassing, oppressive, unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and the burden or expense of the proposed discovery compared to its likely benefit.

{01174158.DOC }

1

2.     The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.     The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.     The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in her Responses to the Discovery Requests.

5.     The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules.  (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.     Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.     Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.     Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

{01174158.DOC }

9.      Defendant objects the requests therein that assume the existence of the documents requested.  Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.     Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.     Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects.  For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control.  The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.     Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation.   The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints.  In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.     Defendant objects to the Discovery Requests as being overly broad and unduly burdensome.  For example, the Discovery Requests would require Defendant to produce certain

{01174158.DOC }

3

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced. The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients. In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.    Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to: (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

Defendants Timothy and Holley Kirkland recently moved to a new home which is being renovated. Most of their records are in storage or have yet to be unpacked. Much of their ViSalus documentation was discarded prior to the move. Defendant will supplement her responses if responsive documents are discovered in the coming weeks.

{01174158.DOC }

4

## DISCOVERY REQUESTS

1.      Your Independent Promoter application and contract.

**RESPONSE:**

Defendant does not have.

2.      In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

3.      All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

Defendant cannot access at this time.

4.      All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

5.      All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

Not applicable.

6.      All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

{01174158.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

    7.    All training materials provided to you by ViSalus.

**RESPONSE:**

Defendant does not have. ViSalus may have.

    8.    All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

**RESPONSE:**

Defendant cannot access at this time.

    9.    All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

Defendant does not have. ViSalus may have.

    10.    All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

Defendant does not have. ViSalus may have.

    11.    All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

    12.    All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

Defendant cannot access at this time.

{01174158.DOC }

6

13.     All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Defendant cannot access at this time.

14.     All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

**RESPONSE:**

Defendant cannot access at this time.

15.     All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant cannot access at this time.  ViSalus may have.

16.     All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

17.     All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

18.     The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

{01174158.DOC }

7

19.    The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

20.    The documents that disclose or discuss your personal purchases of ViSalus product.

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

21.    All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

Defendant cannot access at this time.  ViSalus may have.

22.    All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

23.    Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

24.    The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

{01174158.DOC }

25.     All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

26.     All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

27.     All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Not applicable.

28.     All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Not applicable.

29.     All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Not applicable.

30.     All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant cannot access at this time.

31.     All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

{01174158.DOC }

9

Defendant does not have.  ViSalus may have.

32.    All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

33.    All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the United States or outside the United States, in which you deposited, funded, passed through, or otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

Defendant cannot access at this time.

34.    All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

Not applicable.

35.    Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

Defendant cannot access at this time.

36.    All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

37.    All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

{01174158.DOC }

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

38.   All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

39.   All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

40.   All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

41. All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

42.   All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

{01174158.DOC }

43.     All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

44.     All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

45.     All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

46.     All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

## DOCUMENTS AND THINGS TO BE INSPECTED

1.     Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

{01174158.DOC }

12

Respectfully submitted,

**SEYBURN KAHN, P.C.**

By: _____
Barry M. Rosenbaum (P26487)
Attorneys for Holley Kirkland
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated: June 27, 2016

## CERTIFICATION OF SERVICE

Nanette Hall, hereby certifies that she did serve the following document(s) in the manner specified below:

**DOCUMENTS:**          Holley Kirkland's Objections and
                        Responses to Plaintiffs' First Set of
                        Requests to Produce and supporting
                        documents bates-numbered
                        HKIRKLAND000001 to HKIRKLAND

**DATE SERVED:**         June 27, 2016

**PERSON(S) SERVED:**    Andrew Kochanowski, Esq.
                        Sarah L. Rickard, Esq.
                        Sommers Schwartz, P.C.
                        One Towne Square, Suite 1700
                        Southfield, MI 48076

                        Matthew J.M. Prebeg, Esq.
                        Brent T. Caldwell, Esq.
                        Prebeg, Faucett & Abbott, PLLC
                        8441 Gulf Freeway, Suite 307
                        Houston, TX 77017

                        Edward A. Wallace, Esq.
                        Wexler Wallace LLP
                        55 W. Monroe Street, Suite 3300
                        Chicago, IL 60603

{01174158.DOC }

13

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**          First Class Mail


_____
Nanette Hall

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

## TIMOTHY KIRKLAND'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Timothy Kirkland, by and through his attorneys, Seyburn

Kahn, P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the

reasons stated below. Similarly, the use of the following objections in response to a specific

Discovery Request incorporates by reference the definition of the terms, as explained below:

    1. The Discovery Requests are unduly burdensome, harassing, oppressive,

unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are

not proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of discovery in resolving the issues, and the burden or expense of the

proposed discovery compared to its likely benefit.

{01174153.DOC }

1

2.      The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.      The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.      The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in his Responses to the Discovery Requests.

5.      The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules.  (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.      Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.      Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.      Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

{01174153.DOC }

9.    Defendant objects the requests therein that assume the existence of the documents requested. Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.    Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.    Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects. For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control. The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.    Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation. The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints. In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.    Defendant objects to the Discovery Requests as being overly broad and unduly burdensome. For example, the Discovery Requests would require Defendant to produce certain

{01174153.DOC }

3

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced. The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients. In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.     Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to: (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

Defendants Timothy and Holley Kirkland recently moved to a new home which is being renovated. Most of their records are in storage or have yet to be unpacked. Much of their ViSalus documentation was discarded prior to the move. Defendant will supplement his responses if responsive documents are discovered in the coming weeks.

{01174153.DOC }

4

## DISCOVERY REQUESTS

1.      Your Independent Promoter application and contract.

**RESPONSE:**

Defendant does not  have.

2.      In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

3.      All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

Defendant cannot access at this time.

4.      All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

5.      All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

Not applicable.

6.      All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

{01174153.DOC }

5

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

  7.  All training materials provided to you by ViSalus.

**RESPONSE:**

  Defendant does not have.  ViSalus may have.

  8.  All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

**RESPONSE:**

  Defendant cannot access at this time.

  9.  All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

  Defendant does not have.  ViSalus may have.

  10.  All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

  Defendant does not have.  ViSalus may have.

  11.  All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

  Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

  12.  All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

  Defendant cannot access at this time.

{01174153.DOC }

13.    All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Defendant cannot access at this time.

14.    All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

**RESPONSE:**

Defendant cannot access at this time.

15.    All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant cannot access at this time.  ViSalus may have.

16.    All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

17.    All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

18.    The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

{01174153.DOC }

19.     The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

20.     The documents that disclose or discuss your personal purchases of ViSalus product.

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

21.     All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

Defendant cannot access at this time.  ViSalus may have.

22.     All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

23.     Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

24.     The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

{01174153.DOC }

25.     All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Defendant cannot access at this time. ViSalus may have.

26.     All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

27.     All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Not applicable.

28.     All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Not applicable.

29.     All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Not applicable.

30.     All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant cannot access at this time.

31.     All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

{01174153.DOC }

9

Defendant does not have.  ViSalus may have.

32.     All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

33.     All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the United States or outside the United States, in which you deposited, funded, passed through, or otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

Defendant cannot access at this time.

34.     All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

Not applicable.

35.     Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

Defendant cannot access at this time.

36.     All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

37.     All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

{01174153.DOC }

10

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

38.    All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

39.    All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

40.    All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

41. All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

42.    All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

{01174153.DOC }

43.     All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

44.     All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

45.     All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

46.     All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

### DOCUMENTS AND THINGS TO BE INSPECTED

1.     Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

{01174153.DOC }

Respectfully submitted,

**SEYBURN KAHN, P.C.**

By: _____
Barry M. Rosenbaum (P26487)
Attorneys for Timothy Kirkland
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated:  June 27, 2016

## CERTIFICATION OF SERVICE

Kim Finzel, hereby certifies that she did serve the following document(s) in the manner

specified below:

| | |
|---|---|
| **DOCUMENTS:** | Timothy Kirkland's Objections and Responses to Plaintiffs' First Set of Requests to Produce and supporting documents bates-numbered TKIRKLAND000001 to TKIRKLAND |
| **DATE SERVED:** | June 27, 2016 |
| **PERSON(S) SERVED:** | Andrew Kochanowski, Esq. Sarah L. Rickard, Esq. Sommers Schwartz, P.C. One Towne Square, Suite 1700 Southfield, MI 48076 |
| | Matthew J.M. Prebeg, Esq. Brent T. Caldwell, Esq. Prebeg, Faucett & Abbott, PLLC 8441 Gulf Freeway, Suite 307 Houston, TX 77017 |
| | Edward A. Wallace, Esq. Wexler Wallace LLP 55 W. Monroe Street, Suite 3300 |

{01174153.DOC }

13

Chicago, IL 60603

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**          First Class Mail


Kim Finzel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

### JASON O'TOOLE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Jason O'Toole, by and through his attorneys, Seyburn Kahn, P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the reasons stated below.  Similarly, the use of the following objections in response to a specific Discovery Request incorporates by reference the definition of the terms, as explained below:

1.    The Discovery Requests are unduly burdensome, harassing, oppressive, unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and the burden or expense of the proposed discovery compared to its likely benefit.

{01174156.DOC }

1

2.     The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.     The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.     The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in his Responses to the Discovery Requests.

5.     The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules. (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.     Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.     Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.     Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

{01174156.DOC }

2

9.      Defendant objects the requests therein that assume the existence of the documents requested.  Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.      Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.      Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects.  For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control.  The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.      Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation.   The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints.  In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.      Defendant objects to the Discovery Requests as being overly broad and unduly burdensome.  For example, the Discovery Requests would require Defendant to produce certain

{01174156.DOC }

3

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced. The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients. In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.     Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to: (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

## DISCOVERY REQUESTS

1.     Your Independent Promoter application and contract.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

2.     In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

{01174156.DOC }

4

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

3.     All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

4.     All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

5.     All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

Defendant does not have any.

6.     All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

7.     All training materials provided to you by ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

8.     All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

{01174156.DOC }

5

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

9.      All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

10.     All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

11.     All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

12.     All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

13.     All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

14.     All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

**RESPONSE:**

{01174156.DOC }

Defendant will attempt to locate any responsive documents.

15.    All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

16.    All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

17.    All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

18.    The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

19.    The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

20.    The documents that disclose or discuss your personal purchases of ViSalus product.

**RESPONSE:**

{01174156.DOC }

7

Defendant will attempt to locate any responsive documents.

21.     All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

22.     All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

23.     Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

24.     The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

25.     All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

26.     All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

**RESPONSE:**

{01174156.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

27.     All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

28.     All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

29.     All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

30.     All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

31.     All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

32.     All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

33.     All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the

{01174156.DOC }

9

United States or outside the United States, in which you deposited, funded, passed through, or otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

34. All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

35. Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

36. All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

37. All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

38. All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

{01174156.DOC }

39.    All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

40.    All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

41. All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

42.    All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

43.    All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

44.    All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

**RESPONSE:**

{01174156.DOC }

11

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

45.      All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

46.      All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

## DOCUMENTS AND THINGS TO BE INSPECTED

1.      Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

{01174156.DOC }

Respectfully submitted,

**SEYBURN KAHN, P.C.**

By: _____
Barry M. Rosenbaum (P26487)
Attorneys for Jason O'Toole
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated:  June 27, 2016

## CERTIFICATION OF SERVICE

Nanette Hall, hereby certifies that she did serve the following document(s) in the manner specified below:

| | |
|---|---|
| **DOCUMENTS:** | Jason O'Toole's Objections and Responses to Plaintiffs' First Set of Requests to Produce and supporting documents bates-numbered JOTOOLE000001 to JOTOOLE |
| **DATE SERVED:** | June 27, 2016 |
| **PERSON(S) SERVED:** | Andrew Kochanowski, Esq.<br>Sarah L. Rickard, Esq.<br>Sommers Schwartz, P.C.<br>One Towne Square, Suite 1700<br>Southfield, MI 48076 |
| | Matthew J.M. Prebeg, Esq.<br>Brent T. Caldwell, Esq.<br>Prebeg, Faucett & Abbott, PLLC<br>8441 Gulf Freeway, Suite 307<br>Houston, TX 77017 |
| | Edward A. Wallace, Esq.<br>Wexler Wallace LLP<br>55 W. Monroe Street, Suite 3300<br>Chicago, IL 60603 |

{01174156.DOC }

13

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**          First Class Mail

Nanette Hall

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

### KYLE PACETTI'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Kyle Pacetti, by and through his attorneys, Seyburn Kahn,

P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the

reasons stated below.  Similarly, the use of the following objections in response to a specific

Discovery Request incorporates by reference the definition of the terms, as explained below:

1.    The Discovery Requests are unduly burdensome, harassing, oppressive,

unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are

not proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of discovery in resolving the issues, and the burden or expense of the

proposed discovery compared to its likely benefit.

{01174152.DOC }

1

2.      The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.      The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.      The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in his Responses to the Discovery Requests.

5.      The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules.  (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.      Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.      Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.      Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

{01174152.DOC }

2

9.     Defendant objects the requests therein that assume the existence of the documents requested.  Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.     Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.     Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects.  For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control.  The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.     Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation.   The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints.  In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.     Defendant objects to the Discovery Requests as being overly broad and unduly burdensome.  For example, the Discovery Requests would require Defendant to produce certain

{01174152.DOC }

3

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced.  The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients.  In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.    Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to:  (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

## DISCOVERY REQUESTS

1.    Your Independent Promoter application and contract.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

2.    In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

{01174152.DOC }

4

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

3.      All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

4.      All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

5.      All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

Defendant does not have any.

6.      All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

7.      All training materials provided to you by ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

8.      All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

{01174152.DOC }

5

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

9.     All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

10.     All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

11.     All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

12.     All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

13.     All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

14.     All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

**RESPONSE:**

{01174152.DOC }

Defendant will attempt to locate any responsive documents.

15.     All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

16.     All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

17.     All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

18.     The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

19.     The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

20.     The documents that disclose or discuss your personal purchases of ViSalus product.

**RESPONSE:**

{01174152.DOC }

Defendant will attempt to locate any responsive documents.

21.     All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

22.     All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

23.     Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

24.     The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

25.     All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

26.     All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

**RESPONSE:**

{01174152.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

    27.    All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    28.    All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    29.    All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    30.    All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    31.    All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

    32.    All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

    33.    All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the

{01174152.DOC }

9

United States or outside the United States, in which you deposited, funded, passed through, or otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

   Defendant will attempt to locate any responsive documents.

   34.   All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

   Defendant will attempt to locate any responsive documents.

   35.   Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

   Defendant will attempt to locate any responsive documents.

   36.   All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

   Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

   37.   All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

**RESPONSE:**

   Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

   38.   All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

**RESPONSE:**

   Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.
{01174152.DOC }

10

39.    All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

40.    All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

41. All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

42.    All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

43.    All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

44.    All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

**RESPONSE:**

{01174152.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

45.     All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

46.     All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

## DOCUMENTS AND THINGS TO BE INSPECTED

1.     Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

{01174152.DOC }

12

Respectfully submitted,

SEYBURN KAHN, P.C.

By: _____

Barry M. Rosenbaum (P26487)
Attorneys for Kyle Pacetti
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated: June 27, 2016

## CERTIFICATION OF SERVICE

Nanette Hall, hereby certifies that she did serve the following document(s) in the manner specified below:

| | |
|---|---|
| **DOCUMENTS:** | Kyle Pacetti's Objections and Responses to Plaintiffs' First Set of Requests to Produce and supporting documents bates-numbered KPACETTI000001 to KPACETTI |
| **DATE SERVED:** | June 27, 2016 |
| **PERSON(S) SERVED:** | Andrew Kochanowski, Esq.<br>Sarah L. Rickard, Esq.<br>Sommers Schwartz, P.C.<br>One Towne Square, Suite 1700<br>Southfield, MI 48076 |
| | Matthew J.M. Prebeg, Esq.<br>Brent T. Caldwell, Esq.<br>Prebeg, Faucett & Abbott, PLLC<br>8441 Gulf Freeway, Suite 307<br>Houston, TX 77017 |
| | Edward A. Wallace, Esq.<br>Wexler Wallace LLP<br>55 W. Monroe Street, Suite 3300<br>Chicago, IL 60603 |

{01174152.DOC }

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**          First Class Mail


_____
Nanette Hall

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

## LORI PETRILLI'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Lori Petrilli, by and through her attorneys, Seyburn Kahn,

P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the

reasons stated below.  Similarly, the use of the following objections in response to a specific

Discovery Request incorporates by reference the definition of the terms, as explained below:

1.      The Discovery Requests are unduly burdensome, harassing, oppressive,

unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are

not proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of discovery in resolving the issues, and the burden or expense of the

proposed discovery compared to its likely benefit.

{01174161.DOC }

1

2.      The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.      The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.      The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in her Responses to the Discovery Requests.

5.      The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules.  (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.      Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.      Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.      Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

{01174161.DOC }

2

9.      Defendant objects the requests therein that assume the existence of the documents requested.  Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.     Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.     Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects.  For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control.  The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.     Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation.   The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints.  In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.     Defendant objects to the Discovery Requests as being overly broad and unduly burdensome.  For example, the Discovery Requests would require Defendant to produce certain

{01174161.DOC }

3

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced. The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients. In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.     Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to: (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

## DISCOVERY REQUESTS

1.     Your Independent Promoter application and contract.

**RESPONSE:**

Defendant does not have this. ViSalus may have.

2.     In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

{01174161.DOC }

4

**RESPONSE:**

Defendant does not know how to access this information. ViSalus may have.

3.    All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

Defendant does not have this.   ViSalus may have.

4.    All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

5.    All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

Not applicable.

6.    All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

7.    All training materials provided to you by ViSalus.

**RESPONSE:**

Defendant does not have. ViSalus may have.

8.    All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

{01174161.DOC }

5

**RESPONSE:**

Defendant does not have. ViSalus may have.

9.     All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

Defendant does not have. ViSalus may have.

10.     All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

Defendant does not have. ViSalus may have.

11.     All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

12.     All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

Defendant does not have. ViSalus may have.

13.     All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Not applicable.

14.     All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

**RESPONSE:**

{01174161.DOC }

6

Defendant does not have. ViSalus may have.

15.    All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant does not have. ViSalus may have.

16.    All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

17.    All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

18.    The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

Defendant does not have. ViSalus may have.

19.    The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

Defendant does not have. ViSalus may have.

20.    The documents that disclose or discuss your personal purchases of ViSalus product.

**RESPONSE:**

{01174161.DOC }

Defendant does not have. ViSalus may have.

21.     All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

Defendant does not have. ViSalus may have.

22.     All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant does not have. ViSalus may have.

23.     Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant does not have. ViSalus may have.

24.     The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

Defendant does not have. ViSalus may have.

25.     All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Defendant does not have. ViSalus may have.

26.     All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

{01174161.DOC }

8

27.     All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Not applicable.

28.     All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

29.     All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

30.     All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

31.     All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

Defendant does not have.  ViSalus may have.

32.     All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

33.     All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the United States or outside the United States, in which you deposited, funded, passed through, or

{01174161.DOC }

otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

Not applicable.

34.  All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

Defendant does not have.

35.  Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

These will be produced at a mutually agreeable time and place.

36.  All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

37.  All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

38.  All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

{01174161.DOC }

39.   All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

40.   All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

41. All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

42.   All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

43.   All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

44.   All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

**RESPONSE:**

{01174161.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

45.   All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

46.   All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

## DOCUMENTS AND THINGS TO BE INSPECTED

1.   Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

Respectfully submitted,

**SEYBURN KAHN, P.C.**

By: _____
Barry M. Rosenbaum (P26487)
Attorneys for Lori Petrilli
2000 Town Center, Suite 1500
Southfield, MI 48075-1195

{01174161.DOC }

(248) 353-7620

Dated:  June _____, 2016

## CERTIFICATION OF SERVICE

Nanette Hall, hereby certifies that she did serve the following document(s) in the manner

specified below:

**DOCUMENTS:**          Lori Petrilli's Objections and Responses
                       to Plaintiffs' First Set of Requests to
                       Produce

**DATE SERVED:**        June **27**, 2016

**PERSON(S) SERVED:**   Andrew Kochanowski, Esq.
                       Sarah L. Rickard, Esq.
                       Sommers Schwartz, P.C.
                       One Towne Square, Suite 1700
                       Southfield, MI 48076

                       Matthew J.M. Prebeg, Esq.
                       Brent T. Caldwell, Esq.
                       Prebeg, Faucett & Abbott, PLLC
                       8441 Gulf Freeway, Suite 307
                       Houston, TX 77017

                       Edward A. Wallace, Esq.
                       Wexler Wallace LLP
                       55 W. Monroe Street, Suite 3300
                       Chicago, IL 60603

                       Edward A. Salanga , Esq.
                       Quarles & Brady, LLP
                       Renaissance One
                       2 North Central Avenue
                       Phoenix, AZ 85004

                       Mitra Jafary-Hariri, Esq.
                       Nicholas B. Gorga , Esq.
                       Honigman Miller
                       660 Woodward Avenue
                       2290 First National Building
                       Detroit, MI 48226

{01174161.DOC }

13

**MANNER SERVED:**          First Class Mail

_Nanette Hall_
Nanette Hall

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

### DEFENDANT NICK SARNICOLA'S
### RESPONSES AND OBJECTIONS TO
### PLAINTIFFS' FIRST REQUESTS TO PRODUCE DOCUMENTS

NOW COMES Defendant, Nick Sarnicola, by and through his attorneys, Seyburn Kahn,

P.C., and in response to Plaintiffs' First Set of Requests to Produce ("First Requests"), states as

follows:

### GENERAL OBJECTIONS

1.    Sarnicola objects to the First Requests insofar as they seek documents or demand

actions that are outside of the discovery requirements imposed by the Federal Rules of Civil

Procedure, the local rules for the Eastern District of Michigan, and the Court's orders in the

litigation.

2.    Sarnicola objects to the First Requests to the extent they seek the disclosure of

documents protected by the attorney-client privilege, attorney work product doctrine, the

consulting expert exemption, the common-interest exemption, or any other applicable privilege

or immunity.  None of Sarnicola's responses should be construed as a waiver of any of these

privileges or immunities. Sarnicola will produce a privilege log in accordance with Fed. R. Civ.

P. 26(b)(5)(A) for any documents withheld on the grounds of any privilege or immunity, excluding privileged documents created after the filing of the complaint in this matter, which will not be produced or included on a privilege log because doing so would be overly burdensome and not proportional to the needs of this case.

3.      Sarnicola objects to the First Requests to the extent that they assume that the documents requested exist.  Any agreement to produce non-privileged, responsive documents is not a representation that such documents exist.

4.      Sarnicola objects to the First Requests to the extent that they contain no temporal limitation or an unreasonable temporal limitation. Sarnicola will produce documents that were created or in effect between July 9, 2008 and July 9, 2014.

5.      Sarnicola objects to the First Requests to the extent that a document is requested in more than one request, on the grounds that such requests are duplicative, and that the production of such documents more than once would be burdensome and oppressive.  A document described in, or responsive to, more than one request will be produced only once, but such production shall be deemed to have been made under all requests.

6.      Sarnicola objects to the First Requests to the extent they seek confidential, proprietary business or financial information of ViSalus, its Individual Promoters, its customers, or other third parties.

7.      Sarnicola objects to the First Requests insofar as they seek documents not within Sarnicola's possession, custody, or control.

8.      Sarnicola objects to the First Requests to the extent that they could be read as requiring Sarnicola to search for, restore and produce electronically stored information ("ESI") that is not reasonably accessible.  Sarnicola objects to searching for any data or ESI that is not

reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

9.      Sarnicola objects to the Instructions Nos. 1 and 2 on the grounds that they are overbroad and unduly burdensome. These instructions, in purporting to define the terms "RAM I", "RAM II", and "ViSalus", include in the definitions of those terms categories of entities and individuals which lack sufficient nexus to "RAM I", "RAM II", and "ViSalus" to be properly included in the respective definitions.

10.     Sarnicola objects to Instruction No. 4 on the grounds that it demands that Sarnicola include in its description of privileged documents items and categories not required by Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).

11.     Sarnicola's Responses and Objections to the First Requests are based upon information presently known to Sarnicola. Sarnicola reserves the right to supplement and/or amend these Responses and Objections as additional or different information is learned.

12.     Each of these general objections is fully applicable to each of the specific requests for production and is incorporated without further reference.

## FIRST SET OF REQUESTS TO PRODUCE

1.      All contracts relating to provision of services of any kind, at any and all times, between you and (1) RAM I and/or RAM II, (2) Blyth, Inc., and (3) ViSalus.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, the phrase "provision of services" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

{01179979.DOCX }

3

Second, this request seeks "all contracts relating to provision of services of any kind between Sarnicola" and the named entities (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. In fact, it specifically requests contracts "at any and all times." This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, "contracts relating to provision of services of any kind between" Sarnicola and RAM I, RAM II, and Blyth, Inc. have no bearing on the allegations or claims in Plaintiffs' Second Amended Complaint. This request therefore seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola will search his files for contracts created on or after July 9, 2008, relating to provision of services between Sarnicola and the named entities, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before July 11, 2016. Sarnicola expects to complete his rolling production for this request on or before July 25, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.

2.     All documents relating, referring to, and/or describing any and all agreements (including but not limited to formal contracts), at any and all times, between or among one or more of the following:  RAM I, RAM II, Blyth, Inc., ViSalus, and/or any and all ViSalus investors or executives (including but not limited to yourself), together with any and all amendments to each and every such agreement.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous,

overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, the phrase "agreements" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents relating, referring to, and/or describing any and all agreements (including but not limited to formal contracts), at any and all times, between or among" the named individuals and entities (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. In fact, it specifically requests contracts "at any and all times." This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Fourth, agreements between RAM I, RAM II, Blyth, Inc. and ViSalus investors or executives have no bearing on any of the allegations or claims contained in Plaintiffs' Second Amended Complaint. This request therefore seeks documents that are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does

not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

     3.    The documents identifying all changes in ownership of ViSalus from 2005 to the present including the date of the ownership change. If any owner was/is a corporation, all documents which identify if the corporation was a subsidiary or division of another corporation, the full corporate name, the state of incorporation, and all fictitious names used/held by that corporation.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, the phrase "changes in ownership" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "documents identifying all changes in ownership of ViSalus from 2005 to the present including the date of the ownership change" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains an unreasonable temporal limitation, in that it seeks documents dating back over eleven years. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request seeks all documents relating to changes in ViSalus's ownership, many of which may have no bearing on the allegations or claims in Plaintiffs' Second Amended

Complaint.  This request therefore seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola will search his files for corporate governance documents that identify a change in ownership of ViSalus, created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016.  Sarnicola expects to complete his rolling production for this request on or before August 29, 2016.  However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

4.      The documents that disclose, identify, or discuss the amount of compensation or benefits of any kind, including stock options, insurance, loans, notes, and/or any other compensation paid, directly or indirectly, by or on behalf of ViSalus to you.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, this request seeks all documents "that disclose, identify, or discuss the amount of compensation or benefits of any kind" paid by ViSalus to Sarnicola, and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are

potentially responsive to this Request.

Third, documents that discuss the amount of compensation for Sarnicola have no bearing on the allegations or claims contained in Plaintiffs' Second Amended Complaint. This request therefore seeks documents that are not relevant to any party's claim or defense.

Based on these objections, Sarnicola will not search for or produce documents responsive to this request.

5.      Documents relating, referring or concerning the reasons for the 2012 initial public offering of ViSalus and the reasons why the offering was withdrawn.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, this request seeks "[d]ocuments relating, referring or concerning the reasons for the 2012 initial public offering of ViSalus and the reasons why the offering was withdrawn" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Second, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Third, "[d]ocuments relating, referring or concerning the reasons for the 2012 initial public offering of ViSalus and the reasons why the offering was withdrawn" have no bearing on the allegations or claims in Plaintiffs' Second Amended Complaint. This request therefore seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

6.      All computations, analyses, and/or other valuations of ViSalus at any point in time.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, the phrase "computations, analyses, and/or other valuations" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll computations, analyses, and/or other valuations of the value of ViSalus at any point in time" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

{01179979.DOCX }

9

Fourth, "computations, analyses, and/or other valuations of the value of ViSalus at any point in time" have no bearing on the allegations or claims contained in Plaintiffs' Second Amended Complaint. This request therefore seeks documents that are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

7.      All documents in your possession relating or referring to the regulation of pyramid schemes, multi-level marketing companies, or the legality or illegality of such schemes and/or companies that were considered by, or in the possession of, ViSalus either before or during its operation.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

First, the phrase "the regulation of pyramid schemes" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents relating or referring to the regulation of pyramid schemes, multi-level marketing companies, or the legality or illegality of such schemes and/or companies" (meaning every single document), and is not limited in scope in any way.

{01179979.DOCX }

10

This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation, and expressly seeks information pre-dating ViSalus' formation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016.  Sarnicola expects to complete his rolling production for this request on or before August 29, 2016.  However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

8.     All documents in your possession relating or referring to the regulation of pyramid schemes, multi-level marketing companies, or the legality or illegality of such schemes and/or companies written by or commissioned by ViSalus.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that it seeks documents that are protected by the attorney-client privilege and/or

work product doctrine.

First, the phrase "the regulation of pyramid schemes, multi-level marketing companies" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents relating or referring to the regulation of pyramid schemes, multi-level marketing companies, or the legality or illegality of such schemes and/or companies" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016.  Sarnicola expects to complete his rolling production for this request on or before August 29, 2016.  However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

9.     Any recruiting and/or marketing materials that disclose or discuss ViSalus and/or the ViSalus "business opportunity" authored by you or into which you provided input.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "recruiting and/or marketing materials" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[t]he recruiting and/or marketing materials that disclose or discuss ViSalus and/or the ViSalus 'business opportunity' authored by you or into which you provided input" (meaning every single document), and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that may not be relevant to any party's claim or defense, and are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016.  Sarnicola expects to complete his rolling production for this request on or before August 29, 2016.  However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does

{01179979.DOCX }

not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

10. The documents that disclose, identify, or discuss any government investigation, actual, threatened, open or closed, of ViSalus and/or the ViSalus "business opportunity," including without limitation by the SEC, FTC, and state Attorney General, or other governmental or quasi-governmental organization.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine

First, the term "investigation" is vague and ambiguous, as it is unclear what Plaintiffs mean by this term.

Second, this request seeks all "documents that disclose, identify, or discuss any government investigation, actual, threatened, open or closed" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and is not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine.

Fifth, this request seeks information related to all government investigations, regardless of the purpose or subject matter of any purported investigation. As such, this request seeks

documents that may have no bearing on the allegations and claims contained in Plaintiffs' Second Amended Complaint.

Subject to and without waiving these objections, Sarnicola will search his files for documents related to investigations regarding allegations that ViSalus operates as a pyramid scheme, created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

11.     The documents that disclose or discuss your interest, funding, or ownership (whether direct or indirect) of: (1) ViSalus, (2) iCentris and (3) FragMob, LLC.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, the phrase "interest, funding, or ownership" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "documents that disclose or discuss your interest, funding, or ownership" in the named entities (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and is not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request seeks documents relating to Sarnicola's interest, funding, or ownership of iCentris and FragMob LLC. iCentris was dismissed as a defendant, and the other two entities are not mentioned in Plaintiffs' Second Amended Complaint or their Initial Disclosure Statement. This request therefore seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola will search his files for documents disclosing his interest in ViSalus, created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

12.    All communications between and among RAM I and II, ViSalus, its management, and you relating to the operation and management of ViSalus.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "operation and management" is vague and ambiguous, as it is unclear what Plaintiffs mean by this term.

{01179979.DOCX }

16

Second, this request seeks "[a]ll communications between and among RAM I and II, ViSalus, its management, and you relating to the operation and management of ViSalus" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola asserts that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

13.　All communications relating to the ViSalus Compensation Plan between you and among: (1) Nick Sarnicola, (2) Ryan Blair, (3) Todd Goergen, (4) Robert Goergen, Jr., (5) John Tolmi, and/or (6) any other ViSalus or Blyth executive.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, this request seeks "[a]ll communications relating to the ViSalus Compensation Plan between you and among" the named individuals (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this

Request.

Second, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola asserts that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

14.    The documents that disclose or discuss the authorship, establishment, development, and operation of the (1) Compensation Plan and (2) Policies and Procedures (including but not limited to documents identifying the input of any outside consultants and any and all such plans, policies, and procedures from other multi-level marketing firms used as models for those adopted by ViSalus).

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

First, the phrase "authorship, establishment, development, and operation" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "documents that disclose or discuss the authorship, establishment, development, and operation of the (1) Compensation Plan and (2) Policies and Procedures" (meaning every single document), and is not limited in scope in any way.  This request is therefore overbroad, unduly burdensome, and not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before July 11, 2016. Sarnicola expects to complete his rolling production for this request on or before July 25, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

15.    All drafts of the (1) Compensation Plan and (2) Policies and Procedures in your possession.

**RESPONSE:**
Sarnicola objects to this request on the ground that it seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine.

Sarnicola also objects to this request on the grounds that it seeks documents that may have no bearing on the allegations and claims contained in Plaintiffs' Second Amended Complaint.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or

before July 11, 2016.  Sarnicola expects to complete his rolling production for this request on or before July 25, 2016.  However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

16.     All documents which refer, relate or indicate the changes to the Compensation Plan.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

First, this request seeks "[a]ll documents which refer, relate or indicate the changes to the Compensation Plan" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine.

Fourth, this request seeks documents that may have no bearing on the allegations and claims contained in Plaintiffs' Second Amended Complaint.

Subject to and without waiving these objections, Sarnicola will search his files for

{01179979.DOCX }

20

documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before July 11, 2016. Sarnicola expects to complete his rolling production for this request on or before July 25, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

17.     All documents which refer, relate or indicate the changes to the Policies and Procedures.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

First, this request seeks "[a]ll documents which refer, relate or indicate the changes to the Policies and Procedures" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine.

Fourth, this request seeks documents that may have no bearing on the allegations and

claims contained in Plaintiffs' Second Amended Complaint.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before July 11, 2016. Sarnicola expects to complete his rolling production for this request on or before July 25, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

18.    The documents that refer to or discuss the "That Pyramid Thing" show, including documents that indicate the funding for the show, scripts, and draft scripts.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, this request seeks "documents that refer to or discuss the 'That Pyramid Thing' show, including documents that indicate the funding for the show, scripts, and draft scripts" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola will search his files for

{01179979.DOCX }

22

documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

19.     All videos posted by you or on your behalf to the ViSalus website between 2009 and today.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that the information requested is equally available to Plaintiffs.

First, the phrase "on your behalf" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, Plaintiffs can visit the ViSalus website to access the requested videos.

Subject to and without waiving these objections, Sarnicola will search his files for videos responsive to this request, created on or after July 9, 2008, and will begin producing non-privileged responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any videos produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.

20.     All videos posted by you or on your behalf to the ViSalus YouTube channel between 2009 and today.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous,

overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that the information requested is equally available to Plaintiffs.

First, the phrase "on your behalf" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, Plaintiffs can visit the ViSalus YouTube channel to access the requested videos.

Subject to and without waiving these objections, Sarnicola will search his files for videos responsive to this request, created on or after July 9, 2008, and will begin producing non-privileged responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any videos produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.

21.     All videos of you at any ViSalus-sponsored convention, meeting, recruitment, seminar, Fusion Academy, or any other ViSalus-sponsored event.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that the information requested is equally available to Plaintiffs.

Sarnicola additionally objects to this request because it fails to limit the subject matter of the videos sought to subject matter that bears on the allegations and claims contained in Plaintiffs' Second Amended Complaint.

Subject to and without waiving these objections, Sarnicola will search his files for videos responsive to this request that relate to ViSalus's recruiting, marketing, or promotion, created on or after July 9, 2008, and will begin producing non-privileged responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any videos produced by

{01179979.DOCX }

ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.

22.    All public statements authored by you, or on your behalf relating to the operation of ViSalus.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, the phrase "public statements" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll public statements authored by you, or on your behalf relating to the operation of ViSalus" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Fourth, this request seeks "[a]ll public statements authored by you, or on your behalf relating to the operation of ViSalus", which may include statements that have no bearing on the allegations and claims contained in Plaintiffs' Second Amended Complaint. This request therefore seeks statements that are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on

or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

23.    All promotional materials of any kind authored by ViSalus, or on behalf of ViSalus relating to a business opportunity to become an Individual Promoter drafted by you or into which you had input.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "promotional materials of any kind" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll promotional materials of any kind authored by ViSalus, or on behalf of ViSalus relating to a business opportunity to become an Individual Promoter drafted by you or into which you had input " (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request, created on or after July 9, 2008, excluding e-mails, and

will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

    24.    All documents in your possession or control that refer, relate to or describe Blyth, Inc. board meetings relating to or concerning investment in, divestment from, and/or the operation of ViSalus.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, this request seeks "[a]ll documents in your possession or control that refer, relate to or describe Blyth, Inc. board meetings relating to or concerning investment in, divestment from, and/or the operation of ViSalus" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Second, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced

separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

25.    All documents in your possession that refer, relate or describe the structure and operation of each ViSalus bonus system or reward used as part of the Compensation Plan and Policies and Procedures.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "structure and operation" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents that refer, relate or describe the structure and operation of each ViSalus bonus system or reward used as part of the Compensation Plan and Policies and Procedures" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or

before August 1, 2016.  Sarnicola expects to complete his rolling production for this request on or before August 29, 2016.  However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

26.    All complaints and/or charges made against ViSalus or any individual related to ViSalus (including those asserted in lawsuits, by letter, e-mail, or other tangible media) that assert ViSalus or any individual related to ViSalus is or was operating a pyramid scheme.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrases "any individual related to ViSalus," "charge," and "tangible media" are vague and ambiguous, as it is unclear what Plaintiffs mean by these phrases.

Second, this request seeks "[a]ll complaints and/or charges made against ViSalus or any individual related to ViSalus (including those asserted in lawsuits, by letter, e-mail, or other tangible media) that assert ViSalus or any individual related to ViSalus is or was operating a pyramid scheme" (meaning every single document), and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

27.     All documents that disclose or discuss a complaint that ViSalus or any individual related to ViSalus did not pay an Independent Promoter an appropriate commission.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "appropriate commission" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents that disclose or discuss a complaint that ViSalus or any individual related to ViSalus did not pay an Independent Promoter an appropriate commission" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are

potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

28.    All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "not worth the price paid for the product" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad

{01179979.DOCX }

31

and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

29.     All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "low demand" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

{01179979.DOCX }

32

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

30.     All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "breakage" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents in your possession or control that refer, relate to, or describe 'breakage,' in the multi-level marketing context" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially

responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

31.    All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context, including specifically documents that discuss and/or relate to saturation in any territory in which ViSalus operated or operates.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "saturation" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents in your possession or control that refer, relate to, or describe 'saturation,' in the multi-level marketing context, including specifically documents that discuss and/or relate to saturation in any territory in which ViSalus operated or operates" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

{01179979.DOCX }

34

Third, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

32.     All documents identifying, referring, relating to, or describing the number of ViSalus Individual Promoters each year from ViSalus' founding through the present.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.  ViSalus further objects to this request on the grounds that it infringes upon the privacy rights of IPs and that it seeks confidential identifying information of potential class members prior to certification.

First, this request seeks "[a]ll documents identifying, referring, relating to, or describing the number of ViSalus Individual Promoters each year from ViSalus' founding through the present" (meaning every single document), and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains an unreasonable temporal limitation, in that it seeks documents from ViSalus's founding to the present.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially

responsive to this Request.

Third, this request infringes upon the privacy rights of IPs in that it seeks production of their confidential identifying information.

Fourth, this request is tantamount to asking for a class list prior to certification, which is an improper and premature request at this time.

Fifth, this request is improper in that Plaintiffs' claims do not apply extraterritorially, yet this request seeks information regarding foreign IPs. This request therefore seeks documents that are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before July 18, 2016. Sarnicola expects to complete his rolling production for this request on or before August 1, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

33.     All documents identifying, referring, relating to, or describing the number of Customers, each year from ViSalus' founding through the present.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case. ViSalus further objects to this request on the grounds that it infringes upon the privacy rights of Customers in that that it seeks confidential identifying information.

First, this request seeks "[a]ll documents identifying, referring, relating to, or describing the number of Customers each year from ViSalus' founding through the present" (meaning every

single document), and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains an unreasonable temporal limitation, in that it seeks documents from ViSalus's founding to the present.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request infringes upon the privacy rights of Customers in that it seeks production of their confidential identifying information.

Fourth, this request is improper in that Plaintiffs' claims do not apply extraterritorially, yet this request seeks information regarding foreign Customers.  This request therefore seeks documents that are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

34.    All documents identifying, referring, relating to, or describing the ratio of Individual Promoter to Customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, cumulative of prior requests, and that it seeks documents that are not proportional to the needs of the case.  ViSalus further objects to this request on the grounds that it infringes upon the privacy rights of IPs and Customers in that that it seeks confidential identifying information, and that it

seeks confidential identifying information of potential class members prior to certification.

First, this request seeks "[a]ll documents identifying, referring, relating to, or describing the ratio of Individual Promoter to Customers, each year from ViSalus' founding through the present" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains an unreasonable temporal limitation, in that it seeks documents from ViSalus's founding to the present. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request infringes upon the privacy rights of IPs and Customers in that it seeks production of their confidential identifying information.

Fourth, this request is tantamount to asking for a class list prior to certification, which is an improper and premature request at this time.

Fifth, this request is improper in that Plaintiff's claims do not apply extraterritorially, yet this request seeks information regarding foreign IPs. This request therefore seeks documents that are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

{01179979.DOCX }

38

35.   All documents in which the ratio of Customers versus Individual Promoters was tracked.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, cumulative of prior requests, and that it seeks documents that are not proportional to the needs of the case. ViSalus further objects to this request on the grounds that it infringes upon the privacy rights of IPs and Customers in that that it seeks confidential identifying information, and that it seeks confidential identifying information of potential class members prior to certification.

First, this request seeks "[a]ll documents in which the ratio of Customers versus Individual Promoters was tracked" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request infringes upon the privacy rights of IPs and Customers in that it seeks production of their confidential identifying information.

Fourth, this request is tantamount to asking for a class list prior to certification, which is an improper and premature request at this time.

Fifth, this request is improper in that Plaintiff's claims do not apply extraterritorially, yet this request seeks information regarding foreign IPs. This request therefore seeks documents that are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

36.    All documents in which the actual, median, and/or average income made by ViSalus Independent Promoters was calculated.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case. ViSalus further objects to this request on the grounds that it infringes upon the privacy rights of IPs and that it seeks confidential identifying information of potential class members prior to certification.

First, this request seeks "[a]ll documents in which the actual, median, and/or average income made by ViSalus Independent Promoters was calculated" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains an unreasonable temporal limitation, in that it seeks documents from ViSalus's founding to the present.

Third, this request infringes upon the privacy rights of IPs in that it seeks production of their confidential identifying information.

Fourth, this request is tantamount to asking for a class list prior to certification, which is an improper and premature request at this time.

Fifth, this request is improper in that Plaintiff's claims do not apply extraterritorially, yet this request seeks information regarding foreign IPs. This request therefore seeks documents that

are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

37.    All documents that refer, relate, or discuss ViSalus's decision not to publish an income disclosure.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

First, this request seeks "[a]ll documents that refer, relate, or discuss your decision not to publish an income disclosure" (meaning every single document), and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this

request that is not currently in the possession, custody and control of ViSalus.

38.    All documents that compute, indicate, refer or relate to the actual, median, and/or average loss suffered by ViSalus Independent Promoters.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case, and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. ViSalus further objects to this request on the grounds that it infringes upon the privacy rights of IPs and that it seeks confidential identifying information of potential class members prior to certification.

First, this request seeks "[a]ll documents that compute, indicate, refer or relate to the actual, median, and/or average loss suffered by ViSalus Independent Promoters" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Second, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request infringes upon the privacy rights of IPs in that it seeks production of their confidential identifying information.

Fourth, this request is tantamount to asking for a class list prior to certification, which is an improper and premature request at this time.

Fifth, this request seeks documents that are protected by the attorney-client privilege

{01179979.DOCX }

42

and/or work product doctrine.

Sixth, this request is improper in that Plaintiff's claims do not apply extraterritorially, yet this request seeks information regarding foreign IPs. This request therefore seeks documents that are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

39.     All documents drafted by you or which you reviewed prior to their dissemination referring, relating or concerning promotion of certain Independent Promoters' income from their participation in ViSalus.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, that it seeks documents that are not proportional to the needs of the case and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. ViSalus further objects to this request on the grounds that it infringes upon the privacy rights of IPs and that it seeks confidential identifying information of potential class members prior to certification.

First, the term "promotion" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents referring, relating or concerning promotion of certain Independent Promoters' income from their participation in ViSalus" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are

potentially responsive to this Request.

Third, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request infringes upon the privacy rights of IPs in that it seeks production of their confidential identifying information.

Fifth, this request is tantamount to asking for a class list prior to certification, which is an improper and premature request at this time.

Sixth, this request seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

40.   All documents concerning ViSalus's recruitment of professional promoters from other multi-level marketing organizations.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, the phrase "recruitment" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents concerning ViSalus's recruitment of professional promoters from other multi-level marketing organizations" (meaning every single

document), and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request seeks "[a]ll documents concerning ViSalus's recruitment of professional promoters from other multi-level marketing organizations", which have no bearing on the allegations and claims contained in Plaintiffs' Second Amended Complaint.  This request therefore seeks documents that are not relevant to any party's claim or defense.

Fifth, this request seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

41.    All documents relating, referring or concerning any financial projection you received regarding ViSalus's operations.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, the phrase "financial projection" is vague and ambiguous, as it is unclear what

Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents relating, referring or concerning any financial projection you received regarding ViSalus's operations" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, "documents relating, referring or concerning any financial projection you received regarding ViSalus's operations" have no bearing on the allegations and claims contained in Plaintiffs' Second Amended Complaint. This request therefore seeks documents that are not relevant to any party's claim or defense.

Based on these objections, Sarnicola will not search for or produce documents responsive to this request.

42.    All opinion letters, analysis, or other writing which discuss, set forth, or analyze whether ViSalus violates anti-pyramid laws.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

First, the phrase "opinion letters, analysis, or other writing" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll opinion letters, analysis, or other writing which discuss, set forth, or analyze whether ViSalus violates anti-pyramid laws" (meaning every single document), and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

43.    All requests for an opinion whether ViSalus violates anti-pyramid laws.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

First, the phrase "requests for an opinion" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll requests for an opinion whether ViSalus violates anti-

pyramid laws" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Third, this request contains no temporal limitation. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case because it would require many hours to collect and search all documents that are potentially responsive to this Request.

Fourth, this request seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections, Sarnicola affirmatively alleges that any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

44.    All documents that show, indicate or refer to the composition of the board of directors of (1) Blyth, (2) ViSalus, and (3) any entity related to ViSalus between 2005 and the present.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and that it seeks documents that are not proportional to the needs of the case.

First, the phrase "entity related to ViSalus" is vague and ambiguous, as it is unclear what Plaintiffs mean by this phrase.

Second, this request seeks "[a]ll documents that show, indicate or refer to the composition of the board of directors of (1) Blyth, (2) ViSalus, and (3) any entity related to

ViSalus between 2005 and the present" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Third, this request contains an unreasonable temporal limitation, in that is seeks the production of documents dating back over eleven (11) years. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016. Sarnicola expects to complete his rolling production for this request on or before August 29, 2016. However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome. Sarnicola does not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

45.    All documents that show or concern the amount you received, directly or indirectly, from the sale of ViSalus stock between 2008 and the present.

**RESPONSE:**
Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, this request seeks "[a]ll documents that show or concern the amount you received, directly or indirectly, from the sale of ViSalus stock between 2008 and the present" (meaning every single document), and is not limited in scope in any way. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to

the needs of the case.

Second, "documents that show or concern the amount you received, directly or indirectly, from the sale of ViSalus stock between 2008 and the present" have no bearing on the allegations and claims contained in Plaintiffs' Second Amended Complaint.  This request therefore seeks documents that are not relevant to any party's claim or defense.

Based on these objections, Sarnicola will not search for or produce documents responsive to this request.

46.    All documents that refer, relate to, or describe any and all investment(s) and/or other involvement by one or more members of the Goergen family, Blyth, Inc., and/or any other entities, in which one or more Goergens have or had an interest at any time(s) in any of your other, non-ViSalus business ventures (including but not limited to his former venture SkyPipeline).

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.  .

First, this request seeks "[a]ll documents that refer, relate to, or describe any and all investment(s) and/or other involvement by one or more members of the Goergen family, Blyth, Inc., and/or any other entities, in which one or more Goergens have or had an interest at any time(s) in any of your other, non-ViSalus business ventures (including but not limited to his former venture SkyPipeline)" (meaning every single document), and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Second, this request contains no temporal limitation.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Third, "documents that refer, relate to, or describe any and all investment(s) and/or other involvement by one or more members of the Goergen family, Blyth, Inc., and/or any other entities, in which one or more Goergens have or had an interest at any time(s) in any of your other, non-ViSalus business ventures (including but not limited to his former venture SkyPipeline)" have no bearing on the allegations and claims contained in Plaintiffs' Second Amended Complaint. This request therefore seeks documents that are not relevant to any party's claim or defense.

Based on these objections, Sarnicola will not search for or produce documents responsive to this request.

47. All documents that refer, relate to, or describe any and all meetings between (1) you, Robert Goergen, Todd Goergen, Blyth, Inc., and/or representatives of any other entities in which one or more of the Goergens have or had an interest, or (2) one or more ViSalus executives and/or principals, pertaining to: (A) your acquisition of ViSalus, and/or (B) any investment(s) in ViSalus by you, one or more of the Goergens, Blyth, Inc., and/or by any other entities in which one or more Goergens have or had an interest.

Responsive documents to this request should include (but not be limited to) those referring, relating to, and/or describing:

(i)   the 2005 meetings between you (and/or your associates) on the one hand, with, on the other, one or more of the Goergens, Blyth, Inc., and/or representatives of one or more of the Goergens and/or of Blyth, Inc. in Greenwich, CT, and at a Racquet Club in New York, NY to discuss investment in ViSalus;

(ii)  the several instances, reported by Ryan Blair, in which one or more Blyth, Inc. representatives, and/or one or more Goergens and/or their representatives observed or attended ViSalus board meetings, events, audited ViSalus' financials, and/or otherwise participated in ViSalus events (including but not limited to visits by Blyth, Inc. executives to a ViSalus conference in February 2008);

(iii) the April 17, 2008, presentation by one or more ViSalus representatives to Blyth, Inc. and/or one or more of the Goergens, at which a larger investment in ViSalus was requested;

(iv)  meetings subsequent to April 17, 2008, at which Blair has claimed one or more Goergens and/or Blyth, Inc. conditioned investment in ViSalus on ViSalus doing a number of things such as requiring Blair to divest himself of his PathConnect business, and insisting that ViSalus test, re-label, and remanufacture every product ViSalus makes;

(v)   the August 2008 meetings relating to the sale of ViSalus to Blyth, Inc.

(vi)    all instances in which one or more Goergens and/or Blyth, Inc. attended ViSalus promotional events for ViSalus distributors (including but not limited to the October 2008 ViSalus Vitality event in Las Vegas, Nevada, during which Blair reports the Goergens told a crowd of 1,000 or more ViSalus distributors that ViSalus would one day be the strongest, most valuable company in Blyth, Inc.'s holding);

(vii)   the 2008-2008 meetings at which one or more Goergens discussed with you and/or other ViSalus representatives the topic of ViSalus' expansion into Europe;

(viii)  the December 2009 meetings in Los Angeles between you (and/or your representatives) with one or more Goergens and/or their representatives at Blyth headquarters in Greenwich, Connecticut, to discuss the decline in ViSalus' business.

(ix)    the 2011 meetings you and other ViSalus executives had with one or more Goergens and/or with Blyth, Inc. representatives relating to Blyth, Inc.'s completion of the second phase of the ViSalus takeover, increasing its ownership in ViSalus to 57.5%;

(x)     the meetings you and other ViSalus executives had with one or more Goergens and/or with Blyth, Inc. representatives in August 2012 about spinning off ViSalus in an initial public offering and those relating to your later decision to cancel the IPO;

(xi)    the meetings you and other ViSalus executives had in 2012-2013 with one or more Goergens and/or with Blyth, Inc. representatives relating to ViSalus' expansion into the United Kingdom, and later to Germany and Austria; and/or

(xii)   the meeting you and other ViSalus executives had with one or more Goergens and/or with Blyth, Inc. representatives relating to Blyth, Inc.'s September 2014 (after this suit was filed) reduction of its ownership stake to 10% in ViSalus, eliminating Blyth's objection to pay the ViSalus founders $143.2 million as part of the 2008 acquisition, but with Blyth nevertheless agreeing to maintain certain funding and loans to ViSalus, pay ViSalus executives' legal fees in this suit, and the like.

**RESPONSE:**

Sarnicola objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case.

First, this request seeks documents related to "[a]ll documents that refer, relate to, or describe any and all meetings between (1) you, Robert Goergen, Todd Goergen, Blyth, Inc., and/or representatives of any other entities in which one or more of the Goergens have or had an interest, or (2) one or more ViSalus executives and/or principals, pertaining to: (A) your acquisition of ViSalus, and/or (B) any investment(s) in ViSalus by you, one or more of the

{01179979.DOCX }

52

Goergens, Blyth, Inc., and/or by any other entities in which one or more Goergens have or had an interest" (meaning every single document), and is not limited in scope in any way.  This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Second, this request contains no temporal limitation.  While specific, purported meetings are listed, the request is not limited to these meetings. This request is therefore overbroad and unduly burdensome on its face, and seeks documents that are not proportional to the needs of the case.

Third, documents related to the listed "meetings" have no bearing on the allegations and claims contained in Plaintiffs' Second Amended Complaint.  This request therefore seeks documents that are not relevant to any party's claim or defense.

Subject to and without waiving these objections, Sarnicola will search his files for documents responsive to this request created on or after July 9, 2008, excluding e-mails, and will begin producing non-privileged, responsive documents (if any exist) on a rolling basis on or before August 1, 2016.  Sarnicola expects to complete his rolling production for this request on or before August 29, 2016.  However, any documents produced by ViSalus will not be produced separately by Sarnicola, as that would be cumulative and unduly burdensome.  Sarnicola does

not possess any ESI responsive to this request that is not currently in the possession, custody and control of ViSalus.

Respectfully submitted,

**SEYBURN KAHN, P.C.**

By: _____
Barry M. Rosenbaum (P26487)
Attorneys for Nick Sarnicola
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated:  June 27, 2016

## CERTIFICATION OF SERVICE

Kathy Bilpo, hereby certifies that she did serve the following document(s) in the manner specified below:

| | |
|---|---|
| **DOCUMENTS:** | Defendant Nick Sarnicola's Responses and Objections to Plaintiffs' First Set of Requests to Produce Documents |
| **DATE SERVED:** | June 27, 2016 |
| **PERSON(S) SERVED:** | Andrew Kochanowski, Esq.<br>Sarah L. Rickard, Esq.<br>Sommers Schwartz, P.C.<br>One Towne Square, Suite 1700<br>Southfield, MI 48076<br><br>Matthew J.M. Prebeg, Esq.<br>Brent T. Caldwell, Esq.<br>Prebeg, Faucett & Abbott, PLLC<br>8441 Gulf Freeway, Suite 307<br>Houston, TX 77017 |

{01179979.DOCX }

54

Edward A. Wallace, Esq.
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**          First Class Mail

Kathy Bilpo

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

### TARA WILSON'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Tara Wilson, by and through her attorneys, Seyburn Kahn, P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the reasons stated below. Similarly, the use of the following objections in response to a specific Discovery Request incorporates by reference the definition of the terms, as explained below:

1. The Discovery Requests are unduly burdensome, harassing, oppressive, unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and the burden or expense of the proposed discovery compared to its likely benefit.

{01174160.DOC }

1

2.     The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.     The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.     The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in her Responses to the Discovery Requests.

5.     The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules.  (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.     Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.     Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.     Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

{01174160.DOC }

2

9.      Defendant objects the requests therein that assume the existence of the documents requested. Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.     Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.     Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects. For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control. The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.     Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation. The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints. In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.     Defendant objects to the Discovery Requests as being overly broad and unduly burdensome. For example, the Discovery Requests would require Defendant to produce certain

{01174160.DOC }

3

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced. The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients. In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.     Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to: (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

### DISCOVERY REQUESTS

1.     Your Independent Promoter application and contract.

**RESPONSE:**

Defendant does not have this.

2.     In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

{01174160.DOC }

**RESPONSE:**

Defendant resigned from ViSalus in October 2015 and has no access to her former Back Office.

3.    All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

These will be produced at a mutually agreeable time and place.

4.    All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

5.    All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

Not applicable.

6.    All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

7.    All training materials provided to you by ViSalus.

**RESPONSE:**

Defendant does not have these documents.

{01174160.DOC }

8.     All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

**RESPONSE:**

Defendant does not have these documents.

9.     All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

Defendant does not have these documents.

10.     All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

Defendant does not have these documents.

11.     All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

12.     All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

Defendant does not have.

13.     All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Defendant does not have.

{01174160.DOC }

6

14.    All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

**RESPONSE:**

These will be produced at a mutually agreeable place and time.

15.    All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant does not have.

16.    All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

17.    All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

18.    The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

See response to #2

19.    The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

See response to #2

{01174160.DOC }

7

20.    The documents that disclose or discuss your personal purchases of ViSalus product.

**RESPONSE:**

See response to #2

21.    All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

Defendant does not have these documents.

22.    All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant does not have these documents.

23.    Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant does not have these documents.

24.    The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

These will be produced at a mutually agreeable time and place.

25.    All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Not applicable.

{01174160.DOC }

26.    All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

27.    All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Defendant does not have these documents.

28.    All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Defendant does not have these documents.

29.    All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Defendant does not have these documents.

30.    All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant does not have these documents.

31.    All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

Defendant does not have these documents.

32.    All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

{01174160.DOC }

9

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

33.     All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the United States or outside the United States, in which you deposited, funded, passed through, or otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

These will be produced at a mutually agreeable place and time.

34.     All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

Defendant does not have these documents.

35.     Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

These will be produced at a mutually agreeable place and time.

36.     All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

37.     All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

38.     All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

{01174160.DOC }

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

39.    All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

40.    All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

41. All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

42.    All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

43.    All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

{01174160.DOC }

44.    All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

45.    All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

46.    All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

## DOCUMENTS AND THINGS TO BE INSPECTED

1.    Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

As to objections only,

**SEYBURN KAHN, P.C.**

By: _____
Barry M. Rosenbaum (P26487)
Attorneys for Tara Wilson
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated:  June 20,  2016

## CERTIFICATION OF SERVICE

Nanette Hall, hereby certifies that she did serve the following document(s) in the manner specified below:

**DOCUMENTS:**          Tara Wilson's Objections and Responses to Plaintiffs' First Set of Requests to Produce

**DATE SERVED:**        June 2?, 2016

**PERSON(S) SERVED:**   Andrew Kochanowski, Esq.
Sarah L. Rickard, Esq.
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076

Matthew J.M. Prebeg, Esq.
Brent T. Caldwell, Esq.
Prebeg, Faucett & Abbott, PLLC
8441 Gulf Freeway, Suite 307
Houston, TX 77017

Edward A. Wallace, Esq.
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300

{01174160.DOC }

13

Chicago, IL 60603

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**        First Class Mail

_____
Nanette Hall

{01174160.DOC }

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH and
RYAN M. VALLI, individually, and on behalf of all
others similarly situated,

    Plaintiffs,

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

v.

VISALUS, INC., a corporation, et al.,

    Defendants.

---

### FRANK VARON'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE

NOW COMES Defendant, Frank Varon, by and through his attorneys, Seyburn Kahn,

P.C., and in response to Plaintiffs' First Set of Requests to Produce, states as follows:

#### General Objections/Definitions:

Defendant objects to Plaintiffs' Discovery Requests (the "Discovery Requests") for the

reasons stated below.  Similarly, the use of the following objections in response to a specific

Discovery Request incorporates by reference the definition of the terms, as explained below:

1.  The Discovery Requests are unduly burdensome, harassing, oppressive,

unreasonably cumulative, duplicative, overbroad, irrelevant, and/or the Discovery Requests are

not proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of discovery in resolving the issues, and the burden or expense of the

proposed discovery compared to its likely benefit.

{01174044.DOC }

1

2.     The Discovery Requests are not limited to matters which are within the subject matter of this action and they are otherwise immaterial and/or exceed the scope of discovery permissible under the applicable Court Rules, and/or Court Orders.

3.     The Discovery Requests seek information with respect to customers, trade secrets or other confidential, proprietary and/or private commercial or personal information which is considered confidential and not discoverable information.

4.     The Discovery Requests seek information which may be subject to the attorney/client privilege, work product doctrine or other privileges recognized by Michigan law. Defendant does not intend to waive and does intend to preserve and is preserving these privileges and protections in his Responses to the Discovery Requests.

5.     The Discovery Requests contain language or terms which are capable of different meanings or understandings, confusing, unintelligible or, in some cases, the Discovery Requests do not reasonably designate the item or information sought with reasonable particularity in conformance with the Court Rules.  (When this objection is used in response to a particular Discovery Request, Defendant will attempt, to the extent possible, to designate the objectionable terms or language.)

6.     Defendant objects to the Discovery Requests that seek documents not within Defendant's possession, custody, or control.

7.     Defendant objects to the Discovery Requests that seek documents that are already in the possession, custody or control of the Plaintiffs in the litigation.

8.     Defendant objects to the Discovery Requests that seek documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

9.     Defendant objects the requests therein that assume the existence of the documents requested. Defendant's objections to any of the requests shall not constitute a representation that any such document exists.

10.     Defendant objects to the Discovery Requests to the extent that they could be read as requiring Defendant to search for, restore and produce ESI that is not reasonably accessible. Defendant objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.     Defendant objects to the Discovery Requests in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects. For example, the terms "you" and "your" are defined in a way to include many entities and individuals outside of Defendant's control. The definition of "ViSalus" is similarly overbroad and unduly burdensome. The definition of "documents" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Defendant to produce documents that are beyond Defendant's possession and control and to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Defendant.

12.     Defendant objects to the Discovery Requests insofar as they seek documents and tangible things that are not relevant to the subject matter of the litigation. The Discovery Requests seek documents that go far beyond the deficiencies identified in the Court's orders dismissing Plaintiffs' First and Second Amended Complaints. In particular, Defendant objects to the production of items #2, 4, 6-13, 15, 16, 18, 19, 21, 22, 24-28, 32, 33, 35-46, and production of documents and things to be produced #1.

13.     Defendant objects to the Discovery Requests as being overly broad and unduly burdensome. For example, the Discovery Requests would require Defendant to produce certain

{01174044.DOC }

3

categories of documents regardless of whether they have any connection whatsoever to the litigation (*e.g.*, "All training materials . . .," "All documents relating to . . .," "All html pages . . ."). Production of the items requested in the Discovery Requests would require countless hours of sifting through years of emails, texts, posts and web pages, and then attempting to copy them to be produced. The amount of time involved would create a substantial burden, in terms of its financial and physical toll on the recipients. In particular, Defendant objects to the production of items #2, 4-7, 9-11, 14, 16, 17, 25, 27-30, 32, 33, 35-46.

14.    Defendant objects to the Discovery Requests because the terms "downloaded monthly downline," "other forms," "appearance," "training materials," "recruiting distributors or Independent Promoters," "obtaining customers," "capacity as a ViSalus Independent Promoter," "relating to your achieving," "related to your participation," "appeared as an endorser," "similar topics," "you understand to be legally enforceable," "relating to your personal website," "relating to your establishment of," "relating to this litigation," and "relating or referring to ViSalus."

The foregoing objections are made without waiving, and expressly reserving, Defendant's right to: (1) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Discovery Requests; (3) assert other objections to the Discovery Requests at a later time.

## DISCOVERY REQUESTS

1.    Your Independent Promoter application and contract.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

2.    In Microsoft Excel format, your downloaded monthly downline, and commissions report, as available in your Back Office, for the years 2009 to today.

{01174044.DOC }

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

3.      All Form 1099, W-2 or other forms issued by ViSalus or ViSalus related entity relating to the payment of any commission, bonus, or any other payment to you, including any equity participation in ViSalus or a ViSalus related entity.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

4.      All documents, including emails, written correspondence, or texts between you and ViSalus relating to your business dealings with ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

5.      All documents that disclose, identify, or discuss any payments promised or made to you by anyone relating to your becoming a ViSalus Independent Promoter prior to your becoming an Independent Promoter.

**RESPONSE:**

Defendant does not have any.

6.      All documents that disclose or discuss your appearance at any ViSalus-sponsored event, including hotel events, conventions, private home meetings, or any other meeting, occurrence or event relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

7.      All training materials provided to you by ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

8.      All documents that disclose or discuss the legality or illegality of the ViSalus multi-level marketing program obtained by you from any source.

{01174044.DOC }

5

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

9.      All documents provided to you by ViSalus that concern or discuss recruiting distributors or Independent Promoters.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

10.     All documents provided to you by ViSalus concern or discuss to obtaining customers.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

11.     All Facebook and Twitter posts you made in your capacity as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

12.     All documents relating to your achieving Ambassador or Crown level or other advanced level as a ViSalus promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

13.     All documents related to your involvement in or relationship to "That Pyramid Thing" whether or not you actually were a participant in that series.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

14.     All documents that reflect, disclose, or discuss your appearance as an endorser of the ViSalus business opportunity, whether in your own promotion, advertisement, handout, circular, video, or interview, or on behalf of ViSalus.

**RESPONSE:**

{01174044.DOC }

6

Defendant will attempt to locate any responsive documents.

15.    All documents that reflect, disclose, or discuss the planned Initial Public Offering of ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

16.    All communications between you and any other Independent Promoter relating to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

17.    All documents (including videos, html pages, and other electronic communication) reflect, disclose, or discuss any interview you gave regarding the ViSalus business opportunity, the amounts you made as a ViSalus distributor, the number of individuals in your downline, and any other topic related to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

18.    The documents from which the number and identity of the individuals in your upline can be discerned.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

19.    The documents from which the number and identity of the individuals in your downline can be discerned.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

20.    The documents that disclose or discuss your personal purchases of ViSalus product.

{01174044.DOC }

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

21.    All documents that disclose or discuss the ViSalus Compensation Plan.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.


22.    All documents that disclose or discuss any change to the Compensation Plan that you suggested, whether or not the suggestion was accepted.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

23.    Any contract, agreement, or any other document you understand to be legally enforceable, either now or in the past, signed between you and ViSalus (including without limitation, Nick Sarnicola, Ryan Blair, Blake Mallen, or any employer of ViSalus).

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

24.    The documents showing your ownership of, or promise of ownership of, any of the stock of ViSalus, Inc., ViSalus LLC, FVN, Inc., iCentris Corp., FragMob, LLC, Blyth, Inc., or any entity you believe is related to ViSalus and/or Nick Sarnicola Ryan Blair, or Blake Mallen.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

25.    All documents provided to you by ViSalus or anyone purporting to represent ViSalus prior to your joining ViSalus as an Independent Promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

26.    All documents, including emails, and texts, between the ViSalus Compliance Department and you relating to any topic.

**RESPONSE:**
{01174044.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

27.    All documents that disclose or discuss your participation in the Fusion Academy.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

28.    All documents that disclose or discuss your participation in, or promotion of, the Bimmer Club.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

29.    All videos you posted on MyVi-Net, BodyByVi, or any other ViSalus website.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

30.    All videos you posted on YouTube or elsewhere, other than on the ViSalus website, relating to your participation as a ViSalus Independent Promoter.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

31.    All releases you signed permitting the taping of your appearance at a ViSalus event.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

32.    All html pages you posted relating to your personal website used for ViSalus business.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

{01174044.DOC }

33.     All documents relating to your establishment of any entity including corporation, partnership, limited liability corporation, or any other non-individual entity, whether in the United States or outside the United States, in which you deposited, funded, passed through, or otherwise sent, paid, and/or loaned commissions, bonuses, or payments from ViSalus or any ViSalus related entity.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

34.     All documents relating to this litigation except communications between you and your attorney.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

35.     Your federal tax returns and the returns for any entity identified in documents responsive to Request No. 33 for each year in which you acted as an Independent Promoter (at any level) for ViSalus.

**RESPONSE:**

Defendant will attempt to locate any responsive documents.

36.     All communications from you to your downline, or anyone in your downline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

37.     All communications from you to your upline, or anyone in your upline, relating or referring to ViSalus.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

38.     All documents that disclose or discuss any complaint you made that ViSalus or any individual related to ViSalus did not pay you an appropriate commission.

**RESPONSE:**

{01174044.DOC }

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

39.    All documents that disclose or discuss any complaint made against you that you caused someone in your upline to not receive an appropriate commission.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

40.    All documents that disclose or discuss a complaint that a ViSalus product was not worth the price paid for the product.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

41. All documents that disclose or discuss a complaint that there is low demand for ViSalus products or that it is difficult to find buyers of ViSalus products.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

42.    All documents in your possession or control that refer, relate to, or describe "breakage," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

43.    All documents in your possession or control that refer, relate to, or describe "saturation," in the multi-level marketing context.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and13 of the General Objections.

44.    All documents identifying, referring, relating to, or describing the number of ViSalus promoters each year from ViSalus' founding through the present.

{01174044.DOC }

11

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

45.   All documents identifying, referring, relating to, or describing the number of non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

46.   All documents identifying, referring, relating to, or describing the ratio of ViSalus promoters to non-ViSalus-promoter customers, each year from ViSalus' founding through the present.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 8, 10, 12 and 13 of the General Objections.

## DOCUMENTS AND THINGS TO BE INSPECTED

1.   Produce a link and password to your Back Office account, or any account provided to you by ViSalus that contains your downline information, your commission statements, and other materials relating to your ViSalus account, so that Plaintiffs may download materials made available to you by ViSalus in connection with the performance of your Independent Promoter obligations.

**RESPONSE:**

Defendant objects for the reasons set forth in #1, 2, 3, 8, 10 and 12 of the General Objections.

{01174044.DOC }

12

Respectfully submitted,

**SEYBURN KAHN, P.C.**

By: _____
Barry M. Rosenbaum (P26487)
Attorneys for Frank Varon
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
(248) 353-7620

Dated:  June 27, 2016

## CERTIFICATION OF SERVICE

Nanette Hall, hereby certifies that she did serve the following document(s) in the manner specified below:

| | |
|---|---|
| **DOCUMENTS:** | Frank Varon's Objections and Responses to Plaintiffs' First Set of Requests to Produce and supporting documents bates-numbered FVARON000001 to FVARON |
| **DATE SERVED:** | June 27, 2016 |
| **PERSON(S) SERVED:** | Andrew Kochanowski, Esq.<br>Sarah L. Rickard, Esq.<br>Sommers Schwartz, P.C.<br>One Towne Square, Suite 1700<br>Southfield, MI 48076 |
| | Matthew J.M. Prebeg, Esq.<br>Brent T. Caldwell, Esq.<br>Prebeg, Faucett & Abbott, PLLC<br>8441 Gulf Freeway, Suite 307<br>Houston, TX 77017 |
| | Edward A. Wallace, Esq.<br>Wexler Wallace LLP<br>55 W. Monroe Street, Suite 3300<br>Chicago, IL 60603 |

{01174044.DOC }

13

Edward A. Salanga , Esq.
Quarles & Brady, LLP
Renaissance One
2 North Central Avenue
Phoenix, AZ 85004

Mitra Jafary-Hariri, Esq.
Nicholas B. Gorga , Esq.
Honigman Miller
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226

**MANNER SERVED:**        First Class Mail

Nanette Hall

{01174044.DOC }

14