UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
and RYAN M. VALLI, individually, and on
behalf of all others similarly situated,

      Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

      Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

## <u>MOTION OF DEFENDANTS TO DISMISS PLAINTIFFS' COMPLAINT IN ITS ENTIRETY PURSUANT TO FED.R.CIV.P. 12(b)(1) AND (6)</u>

Defendants, A Berry Good Life, Inc., ArriveBy25, Inc., BAM Ventures, Inc., BeachLifestyle Enterprises, LLC, Michael Craig, Aaron Fortner, Freedom Legacy, LLC, Gooder, LLC, Got Heart Global, Inc., Rachel Jackson, Jaketrz, Inc., Holley Kirkland, Timothy Kirkland, Anthony Lucero, Rhonda Lucero, M-Power Path, Inc., Kevin Merriweather, Mojos Legacy, LLC, Network Dynamics America Corp., Jason O'Toole, Jason O'Toole International Holdings, Inc., OCD Marketing, Inc., Kyle Pacetti, Jr., Lori Petrilli, Power Couple, Inc., Prospex Automated Wealth Systems, Inc. Red Letters, LLC, Residual Marketing, Inc., Gary J. Reynolds, Jake Trzcinski, Frank Varon, Wealth Builder International LLC, Tara

Wilson, and 9248-2587 Quebec, Inc. (hereinafter collectively referred to as "Promoter and Entity Defendants"), through their attorneys, Seyburn Kahn, move this Court for entry of an order, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), dismissing the Plaintiffs' Third Amended Complaint, in its entirety, as to them, because the Third Amended Complaint fails to state any legally cognizable claims upon which relief can be granted, and Plaintiffs lack standing to pursue a claim of unjust enrichment.

On May 5, 2017, pursuant to E.D. Mich. LR 7.1(a) and an Order of this Court, the undersigned sent a letter to Plaintiffs' counsel reciting the grounds for this motion and seeking concurrence in the dismissal of the claims.  Plaintiffs' counsel did not respond to the letter until June 15, 2017, the day before this motion was required to be filed.

Respectfully submitted,

**SEYBURN KAHN, P.C.**

/s/ Barry M. Rosenbaum (P26487)
Barry M. Rosenbaum  (P26487)
2000 Town Center, Suite 1500
Southfield, MI  48075
Tel.: 248-351-3587
Fax:  248-353-3727
E-Mail: brosenbaum@seyburn.com
*Attorneys for Defendants* A Berry Good
Life, Inc., ArriveBy25, Inc., BAM Ventures,
Inc., BeachLifestyle Enterprises, LLC,
Michael Craig, Aaron Fortner, Freedom
Legacy, LLC, Gooder, LLC, Got Heart

Global, Inc., Rachel Jackson, Jaketrz, Inc.,
Holley Kirkland, Timothy Kirkland,
Anthony Lucero, Rhonda Lucero, M-Power
Path, Inc., Kevin Merriweather, Mojos
Legacy, LLC, Network Dynamics America
Corp., Jason O'Toole, Jason O'Toole
International Holdings, Inc., OCD
Marketing, Inc., Kyle Pacetti, Jr., Lori
Petrilli, Power Couple, Inc., Prospex
Automated Wealth Systems, Inc. Red
Letters, LLC, Residual Marketing, Inc.,
Gary J. Reynolds, Jake Trzcinski, Frank
Varon, Wealth Builder International LLC,
Tara Wilson, and 9248-2587 Quebec, Inc.

Dated: June 16, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

**SEYBURN KAHN, P.C.**

/s/ Barry M. Rosenbaum (P26487)
Barry M. Rosenbaum  (P26487)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
and RYAN M. VALLI, individually, and on
behalf of all others similarly situated,

        Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

        Defendants.

Case No. 2:14-cv-12693
Hon. Matthew F. Leitman

## BRIEF IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS PLAINTIFFS' COMPLAINT IN ITS ENTIRETY PURSUANT TO FED.R.CIV.P. 12(b)(1) AND (6)

{01277747.DOC }

# **TABLE OF CONTENTS**

Statement of Issues Presented .......................................................................i

Controlling or Most Appropriate Authority............................................. ii

Introduction ...................................................................................................1

I.    Plaintiffs' RICO Claims Against Pacetti, Gooder
      O'Toole and Prospex Should be Dismissed ....................................2

      A.    Failure to distinguish between the Individual
            Promoter Defendants and their Entities ...............................2

      B.    Failure to allege two predicate acts as to Prospex
            and Gooder .............................................................................3

      C.    The alleged predicate acts were not used in
            furtherance of an essential step in the execution
            of the alleged scheme ............................................................4

      D.    Failure to allege that Prospex and Gooder participated
            in the affairs of the alleged RICO Enterprise.......................5

      E.    Failure to allege a causal connection between the
            predicate acts of Prospex, Gooder, O'Toole and
            Pacetti and Plaintiffs' injuries .............................................6

      F.    Failure to sufficiently plead scienter ....................................8

II.   Plaintiffs' RICO and Civil Conspiracy Counts Against
      The Entity Defendants and the newly added Defendants
      Should be Dismissed........................................................................9

III.  Plaintiffs' Rule 10b-5(a) and (c) Claim Against O'Toole
      and Pacetti Should be Dismissed..................................................11

IV.   Plaintiffs' Unjust Enrichment Claim Fails as to All
      Defendants but One ........................................................................12

A.     Standing ........................................................................................12

B.     Failure to state a claim for unjust enrichment ....................................17

C.     No causal connection .........................................................................19

V.     Relief Requested..................................................................................19

{01277747.DOC }

## <u>Statement of Issues Presented</u>

1.  Does the Third Amended Complaint state a valid RICO claim against
    Defendants Pacetti, Gooder, O'Toole and Prospex in Count One?

    Promoter and Entity Defendants Answer:  No

2.  Does the Third Amended Complaint state a valid claim for RICO and
    state law civil conspiracy against the Entity Defendants and the newly
    added Defendants?

    Promoter and Entity Defendants Answer:  No

3.  Does the Third Amended Complaint state a valid claim under Rule
    10b-5(a) and (c) against O'Toole and Pacetti in Count Three?

    Promoter and Entity Defendants Answer:  No

4.  Do the Plaintiffs have standing to pursue an unjust enrichment claim
    against all of the Defendants in Count Four of the Third Amended
    Complaint?

    Promoter and Entity Defendants Answer:  No

5.  Does the Third Amended Complaint state a valid claim for unjust
    enrichment against all of the Defendants in Count Four?

    Promoter and Entity Defendants Answer:  No

## <u>Controlling or Most Appropriate Authority</u>

### <u>Cases</u>

*Allee v. Medrano*,
    416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed. 2d 566(1974) ...................................14

*Anestis v. United States*,
    749 F.3d 520 (6th Cir. 2014) ..........................................................15

*Benyon v. Morgan Stanley Distributors, Inc.*,
    420 F.3d 598 (6th Cir. 2005) ..........................................................11

*Bridge v. Phoenix Bond & Indemnity*,
    553 U.S. 639, 128 S.Ct. 2131, 170 L. Ed. 29 1012 (2008) .............................8

*Cady v. Anthem Blue Cross Life & Health Ins. Co.*,
    583 F.Supp. 2d 1102 (N.D. CA. 2008)........................................... fn5

*DaimlerChrysler v. Cuno*,
    547 U.S. 332, 126 S.Ct. 1854, 164 L.Ed. 2d 589 (2006) ..............................12

*In re Franklin Mutual Funds Fee Litigation*,
    388 F.Supp. 2d 451 (D. N.J. 2005)............................................... fn5

*Friends of the Earth, Inc. v. Laidlaw Environmental Service (TOC), Inc.*,
    528 U.S. 167, 120 S. Ct. 693, 145 L.Ed 2d 610 (2000) ................................13

*Heinrich v. Waiting Angels Adoption Servs., Inc.*,
    668 F.3d 393 (6th Cir. 2012) ....................................................... 8-9

*Henry v. Circus Circus Casinos*,
    223 F.R.D. 541 (D. NV. 2004) ................................................... 13-14

*Jimenez v. Progressive Casualty Ins. Co.*,
    2016 U.S. Dist. LEXIS 144275 (D. AZ. 2016).......................................... fn5

*Ouwinga v. Benistar 419 Plan Services, Inc.*,
    694 F.3d 783 (6th Cir. 2012) ..........................................................5

*United States v. Castile*,
   795 F. 2d 1273 (6th Cir. 1986) ........................................................................4

*United States v. Fowler*,
   535 F.3d 408 (6th Cir. 2008) .........................................................................5

*United States v. Griffith*,
   17 F.3d 865 (6th Cir. 1994), *cert. denied,* 513 U.S. 850 (1994) ......................4

## Statutes

15 U.S.C. §78u-4(b)(1) ...........................................................................11

18 U.S.C. §1962(c) ........................................................................... 3, 5-11

## Court Rules

Fed.R.Civ.P. 12(b)(1)...........................................................................12

Fed.R.Civ.P. 23 ...................................................................................14

## Miscellaneous

17 C.F.R 240.10b-5(a) ..................................................................... ii, 11

17 C.F.R 240.10b-5(b) ...........................................................................11

17 C.F.R 240.10b-5(c) ..................................................................... ii, 11

United States Constitution, Article III ............................................... 12-13

15 *Moore's Federal Practice,* (Matthew Bender 3rd ed.) ........................................15

**Introduction**

Plaintiffs' Third Amended Complaint ("TAC") does not add any new claims, but it does add thirty (30) more Defendants.  Twenty-four of the new Defendants are part of the Promoter and Entity Defendants that bring this motion.[1] Several of the Promoter and Entity Defendants were dismissed from the Complaint or the First Amended Complaint ("FAC"), but have been added back to the TAC by Plaintiffs.[2]   Promoter Defendants O'Toole and Pacetti were dismissed from Count One of the FAC, but have been added back to Count One and have been named in Count Three as well.

---

[1] The Individual Promoter Defendants are Frank Varon, Kyle Pacetti, Jr., Michael Craig, Timothy Kirkland, Holley Kirkland, Aaron Fortner, Rachel Jackson, Tara Wilson, Anthony Lucero, Rhonda Lucero, Jake Trzcinski, Gary J. Reynolds, Kevin Merriweather, Jason O'Toole and Lori Petrilli.   The Entity Promoter Defendants are Power Couple, Inc., ArriveBy25, Inc., Gooder, LLC, Red Letters, LLC, M-Power Path, Inc., A Berry Good Life, Inc., Network Dynamics America Corp., Freedom Legacy, LLC, Residual Marketing, Inc., Got Heart Global, Inc., Jaketrz, Inc., Mojos Legacy, LLC, BeachLifestyle Enterprises, LLC, Wealth Builder International LLC, Prospex Automated Wealth Systems, Inc., and 9248-2587 Quebec, Inc. (The Individual Promoter Defendants and the Entity Promoter Defendants are sometimes collectively referred to as "Promoter Defendants).  In addition, this motion is brought on behalf of OCD Marketing, Inc., BAM Ventures, Inc., and Jason O'Toole International Holdings, Inc., who are Entity Defendants, but are not promoters.

[2] Anthony Lucero, Rhonda Lucero, Jake Trzcinski, Freedom Legacy, LLC, Residual Marketing, Inc., Jaketrz, Inc., Mojos Legacy, LLC and Wealth Builder International, LLC.

The allegations in Count One against Promoter Defendants O'Toole, Pacetti, Prospex Automated Wealth Systems, Inc. and Gooder, LLC are deficient for several reasons, as are the corresponding allegations against O'Toole and Pacetti in Count Three.   The allegations against the Entity Defendants in Count Two and Count Nine are deficient for the same reason that the Entity Defendants were dismissed from these conspiracy counts in the FAC.   Finally, all of the Promoter Defendants and Entity Defendants (except Power Couple) should be dismissed from Count Seven (Unjust Enrichment) for lack of standing and causation.   All of these grounds were presented to Plaintiffs' counsel before the filing of this motion as requested by this Court, but resulted in no amendment to the allegations in the TAC.

## I.   PLAINTIFFS' RICO CLAIMS AGAINST PACETTI, GOODER, O'TOOLE AND PROSPEX SHOULD BE DISMISSED

### A.   Failure to distinguish between the Individual Promoter Defendants and their Entities

In paragraph 26 of the TAC, Plaintiffs allege that Defendant O'Toole owns Defendant Prospex Automated Wealth Systems, Inc. ("Prospex").   Although Plaintiffs allege that Prospex was enrolled as the actual promoter, the TAC refers to "O'Toole/Prospex" throughout, as if they were one and the same (TAC, ¶26, 128-129, 161-162).   Plaintiffs treat Defendants Pacetti and Gooder, LLC in the same manner (TAC, ¶27, 128-129, 162).   This is the type of group pleading that

this Court found to be objectionable in its first Opinion and Order [Dkt. 54 at 34-37].  The Individual Promoters and their wholly-owned Entities are separate legal persons and each is entitled to an individualized analysis of his, hers or its own RICO liability.  Plaintiffs' failure to amend the TAC to address this deficiency merits the dismissal of the aforementioned Defendants from Count One.

### B.    Failure to allege two predicate acts as to Prospex and Gooder

To prevail on a §1962(c) claim, Plaintiffs must allege that Prospex and Gooder each committed two RICO predicate acts [Dkt. 54 at 38].  On page 156 of the TAC, Plaintiffs allege three acts of wire fraud allegedly committed by Prospex:

- SK010529 (Ex. A) is an email from a ViSalus promoter to O'Toole referencing a blog.  However, there is no link to the blog.  The email does not reference Prospex, nor does it further the alleged scheme.

- SK054718 (Ex. B) is an email from a ViSalus promoter to a group of ViSalus promoters.  It references Prospex but makes no statements about it.  It does not establish Prospex' use of the mails or wires.

- SK081178 (Ex. C) is an email exchange between O'Toole and Defendant Fortner, both ViSalus promoters.  The email is not about Prospex nor does it establish Prospex' use of the mails or wires.

These emails were neither sent nor received by Prospex.  They do not constitute mail or wire fraud or predicate acts by Prospex.

The allegations against Gooder are on page 158 of the TAC:

- VISALUS93852 (Ex. D) is an email between ViSalus employees referencing an incentive agreement between ViSalus and Gooder, and the agreement itself. Gooder did not send or receive the email.

- SK036563 (Ex. E) is a list of Promoters sent by ViSalus to Defendants Sarnicola and Craig. There are no statements made at all, and it was not sent nor received by Gooder.

- VISALUS1052662[3] (Ex. F) is a list of HashTag unit recipients. This does not constitute an act of wire or mail fraud.

These emails were neither sent nor received by Gooder. Therefore, they do not constitute either mail or wire fraud or predicate acts by Gooder.

### C. The alleged predicate acts were not used in furtherance of an essential step in the execution of the alleged scheme

A mailing is in furtherance of a scheme to defraud if it is closely related to the scheme. *United States v. Griffith*, 17 F.3d 865, 874 (6th Cir. 1994), *cert. denied,* 513 U.S. 850 (1994). In order for a mailing to be in furtherance of a scheme, the scheme's completion or the prevention of its detection must have depended in some way on the charged mailing. *United States v. Castile*, 795 F. 2d 1273, 1276 (6th Cir. 1986).

---

[3] Incorrectly listed as VS1052634 in the TAC.

As detailed above, all of the alleged mailings occurred well after the existence of the alleged scheme, meaning the emails could not have been an "essential step" in the creation of the scheme. The TAC lacks any explanation of how the mailings furthered the scheme or prevented its detection.

### D.      Failure to allege that Prospex and Gooder participated in the affairs of the alleged RICO Enterprise

In order to state a § 1962(c) claim, Plaintiffs must allege that each Defendant "conduct[ed] or participate[d], directly or indirectly, in the conduct of" the alleged RICO Enterprise's affairs. 18 U.S.C. § 1962(c). "[P]articipation in the conduct of an enterprise's affairs requires proof that the defendant participated in the 'operation or management' of the enterprise." *Ouwinga v. Benistar 419 Plan Services, Inc.,* 694 F.3d 783, 792 (6th Cir. 2012) (quoting *Reves v. Ernst & Young,* 507 U.S. 170, 183 (1993)). A defendant plays "some part" in directing an enterprise's affairs if he "mak[es] decisions on behalf of the enterprise" or "knowingly carr[ies] them out." *United States v. Fowler*, 535 F.3d 408, 418 (6th Cir. 2008). To be liable under § 1962(c), "defendants must have 'conducted or participated in the conduct of the enterprise's affairs, not just their own affairs." *Ouwinga*, 694 F.3d at 792 (quoting *Reves*, 507 U.S. at 185). ( Dkt. 54 at 38-39).

The claim fails as to Prospex and Gooder because Plaintiffs have failed to sufficiently allege that they participated in the affairs of the alleged RICO Enterprise. As is the case with the other Promoter and Entity Defendants,

{01277747.DOC }

Plaintiffs have not pleaded that Prospex and Gooder made decisions on behalf of the alleged enterprise or knowingly carried them out.  As the Court found with regard to the Complaint, Prospex and Gooder are only alleged to have engaged in conduct on behalf of O'Toole and Pacetti as individuals, as opposed to on behalf of the alleged enterprise [Dkt. 54 at 40].

### E.    Failure to allege a causal connection between the predicate acts of Prospex, Gooder, O'Toole and Pacetti and Plaintiffs' injuries

In its First Dismissal Order, this Court held that in order to sufficiently allege the causation elements of their §1962(c) claim, the Plaintiffs must allege a clear causal connection between each Defendant's alleged predicate acts and Plaintiffs' injuries [Dkt. 54 at 53].  There is no alleged connection between the predicate acts attributed to Prospex and Gooder and Plaintiffs' injuries.  None of the emails listed on pages 156 and 158 of the TAC were sent to the Plaintiffs.  All three of the listed acts by Gooder occurred in 2014 **after** the Plaintiffs had left ViSalus.

The allegations against O'Toole and Pacetti are equally insufficient.  The table of predicate acts on pages 140-145 of the TAC are **identical** to the allegations against O'Toole and Pacetti  in the FAC [Dkt. 55 at 138-143].  This Court found those allegations of purportedly fraudulent conduct to be insufficient to establish the required element of causation [Dkt. 75 at 17-21].

In an effort to supplement their 1962(c) claim against O'Toole and Pacetti, Plaintiffs have alleged that O'Toole and Pacetti "co-managed" ViSalus with Sarnicola, Mallen, Blair and the Goergens, beginning in 2013 (TAC, ¶128; 162). However, the facts that allegedly support the conclusory allegation of "co-management" are no stronger than the predicate acts that this Court has already found to be insufficient.

The only facts in the TAC that relate to Plaintiffs' claim that O'Toole and Pacetti "co-managed" ViSalus are found in paragraph 162:

- O'Toole and Pacetti entered into contracts with ViSalus that provided incentives based on the number of ESS kits sold.

- O'Toole was reimbursed his operational expenses by ViSalus.

- They attended strategy sessions with Sarnicola, Mallen, Blair and Goergen where they were "exposed to the company's future strategy".

- They taught recruiting strategies to other promoters.

- They received equity in HashTag, LLC.

- They held "training sessions" for other promoters.

None of these allegations are sufficient to establish that O'Toole and Pacetti "co-managed" ViSalus or that their actions were a "substantial" and "foreseeable" cause of Plaintiffs' injuries. Compare these allegations with the allegations of proximate cause against ViSalus, Sarnicola, Blair and Mallen [Dkt. 75 at 14-16].

O'Toole and Pacetti did not create or implement the ViSalus Program, nor did they devise a fraudulent scheme.  The allegations in paragraph 162 are consistent with their conduct as promoters, which conduct this Court found to be insufficient to create a causal connection to Plaintiffs' losses under *Bridge v. Phoenix Bond & Indemnity*, 553 U.S. 639, 655, 128 S.Ct. 2131, 170 L.Ed. 29 1012 (2008).  For these reasons, the 1962(c) claim against O'Toole, Pacetti, Prospex and Gooder should be dismissed.

### F.      Failure to sufficiently plead scienter

In order to establish that O'Toole, Pacetti, Prospex and Gooder acted with scienter, Plaintiffs must plead that these Defendants "acted either with a specific intent to defraud or with recklessness with respect to potentially misleading information".  *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) [Dkt. 75 at 21].   Plaintiffs have failed to sufficiently allege that O'Toole, Pacetti, Prospex and Gooder acted with scienter.  The allegations against the aforementioned Promoters fail to support a plausible inference that they knew that ViSalus was a pyramid scheme and thus acted with fraudulent intent in failing to disclose that supposed fact [Dkt. 75 at 21-22].

## II.    PLAINTIFFS' RICO AND CIVIL CONSPIRACY COUNTS AGAINST THE ENTITY DEFENDANTS AND THE NEWLY ADDED DEFENDANTS SHOULD BE DISMISSED

This Court dismissed the Entity Defendants from the conspiracy counts in the FAC because Plaintiffs had not pleaded any factual allegations to support a finding that the Entities, as opposed to their respective individual owners, entered into any agreement to violate §1962(c) [Dkt. 75 at 53].  The TAC contains the same factual deficiencies which are exacerbated by Plaintiffs' conflation of the individual Defendant and his or her wholly-owned entity as if they were one and the same (See TAC, pp. 185-194).  For example, the references to "Wilson/ABGL" and "Fortner/Residual Marketing/GHGI" in the TAC do not provide any support for the claim that the Entity Defendants entered into an agreement to violate §1962(c).   Therefore, all of the Entity Defendants should be dismissed from Counts Two and Nine.

The newly added Individual Promoter Defendants (Anthony Lucero, Rhonda Lucero, Jake Trzcinski, Gary J. Reynolds and Kevin Merriweather) should be dismissed as well because the allegations against them do not support an inference that any of them entered into a common plan or scheme to violate §1962(c). *Heinrich,* 668 F.3d at 411.

Trzcinski is alleged only to have received equity in ViSalus and entered into agreements with ViSalus to receive compensation based on the sale of ESS kits

(TAC §36).  He is not mentioned in the allegations supporting the conspiracy counts (TAC §216-225).  Trzcinski was dismissed from the ¶1962(d) claim in the original Complaint and was not added back by the Plaintiffs until the filing of the TAC.  These allegations are insufficient to infer that he entered into a scheme to violate §1962(c) of RICO.

Anthony and Rhonda Lucero are alleged to have entered into agreements with ViSalus to receive compensation based on the sale of ESS kits (TAC §37).  They are not mentioned in the allegations supporting the conspiracy counts (TAC ¶216-225).  They were dismissed from the §1962(d) claim in the original Complaint and were not added back by the Plaintiffs until the filing of the TAC.  These allegations are insufficient to infer that the Luceros entered into a scheme to violate §1962(c) of RICO.

Reynolds is alleged to have received equity in ViSalus and appeared in a video.  There is no allegation that he was a party to any agreements with ViSalus (TAC ¶38, ¶201, p. 169, ¶223).  These allegations are insufficient to infer that Reynolds entered into a scheme to violate §1962(c) of RICO.

Merriweather is alleged to have been a promoter in previous MLMs; to have received a unit in HashTag; and to have made some videos promoting ViSalus (TAC ¶39, ¶201, p. 170, ¶223).  These allegations are insufficient to infer that Merriweather entered into a scheme to violate §1962(c) of RICO.  Therefore,

Trzcinski, the Luceros, Reynolds and Merriweather should all be dismissed from Counts Two and Nine, together with all of the Entity Defendants.

## III. PLAINTIFFS' RULE 10b-5(a) AND (c) CLAIM AGAINST O'TOOLE AND PACETTI SHOULD BE DISMISSED

The Rule 10b-5 (a) and (c) claim fails with regard to O'Toole and Pacetti because Plaintiffs have not described any inherently deceptive conduct by O'Toole and Pacetti that furthered the scheme which is separate and apart from the misrepresentations or omissions alleged in support of their Rule 10b-5(b) claims. *Benyon v. Morgan Stanley Distributors, Inc*., 420 F.3d 598, 610 (6th Cir. 2005). O'Toole and Pacetti are not alleged to have created, implemented or operated a pyramid scheme. Their conduct was no different than any other successful promoter who joined ViSalus and they should be dismissed from Count Three for the same reason that the allegations against them are insufficient under Section 1962(c), [Dkt. 75 at 40-41].

The Rule 10b-5(a) and (c) claim also fails as to O'Toole and Pacetti because the allegations of scienter are insufficient under the heightened standard of the PSLRA. 15 U.S.C. §78u-4(b)(1). Compare allegations against O'Toole and Pacetti (TAC ¶162) to those against the ViSalus Defendants [Dkt. 75 at 37-38].

## IV.   PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS AS TO ALL DEFENDANTS[4] BUT ONE

### A.      Standing

Defendants bring this part of their motion under Rule 12(b)(1) on the grounds that Plaintiffs lack standing to assert their unjust enrichment claim, and therefore, the Court is lacking subject matter jurisdiction over those claims. Plaintiffs' state law claims were brought on the basis of this Court's supplemental jurisdiction.      However, the United States Supreme Court has held that supplemental jurisdiction does not permit a federal court to exercise jurisdiction over a claim that does not itself satisfy the elements of Article III, including constitutional standing.   *DaimlerChrysler v. Cuno*, 547 U.S. 332, 350-353, 126 S.Ct. 1854, 164 L.Ed. 2d 589 (2006).   Therefore, to proceed with their unjust enrichment claim, Plaintiffs must establish that they have standing to do so in this Court.

To establish standing under Article III of the United States Constitution, a plaintiff must show:  (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged activity of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a

---

[4] Power Couple is the only promoter among the Defendants that received any benefit from Plaintiffs' enrollments (See Ex. G).  This part of the motion does not pertain to Power Couple.

favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Environmental Service (TOC), Inc.*, 528 U.S. 167, 180-181, 120 S. Ct. 693, 145 L.Ed 2d 610 (2000).  In this case, Plaintiffs have brought an unjust enrichment claim against 45 Defendants, claiming that all 45 Defendants were enriched by their losses.  In its 2016 Opinion, this Court, without distinguishing between the Defendants who were promoters and those who were not, held that the allegation that all of the Individual Defendants were "upline from the Plaintiffs" and received "bonuses and commissions. . . [w]hich were necessarily funded by a portion of the Plaintiffs' [purchases]" was sufficient to connect the Plaintiffs' losses to a gain by each Defendant [Dkt. 75 at 48-49].

Plaintiffs repeat the same allegation in their TAC at ¶258.  However, the Promoter and Entity Defendants have since discovered that except for Power Couple, none of the other Promoter and Entity Defendants were upline of the Plaintiffs and **none** of the bonuses and commissions that any other named Promoter and Entity Defendant received came from any of the named Plaintiffs (See Ex. G).  Furthermore, to establish Article III standing in a class action, at least one named Plaintiff must have standing in his own right to assert a claim **against each named Defendant** before he may purport to represent a class claim against that Defendant.  *Henry v. Circus Circus Casinos*, 223 F.R.D. 541 (D. NV. 2004).

In paragraph 258 of the TAC, Plaintiffs attempt to use the enrollment fees of the putative class members to support their claim that every Promoter and Entity Defendant was upline of the Plaintiffs:

> **Regardless of in what year**, each of the Promoter Defendants were "upline" from the Plaintiffs **and the class**, and thus, as a matter of the Compensation Plan implemented by ViSalus, obtained bonuses and commissions as a "Diamond" or other Ambassador distributor, which were necessarily funded by a portion of the Plaintiffs' (**and the class's**) purchase of a $49, $499, or $999 IP distributorship and purchase of product. (TAC §258). (Emphasis added).

This allegation does not suffice to connect the Plaintiffs' losses to the enrichment of any Promoter and Entity Defendant because it does not limit the losses to the Plaintiffs. It purports to include the losses of the putative class members.

Standing is a jurisdictional limitation on the federal court's jurisdiction that cannot be expanded by class action principles under Fed.R.Civ.P. 23. Consequently, a plaintiff who lacks Article III standing to sue a defendant may not establish standing "through the back door of a class action". *Allee v. Medrano*, 416 U.S. 802, 828-829, 94 S.Ct. 2191, 40 L.Ed. 2d 566 (1974) (Burger, C.J. concurring in part and dissenting in part); *Henry, supra* at 544. As the Court stated in *Henry*:

> The Court concludes that to establish Article III standing in a class action, **at least one named plaintiff must have standing in his own right to assert a claim against each named defendant** before he may purport to represent a class claim against that defendant. This is not to say that each named plaintiff must have a claim

against each named defendant, for, as Plaintiffs argue, standing would be quite difficult to achieve if that were the rule. Rather, **what is required is that for every named defendant there be at least one named plaintiff who can assert a claim directly against that defendant**. At that point, Article III standing is satisfied and only then will the inquiry shift to a Rule 23 analysis. (Emphasis added).

223 F.R.D. at 544.[5]

As an element of subject matter jurisdiction, the issue of standing should be raised by a motion to dismiss for lack of jurisdiction over the subject matter. 15 *Moore's Federal Practice, §*101.30 (Matthew Bender 3rd ed.).  In considering a Rule 12 (b)(1) motion to dismiss for lack of jurisdiction, a district court may consider factual matters outside the pleadings and resolve factual disputes. *Anestis v. United States*, 749 F.3d 520, 524 (6th Cir. 2014).

Attached hereto as Exhibit G is the affidavit of Zorica Bosev, the Director of Commissions and Global Support for ViSalus.  She has examined the Exigo database which tracks all of the commission and bonus payments.  Her review reveals that the **only** Promoter and Entity Defendant who was upline from the three Plaintiffs is Power Couple.  None of the other Promoter and Entity Defendants received a penny in commissions or bonuses from the enrollment fees of the

_____

[5] See also *Jimenez v. Progressive Casualty Ins. Co.,* 2016 U.S. Dist. LEXIS 144275 (D. AZ. 2016 (Ex.  H)); *Cady v. Anthem Blue Cross Life & Health Ins. Co.*, 583 F.Supp. 2d 1102 (N.D. CA. 2008); *In re Franklin Mutual Funds Fee Litigation*, 388 F.Supp. 2d 451 (D. N.J. 2005).

Plaintiffs.  This affidavit and documentation contradicts Plaintiffs' unsupported

allegations and establishes that none of the Promoter and Entity Defendants

(except for Power Couple) received any portion of the enrollment fees paid by the

named Plaintiffs.

In its 2015 Opinion, this Court stated:

> In order to state an unjust enrichment claim against these
> Defendants, Plaintiffs must plausibly allege that each
> Defendant was unjustly enriched *at plaintiff's expense*.
> *See, e.g.*, Restatement (Third) of Restitution and Unjust
> Enrichment § 1 (2011) ("A person who is unjustly
> enriched *at the expense of another* is subject to
> liability….") (emphasis added); *Kalamazoo River Study
> Group v. Rockwell Int'l*, 3 F.Supp.2d 815, 818 (E.D.
> Mich. 1997) ("Th[e] causation requirement is an essential
> element of [plaintiff's] [unjust enrichment] claim[]….
> [U]njust enrichment … require[s], at a minimum, proof
> of causation…."). If Plaintiffs choose to plead an unjust
> enrichment claim in their Amended Complaint, they
> must, among other things, sufficiently allege a
> connection between each Defendant's actions and
> enrichment, on one hand, and Plaintiffs' losses on the
> other hand.

[Dkt. 54 at 67-68].

With the exception of Power Couple, none of the Promoter and Entity

Defendants bringing this motion have any connection whatsoever to Plaintiffs'

losses.  None of them received any bonus or commission as a result of the three

enrollment fees paid by Plaintiff.  This was the only theory that the Court relied

upon in refusing to dismiss the unjust enrichment claim from the FAC [Dkt. 75 at

48-49].

For this reason, the three Plaintiffs cannot maintain an action for unjust enrichment, on the theory that their enrollment fees went upline to all of the Defendants.   Therefore, the Plaintiffs have no standing to maintain an action for unjust enrichment as to any of the Promoter and Entity Defendants (excluding Power Couple).

### B.    Failure to state a claim for unjust enrichment

Alternatively, and based upon the same facts as stated in the prior section on standing, Plaintiffs have failed to state a claim against any Promoter and Entity Defendant who they cannot identify as being "upline" of the Plaintiffs in 2013. Plaintiffs improperly have attempted to support their claim with the enrollment fees paid by potential class members in other years (TAC ¶258).  They have not sufficiently alleged a connection between their losses and a gain by any identified Promoter and Entity Defendants.

The presumption that Plaintiffs' enrollment fees enriched all 45 of the Defendants is belied by the terms of the Compensation Plan (TAC, Ex. A, pp. 5-13).   These pages of the Compensation Plan detail the various bonuses and levels of payment that qualify for commissions, along with a glossary of the terms used in the Plan.  The Promoter and Entity Defendants are or were all at the Ambassador Level or higher.  To reach that level or higher, they each had to have three separate legs or downlines of distributors (TAC, Ex. A, p. 13).  In other words, the three

Plaintiffs could not have been downline from each of the Promoter and Entity Defendants.  As set forth in Ex. G, they were downline only from Defendant Power Couple.

In addition, Plaintiffs have failed to identify which of the Promoter and Entity Defendants were actually enrolled as promoters in ViSalus in 2013 when Plaintiffs paid their fees.  Plaintiffs have alleged that nearly all of the individual promoters transferred their positions in ViSalus to wholly-owned entities. Therefore, the individual and his or her entity could not both be upline from the Plaintiffs at the same time.    Yet Plaintiffs are attempting to claim that both the individual and the entity were enriched from the Plaintiffs' enrollment fees.  The failure of Plaintiffs to distinguish the individual from his or her legally separate entity is fatal to Plaintiffs' attempt to state a claim for unjust enrichment.

Finally, Plaintiffs do not allege anywhere in the TAC that Defendants Jason O'Toole International Holdings, Inc., BAM Ventures, Inc. and OCD Marketing, Inc. are or were promoters.  Nor are they listed as recipients of distributions in paragraph 257 of the TAC.  Therefore, there are no grounds to state a claim for unjust enrichment as to those three Defendants.

## C.    No causal connection

In paragraph 257 of the TAC, Plaintiffs list a number of distributions received by several Defendants, including an **option** to Jake Tryzinski, JakeTRZ,

Inc., Rachel Jackson, Red Letters, LLC and Reynolds, for the purchase of their equity in ViSalus by 2017. The Plaintiffs paid their enrollment fees in 2013. Plaintiffs did not allege that the option was ever exercised or that these Defendants received any proceeds from the option. Even if the aforementioned option were to be exercised in 2017, there would be no connection between Plaintiffs' losses and any gain by these Defendants in 2017. Therefore, there is no basis to sustain an unjust enrichment claim against these Defendants pursuant to the allegations in paragraph 257 of the TAC.

## V.   RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that this Court grant the following relief:

A.    Dismissal of Defendants Kyle Pacetti, Gooder, LLC, Jason O'Toole and Prospex Automated Wealth Systems, Inc. from Count One.

B.    Dismissal of all of the Entity Defendants and Defendants Anthony Lucero, Rhonda Lucero, Jake Trzcinski, Gary J. Reynolds and Kevin Merriweather from Counts Two and Nine.

C.    Dismissal of Defendants Kyle Pacetti and Jason O'Toole from Count Three.

D.    Dismissal of all Promoter and Entity Defendants except Defendant Power Couple from Count Seven.

**SEYBURN KAHN, P.C.**

/s/ Barry M. Rosenbaum (P26487)
Barry M. Rosenbaum  (P26487)
2000 Town Center, Suite 1500
Southfield, MI  48075
Tel.: 248-351-3587
Fax:  248-353-3727
E-Mail: brosenbaum@seyburn.com
*Attorneys for Defendants* A Berry Good
Life, Inc., ArriveBy25, Inc., BAM Ventures,
Inc., BeachLifestyle Enterprises, LLC,
Michael Craig, Aaron Fortner, Freedom
Legacy, LLC, Gooder, LLC, Got Heart
Global, Inc., Rachel Jackson, Jaketrz, Inc.,
Holley Kirkland, Timothy Kirkland,
Anthony Lucero, Rhonda Lucero, M-Power
Path, Inc., Kevin Merriweather, Mojos
Legacy, LLC, Network Dynamics America
Corp., Jason O'Toole, Jason O'Toole
International Holdings, Inc., OCD
Marketing, Inc., Kyle Pacetti, Jr., Lori
Petrilli, Power Couple, Inc., Prospex
Automated Wealth Systems, Inc. Red
Letters, LLC, Residual Marketing, Inc.,
Gary J. Reynolds, Jake Trzcinski, Frank
Varon, Wealth Builder International LLC,
Tara Wilson, and 9248-2587 Quebec, Inc.

Dated:  June 16, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

{01277747.DOC }

**SEYBURN KAHN, P.C.**

/s/ Barry M. Rosenbaum (P26487)
Barry M. Rosenbaum  (P26487)