UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KERRIGAN, LORI MIKOVICH and RYAN M. VALLI, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISALUS, INC., a corporation, et al.,<br><br>Defendants. | Case No. 2:14-cv-12693-MFL-DRG<br><br>Hon. Matthew F. Leitman |

### DEFENDANTS ROBERT GOERGEN, SR. AND TODD GOERGEN'S MOTION TO DISMISS COUNT I OF THIRD AMENDED COMPLAINT

Defendants Robert Goergen, Sr. and Todd Goergen (the "Goergens") hereby move to dismiss Count I of Plaintiffs' Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in the attached Memorandum of Points and Authorities.

Pursuant to Local Rule 7.1 and the Court's Order on Status Conference (Doc. 167), on May 5, 2017, the Goergens provided Plaintiffs with a detailed letter identifying all grounds under which they planned to seek dismissal of Count I in the TAC. In response, Plaintiffs did not seek the Court's leave to file an amended complaint. Plaintiffs did not even respond to the Goergens' letter until June 15, 2017 at 3:49 p.m. eastern standard time, approximately 24 hours from when the

Goergens' motion to dismiss was due to the Court. In that letter, Plaintiffs offered for the first time to amend their complaint to address the issues that the Goergens had raised in their meet and confer letter more than 40 days earlier. Plaintiffs' dilatory response did not comply with the Court's requirement for a good faith, robust meet and confer process.

WHEREFORE, the Goergens respectfully move the Court to dismiss Count I of the TAC, as against them, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: June 16, 2017

                    Respectfully submitted,

                    HONIGMAN MILLER SCHWARTZ AND COHN LLP

                    /s/Nicholas B. Gorga
Nicholas B. Gorga (P72297)
Andrew W. Clark (P79165)
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226-3506
Telephone Number: (313) 465-7640
Fax Number: (313) 465-7641
ngorga@honigman.com
aclark@honigman.com

and

QUARLES & BRADY LLP

Kevin D. Quigley (AZ Bar #015972)
Edward A. Salanga (AZ Bar #020654)

ii

Brian A. Howie (AZ Bar #026021)
Michael S. Catlett (AZ Bar #025238)
*All Admitted to Practice in ED MI*
2 North Central Avenue
Renaissance One
Phoenix, AZ 85004
Telephone Number: (602) 229.5200
kevin.quigley@quarles.com
edward.salanga@quarles.com
brian.howie@quarles.com
michael.catlett@quarles.com

*Attorneys for Defendants ViSalus, Inc., Ryan Blair, Blake Mallen, Robert Goergen, Sr., and Todd Goergen*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KERRIGAN, LORI MIKOVICH and RYAN M. VALLI, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>VISALUS, INC., a corporation, et al.,<br><br>    Defendants. | Case No. 2:14-cv-12693-MFL-DRG<br><br>Hon. Matthew F. Leitman |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ROBERT GOERGEN, SR. AND TODD GOERGEN'S MOTION TO DISMISS COUNT I OF THE THIRD AMENDED COMPLAINT**

Defendants Robert Goergen, Sr. and Todd Goergen (the "Goergens") submit this Memorandum of Points and Authorities in support of their Motion to Dismiss Count I of the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................v

TABLE OF AUTHORITIES ........................................................................................ vi

STATEMENT OF ISSUES PRESENTED................................................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES............................ iii

INTRODUCTION ..........................................................................................................1

PLAINTIFFS FAIL TO PLEAD PREDICATE ACTS IN FURTHERANCE
OF A SCHEME TO DEFRAUD. ..................................................................................2

  A.  Plaintiffs Again Fail To Plead At Least Two Predicate
      Acts By Robert Goergen, Sr. ..............................................................................4

  B.  Plaintiffs Again Fail To Plead At Least Two Predicate
      Acts by Todd Goergen..........................................................................................6

CONCLUSION ................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Heinrich v. Waiting Angels Adoption Servs., Inc.,*
  668 F.3d 393 (6th Cir. 2012) ............................................................................ 2

*Pereira v. United States,*
  347 U.S. 1 (1954) ............................................................................................. 2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
  551 U.S. 308 (2007) ......................................................................................... 3

*United States v. Castile,*
  795 F.2d 1273 (6th Cir. 1986) .......................................................................... 2

*United States v. Kent,*
  608 F.2d 542 (5th Cir. 1979) ............................................................................ 3

*United States v. Maze,*
  414 U.S. 395 (1974) ......................................................................................... 2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................ 3

## STATEMENT OF ISSUES PRESENTED

1.     In Count I, does the Third Amended Complaint state a valid RICO Section 1962(c) claim against Robert Goergen, Sr. and/or Todd Goergen?

**The Goergens' Answer:  No.**

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Regarding "causal requirement" of RICO claim (Count I)**

*Heinrich v. Waiting Angels Adoption Servs., Inc.*,
  668 F.3d 393 (6th Cir. 2012)

*Pereira v. United States,*
  347 U.S. 1 (1954).

**Regarding "furtherance requirement" of RICO claim (Count I)**

*United States v. Maze*,
  414 U.S. 395, 399 (1974).

*United States v. Castile,*
  795 F.2d 1273 (6th Cir. 1986)

## **INTRODUCTION**

Plaintiffs' Third Amended Complaint (the "TAC") attempts to re-plead a Section 1962(c) claim against the Goergens that the Court has previously dismissed—twice. Most recently, the Court dismissed the claim because Plaintiffs failed to allege that the Goergens personally committed two RICO predicate acts. (Doc. 75 at 8.) Plaintiffs take another bite at the apple in the TAC, but still fall short of setting forth facts plausibly establishing that each of the Goergens committed at least two RICO predicate acts.

In the TAC, Plaintiffs attempt to cure their deficient predicate acts allegations solely by reference to certain documents ViSalus produced in this case. There are two reasons why these documents fail to plausibly establish that each of the Goergens committed at least two predicate acts. <u>First</u>, the documents do not show that the Goergens personally used the mails and/or wires or caused others to do so. In fact, none of the documents are emails sent by the Goergens or are documents purporting to have been mailed by them or on their behalf. <u>Second</u>, even if the Goergens transmitted the documents by mail and/or wire (which they did not), the identified documents were not "in furtherance" of the alleged RICO scheme. Because Plaintiffs have again failed to properly plead predicate acts, the Goergens respectfully request that the Court again dismiss Count I, as against them, with prejudice.

1

## PLAINTIFFS FAIL TO PLEAD PREDICATE ACTS IN FURTHERANCE OF A SCHEME TO DEFRAUD.

As the Court has previously held, to assert a Section 1962(c) claim, Plaintiffs must allege that each Defendant "actually committed two predicate acts" in furtherance of a scheme to defraud. (Doc. 74 at 8 (quoting Doc. 54 at 48)). For mail or wire fraud, then, "a defendant must, among other things, actually use the mails or wires and/or cause another to use the mails or wires." (Doc. 74 at 9 (citing *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012).) A defendant "causes" the mails to be used where he "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended" (hereinafter, the "causal requirement"). *Pereira v. United States,* 347 U.S. 1, 8-9 (1954).

It is not enough, however, for a defendant to simply use, or cause another to use, the mails or wires. To serve as a RICO predicate act, a mailing or wire must also be "sufficiently closely related to the scheme." *United States v. Maze*, 414 U.S. 395, 399 (1974). Thus, the scheme's completion or the prevention of its detection must have depended in some way on the mailing or wire (hereinafter, the "furtherance requirement"). *United States v. Castile,* 795 F.2d 1273, 1278 (6th Cir. 1986) (dependence test "requires that the thing mailed was an integral part of execution of the scheme so that the use of the mails was in this way 'incident to an

2

essential part of the scheme'" (quoting *United States v. Kent*, 608 F.2d 542, 546 (5th Cir. 1979)); *see also* Doc. 75 at 11 (dismissing RICO claim against Todd Goergen for failure to satisfy the causal requirement and the furtherance requirement).

Here, in attempting to allege predicate acts by the Goergens, the TAC generally references various documents that ViSalus has produced in discovery. (TAC ¶ 201, pp. 123–26.) Even a cursory review of those documents reveals that <u>none</u> of them (let alone at least two of them for Todd and at least two of them for Robert, Sr.) were sent or transmitted by either of the Goergens.[1] Moreover, none of them supports that either Todd Goergen or Robert Goergen, Sr. caused the document to be sent or transmitted.

Furthermore, Defendants have not set forth facts plausibly establishing that any of the documents were "an integral part of execution of the scheme." *Castile*, 608 F.2d at 1278. According to the TAC, the alleged pyramid scheme existed before any of the documents were even created. (*See, e.g.*, TAC ¶ 16 ("ViSalus originally incorporated in 2005 . . . ."); ¶ 5 ("The ViSalus pyramid scheme operated for a number of years. In 2008 the scheme almost collapsed . . . .") And the TAC otherwise fails to explain how the alleged scheme's completion or the prevention of

---

[1] When ruling on Rule 12(b)(6) motions to dismiss, "courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

3

its detection depended on any of the purported wires or mailings attributed to the Goergens in the TAC. For these reasons, Count I fails as to them yet again.

### A. Plaintiffs Again Fail To Plead At Least Two Predicate Acts By Robert Goergen, Sr.

None of the five documents that Plaintiffs list as supporting mail and/or wire fraud by Robert Goergen Sr. constitutes a RICO predicate act.

VISALUS094794-95 (attached as Exhibit "A")

This email chain from November 2009 appears to be discussing whether ViSalus' parent company, Blyth, would approve some minor changes to ViSalus' Compensation Plan. The email chain does not satisfy the causal requirement: Robert Goergen Sr. did not send or receive any of the emails in the chain—he is merely carbon copied—and the TAC does not include any allegations plausibly demonstrating that he caused the emails to be sent. Plaintiffs also do not include any allegations explaining how the email chain satisfies the furtherance requirement. For example, Plaintiffs do not allege that any of the changes to the Compensation Plan discussed in the email chain were actually implemented or explain how those changes perpetuated the alleged pyramid scheme, which Plaintiffs themselves allege began in 2005, four years prior to the email chain. (*See, e.g.*, TAC ¶ 16 ("ViSalus originally incorporated in 2005 . . . ."); ¶ 5 ("The ViSalus pyramid scheme operated for a number of years. In 2008 the scheme almost collapsed . . . .").)

4

VISALUS038293-94 (attached as Exhibit "B")

This email chain from August 2010 appears to be summarizing follow-up items from a monthly call between Robert Goergen, Jr. (of Blyth),[2] John Purdy (of ViSalus), and John Tolmie (of ViSalus) (none of whom are defendants). The TAC lacks any allegation that Robert Goergen, Sr. participated in the call referenced in the email chain, and it is not apparent that he did so from the email chain itself. Critically, Robert Goergen, Sr. did not send or receive any emails in the chain (again, he was merely carbon copied) and the TAC does not include any allegations plausibly demonstrating that he caused the emails to be sent. Moreover, the TAC does not explain how the monthly call or the email chain discussing it furthered an essential part of the alleged scheme.

VISALUS037790-91 (attached as Exhibit "C")

This email chain from April 2009 appears to relate to the recruitment of several IPs from "ytb." Robert Goergen Sr. did not send any emails in this chain and the TAC does not include any allegations plausibly demonstrating that he caused the emails to be sent. Furthermore, the TAC does not explain how the alleged scheme depended in any way upon the information transmitted in this specific email chain, including whether the "ex-ytb members" discussed in the email chain ever joined as ViSalus promoters.

---

[2] Robert Goergen, Jr. is the son of Robert Goergen, Sr. and is not a defendant in this case.

5

JOINDER AGREEMENT

Without referencing any Bates numbers or attaching any documents, the TAC suggests that Robert Goergen, Sr. was involved with a "Joinder Agreement." Plaintiffs do not allege that the "Joinder Agreement" passed through the mails and/or wires, much less demonstrate that Robert Goergen, Sr. caused it to do so. The TAC does not explain the purpose of the "Joinder Agreement," nor identify the participants thereof, nor explain how the "Joinder Agreement" satisfies the furtherance requirement.

VISALUS009401-97 (attached as Exhibit "D")

This document is a "Recapitalization Agreement" dated September 2014. There is no allegation or indication that the Agreement was sent through the mails or wires, or that if it was, that the sending was caused by Robert Goergen Sr. Additionally, there is no explanation in the TAC of how the Recapitalization Agreement furthered the alleged scheme.

**B.     Plaintiffs Again Fail To Plead At Least Two Predicate Acts by Todd Goergen.**

The four documents that Plaintiffs claim show mail or wire fraud by Todd Goergen are similarly insufficient.

VISALUS107771 (attached as Exhibit "E")

This November 2010 email chain consists of a message from Ryan Blair to Todd Goergen, forwarding an email from John Purdy to Ryan Blair and John

6

Tolmie. Mr. Purdy's email appears to summarize potential compensation options for Nick Sarnicola. The email chain does not satisfy the causal requirement: Todd Goergen did not send any emails in the chain and neither the TAC nor the email chain itself support that he caused either email to be sent. Also, the TAC does not explain whether the compensation discussed in the email was actually received by Mr. Sarnicola or how, if implemented, such compensation perpetuated the alleged pyramid scheme. And the TAC does not otherwise explain how the email chain regarding ideas for Mr. Sarnicola's compensation was integral to executing the scheme or otherwise satisfies the furtherance requirement.

VISALUS001706-07 (attached as Exhibit "F")

This document is an email dated September 20, 2011 from Jonathan Shapiro to several people, including Todd Goergen. The TAC does not include any allegations plausibly demonstrating that Todd Goergen caused the email to be sent. In the email, Mr. Shapiro discusses the parameters of a "Founders Fund" that Nick Sarnicola, Ryan Blair, Blake Mallen, and Ropart Asset Management would create to "invest in companies that create innovation in the direct sales industry" and discusses the Founder's Fund's first two investments, in Fragmob, LLC and Award Leasing Company, LLC. The email does not mention ViSalus or any plan to use the Founder's Fund in conjunction with ViSalus business, and the TAC does not otherwise explain how this specific email satisfies the furtherance requirement.

VISALUS002539 (attached as Exhibit "G")

This document is an email dated January 31, 2011 from Tyler Schuessler (of Blyth) to John Purdy, Ryan Blair, John Tolmie, and Blake Mallen. Todd Goergen is merely carbon-copied on the email, and the TAC does not include any allegation plausibly demonstrating that he caused it to be sent. Moreover, the email attaches a draft Form 8K document that Ms. Schuessler explains ViSalus could use to publicly disclose the number and rank of ViSalus distributors. Plaintiffs do not set forth facts plausibly establishing that the Form 8K was ever actually used. In fact, Ms. Schuessler indicates in the email that a Form 8K "could be done monthly, quarterly, *or not at all*" (emphasis added). Plaintiffs do not otherwise include facts explaining how the draft 8K or the email attaching it satisfy the furtherance requirement.

VISALUS003348 (attached as Exhibit "H")

This document appears to be a draft letter from Ryan Blair to Nick Sarnicola regarding the awarding of units in Hashtag One, LLC, which became a defendant in this case with the filing of the TAC. The draft letter is unsigned and lacks a valid mailing address. There is no indication that it was ever sent by anyone—by mail or otherwise. And even if it were sent by mail or wire, the TAC does not include any allegations plausibly demonstrating that Todd Goergen caused the transmission. Additionally, because there is no indication the letter was ever sent

8

(and the TAC does not contain any allegations to the contrary), it is implausible that this communication furthered the scheme or prevented its detection.

## CONCLUSION

Plaintiffs have now had several opportunities to plead—and re-plead—their Section 1962(c) claim against the Goergens. In the TAC, Plaintiffs attempt to brand Todd and Robert Goergen, Sr. as federal racketeers without identifying a single communication transmitted by the Goergens, let alone any such communications that furthered the alleged fraudulent scheme. Plaintiffs have now failed three times to correct the deficiencies in their RICO claim against the Goergens—and failed to take any action when the Goergens alerted Plaintiffs to the deficiencies in the TAC as part of the Court's required conferral process.[3] Accordingly, the Court should dismiss with prejudice Count I of the TAC as to Defendants Robert Goergen, Sr. and Todd Goergen.

---

[3] Instead, Plaintiffs waited until 24 hours before the Goergens' motion to dismiss was due, on June 15, 2017 at 3:49 p.m., to write to the Goergens, not to defend the alleged predicate acts listed in the TAC, but to offer to amend the TAC to include additional predicate acts (thereby implicitly admitting that the current acts are insufficient). Plaintiffs, having ignored the Court's clear admonition that they were proceeding at their own risk if they did not meaningfully participate in the meet and confer process or otherwise seek leave to amend, should not be permitted to rely on materials outside the pleadings in responding to the Goergens' motion to dismiss and should not be granted leave to amend to add additional materials.

9

Dated:  June 16, 2017

Respectfully submitted,

By:  /s/Nicholas B. Gorga
Attorney for the ViSalus Defendant8s

| QUARLES & BRADY LLP | HONIGMAN MILLER SCHWARTZ AND COHN LLP |
|---|---|
| Kevin D. Quigley (AZ Bar #015972)<br>Edward A. Salanga (AZ Bar #020654)<br>Brian A. Howie (AZ Bar #026021)<br>Michael S. Catlett (AZ Bar #025238)<br>*All Admitted to Practice in ED MI*<br>2 North Central Avenue<br>Renaissance One<br>Phoenix, AZ 85004<br>Telephone Number: (602) 229.5200<br>kevin.quigley@quarles.com<br>edward.salanga@quarles.com<br>brian.howie@quarles.com<br>michael.catlett@quarles.com | Nicholas B. Gorga (P72297)<br>Andrew W. Clark (P79165)<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, MI  48226-3506<br>Telephone Number: (313) 465-7640<br>Fax Number: (313) 465-7641<br>ngorga@honigman.com<br>aclark@honigman.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

By: /s/Andrew W. Clark
Attorney for the ViSalus Defendants

24902982.1