UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
And RYAN M. VALLI, individually, and on
Behalf of all others similarly situated,

　　　　　　　Plaintiffs,　　　　　　　Case No. 2:14-cv-12693-MFL-DRG
　　　　　　　　　　　　　　　　　　　Hon. Matthew F. Leitman

v.

VISALUS, INC., a corporation, et al.,

　　　　　　　Defendants.
_____

## MOTION OF NEWLY ADDED DEFENDANTS TO DISMISS COUNTS I, II, VII, AND IX OF PLAINTIFFS' THIRD AMENDED COMPLAINT

Ropart Asset Management, LLC, Ropart Asset Management Fund, LLC, Ropart Asset Management Fund II, LLC , Rock Ridge Asset Management Company, LLC, the Living Trust dated 9/30/91 f/b/o Robert B. Goergen, and HashTag One, LLC (the "Newly Added Defendants") through their attorneys, The Miller Law Firm, P.C., move this Court pursuant to Fed.R.Civ.P. 12(b) (1) and (6) for entry of an order dismissing Counts I, II, VII, and IX of Plaintiffs' Third Amended Complaint (their "TAC") against the Newly Added Defendants because those Counts fail to state any legally cognizable claims upon which relief can be granted against them.

On May 5, 2017, pursuant to this Court's April 10, 2017 Order (Dkt167) and E.D. Mich. LR 7.1(a), counsel for the Newly Added Defendants sent a letter to

Plaintiffs' counsel explaining the nature of this Motion and its legal basis, seeking concurrence in the relief sought by this Motion, and offering to meet and confer regarding the relief sought. Plaintiffs' counsel did not respond in a timely fashion. Indeed, they did not respond at all until 4:00 PM the day before this Motion was due to be filed, not in compliance with this Court's requirements for a *bona fide* meet and confer process. And their response sought to file yet another complaint that would be futile by any measure.  That request to file an additional complaint was subsequently retracted.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

By:      /s/ Marc L. Newman
Marc L. Newman (P51393)
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
mln@millerlawpc.com

*Attorneys for Ropart Asset Management, LLC, Ropart Asset Management Fund, LLC, Ropart Asset Management Fund II, LLC , Rock Ridge Asset Management Company, LLC, the Living Trust dated 9/30/91 f/b/o Robert B. Goergen, and HashTag One, LLC*

Dated: June 16, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
And RYAN M. VALLI, individually, and on
Behalf of all others similarly situated,

        Plaintiffs,                Case No. 2:14-cv-12693-MFL-DRG
                                        Hon. Matthew F. Leitman

v.

VISALUS, INC., a corporation, et al.,

        Defendants.
_____

## BRIEF IN SUPPORT OF MOTION OF NEWLY ADDED DEFENDANTS TO DISMISS COUNTS  I, II, VII, AND IX OF PLAINTIFFS' THIRD AMENDED COMPLAINT

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED.............................................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iii

INTRODUCTION ...............................................................................................1

STATEMENT OF FACTS ..................................................................................2

         Procedural History ..........................................................................3

ARGUMENT .....................................................................................................4

I.     IMPROPER GROUP PLEADING PRECLUDES THESE CLAIMS ...........4

      A.    Plaintiffs' Group Pleading is Improper .................................................4

      B.    Plaintiffs' Group Pleading Cannot be Factually Plausible...................6

II.    PLAINTIFFS' RICO CLAIM AGAINST THE NEWLY ADDED
       DEFENDANTS SHOULD BE DISMISSED (COUNT I).............................8

      A.    Plaintiffs Have Engaged in Impermissible Group Pleading ................8

      B.    There Are No Specific Allegations Regarding the Trust.....................9

      C.    Plaintiffs Have Failed to Plead Facts to Support Imputation of Alleged
           Individual Acts to the Newly Added Defendants ...............................10

      D.    Plaintiffs Have Failed to Plead Two Predicate Acts By Each
           Defendant ..........................................................................................12

      E.    Plaintiffs Have Failed to Plead That the Newly Added
           Defendants Used the Alleged Predicate Acts in Furtherance the
           Alleged Scheme..................................................................................16

      F.    Plaintiffs Have Failed to Plead a Direct Causal Connection Between
           the Alleged Predicate Acts and Plaintiffs' Alleged Injuries ...............17

i

G.    Plaintiffs Have Failed to Plead Facts to Support the Newly Added Defendants' Participation in the Alleged RICO Enterprise ................18

H.    Plaintiffs Have Failed to Plead Facts Supporting Scienter .................20

III.   THE RICO CONSPIRACY CLAIM AGAINST THE NEWLY ADDED DEFENDANTS SHOULD BE DISMISSED (COUNT II) ........................21

IV.   THE UNJUST ENRICHMENT CLAIM AGAINST THE NEWLY ADDED DEFENDANTS SHOULD BE DISMISSED (COUNT VII)......................22

A.    Plaintiffs Lack Subject Matter Jurisdiction to Bring the Claim..........22

B.    Plaintiffs Have Failed to Plead Facts Regarding Causation ..............23

V.    PLAINTIFFS' CIVIL CONSPIRACY CLAIM AGAINST THE NEWLY ADDED DEFENDANTS SHOULD BE DISMISSED (COUNT IX)..........25

CONCLUSION .........................................................................................25

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Does Count I of Plaintiffs' Third Amended Complaint adequately plead a RICO cause of action against the Newly Added Defendants?

   The Newly Added Defendants Answer: No.


2. Does Count II of Plaintiffs' Third Amended Complaint adequately plead a RICO conspiracy cause of action against the Newly Added Defendants?

   The Newly Added Defendants Answer: No.


3. Does Count VII of Plaintiffs' Third Amended Complaint adequately plead an unjust enrichment cause of action against the Newly Added Defendants?

   The Newly Added Defendants Answer: No.


4. Does Count IX of Plaintiffs' Third Amended Complaint adequately plead a civil conspiracy cause of action against the Newly Added Defendants?

   The Newly Added Defendants Answer: No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed.R.Civ.P. 12(b)(6)

Opinion and Order, Dkt 54

Opinion and Order, Dkt 75

# **INTRODUCTION**

In their Third Amended Complaint, Plaintiffs make grossly deficient allegations against new Defendants who are at most tenuously related to the issues in the case. This comes after the Court has repeatedly admonished Plaintiffs against such shotgun pleading. It also comes after repeated opportunities for Plaintiffs to properly frame their complaint. Now, with their fourth effort, they double down on their tactic of scattershot allegations by adding several new defendants (the "Newly Added Defendants") without properly framing allegations against any of them. This is not only an improper departure from the Court's consistent direction. It also illustrates the weakness of Plaintiffs' claims: in light of the Court's clear direction, if Plaintiffs *could* properly plead allegations against the Newly Added Defendants, they presumably *would* have done so. The fact that they have not should preclude them once and for all from pursuing their spurious claims against the Newly Added Defendants.

Despite repeated opportunities, Plaintiffs have failed to adequately plead causes of action against the Newly Added Defendants. The sole claims against them are RICO (Count I), RICO conspiracy (Count II), unjust enrichment (Count VII), and conspiracy (Count IX). The Newly Added Defendants were mere investors who nowhere are alleged to have controlled ViSalus. Two of them, RAM Funds I and II, were previously dismissed, yet Plaintiffs failed to correct the deficiencies that led to their dismissal in the first place. Dismissal under Rule 12(b)(6) is appropriate.

## STATEMENT OF FACTS

Ropart Asset Management, LLC ("RAM Management") is a Delaware limited liability company that entered into a Management Agreement with ViSalus. (TAC at ¶ 17).[1] The Management Agreement essentially gives RAM Management the ability to provide consulting and advice to ViSalus, but, critically, for purposes of this case, it does not give RAM Management the ability to make any decisions.  (Exhibit 1)

Ropart Asset Management Fund, LLC ("RAM Fund I") and Ropart Asset Management Fund II, LLC ("RAM Fund II") are Connecticut-based private equity funds that owned shares in ViSalus and/or ViSalus Holdings. The Living Trust dated 9/30/91 f/b/o Robert B. Goergen ("the Trust") is a Revocable Trust created in 1991. HashTag One, LLC ("Hashtag One") is a Connecticut venture capital fund focused on early stage funding. Rock Ridge Asset Management Company, LLC ("Rock Ridge") is another investment entity.

This Court included a detailed recitation of the alleged factual background in the First Dismissal Order. (*See* First Dismissal Order, Dkt 54 at 2-10) In the interest of judicial economy, the Newly Added Defendants will not repeat it.

---

[1] Because the Management Agreement was alleged in the TAC to form the basis of Plaintiffs' claims against RAM Management, the Court should consider it for purposes of ruling on a 12(b)(6) motion.  *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)(abrogated on other grounds).

2

## **Procedural History**

Plaintiffs filed their Complaint on July 9, 2014 (Dkt  1) This Court granted Defendants' Motions to Dismiss in part on June 12, 2015, dismissing all claims against the only two of the current Newly Added Defendants named in that action, RAM Funds I and II. (Dkt 54) Plaintiffs filed their First Amended Complaint on July 10, 2015. (Dkt 55) This Court granted Defendants' Motions to Dismiss in part, again dismissing all of Plaintiffs' claims against the only two of the current Newly Added Defendants named in that action. (Dkt 75) Plaintiffs filed their Second Amended Complaint on March 28, 2016. (Dkt 78) which did not include RAM Fund I or II.

Plaintiffs filed their Third Amended Complaint ("TAC") on March 8, 2017 (Dkt131) On April 10, 2017, this Court issued an Order requiring that counsel meet and confer regarding issues to be raised in any planned Motion to Dismiss it pursuant to Fed.R.Civ.P. 12(b)(6). (Dkt 167) Specifically, this Court ordered that "[d]uring this meet and confer, Defendants shall identify for Plaintiffs all grounds under which they plan to seek dismissal of Plaintiffs' claims and explain the basis for those grounds." *Id*. Defendants sent a detailed letter in compliance with the Court's Order on May 5, 2017, and requesting an opportunity to meet and confer on the motion's issues. Plaintiffs did not respond to that letter until 4:00 PM the day before this Motion was due, offering to amend the complaint yet again (that offer was subsequently retracted.)

That cannot be what this Court had in mind when it required a robust meet and confer process. As a result, the Newly Added Defendants filed this Motion.

## ARGUMENT

## I.    IMPROPER GROUP PLEADING PRECLUDES THESE CLAIMS

### A. <u>Plaintiffs' Group Pleading is Improper</u>

As a general matter, Plaintiffs improperly group the Newly Added Defendants, thus precluding any determination of what allegations are made against whom. This failure is fatal to all of Plaintiffs' claims against the Newly Added Defendants.

This failure comes despite this Court's repeated admonishments. The TAC nonetheless refers to RAM Management, RAM Fund I, RAM Fund II, and Rock Ridge collectively as "RAM", "unless specified otherwise". (TAC ¶ 17). "RAM" is also included among the defined "Corporate Defendants" (TAC ¶¶ 16-24).

Yet the TAC does not claim – even in conclusory fashion – that the entities are *alter egos* of one another, or allege any other basis for group liability. *See Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 F. App'x 246, 254–55 (6th Cir. 2015)(complaint "must[] plausibly allege 'substantially identical management, business, purpose, operation, equipment, customers, supervision and ownership.'") (*quoting Trs. of Detroit Carpenters Fringe Benefit Funds v. Indus. Contracting, LLC*, 581 F.3d 313, 318 (6th Cir 2009)); *Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 Fed.Appx. 13, 15 (2d Cir 2014)("generalized and

4

conclusory allegations … are plainly insufficient to state a claim of alter ego status"); *FootBalance Sys. Inc. v. Zero Gravity Inside, Inc.*, No. 15-CV-1058 JLS (DHB), 2017 WL 1215832, at *7 (S.D. Cal. Apr. 3, 2017) (complaint must "articulate facts… plausibly supporting a conclusion of alter ego liability.") Instead, the TAC seems to take *alter ego* status for granted. The rule against such pleading predates *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Craighead v. E.F. Hutton & Co., Inc.,* 899 F.2d 485, 495 (6th Cir.1985) ("while the plaintiffs have pleaded the conclusory allegation that the defendants 'conspired,' they have failed to plead the elements of conspiracy"); *Manning v. Stigger*, 919 F. Supp. 249, 254 (E.D. Ky. 1996)(RICO claim dismissed where "plaintiffs do nothing more than make a bare allegation of a conspiracy").

The TAC also states that "unless specified otherwise, both Robert Goergen, Sr. *and Trust* will be collectively referred to as "Robert Goergen, Sr." (TAC ¶ 19)(emphasis supplied). This conflation is strikingly deficient. It is axiomatic that trusts are legal entities distinct from their grantors or beneficiaries. *In re Lewiston*, 539 B.R. 154, 159 (E.D. Mich. 2015)(Cohn, J)(trusts are distinct legal entities, citing Restatement (Third) of Trusts § 2 cmt a. (2003)). Yet, Plaintiffs simply assume away the trust's independent legal identity in their definition of the term "Robert Goergon, Sr."  The TAC does not even afford the Court or the Newly Added Defendants the courtesy of an insufficient conclusory assertion. *Craighead.,* 899 F.2d at 495.

Indeed, Plaintiffs' burden in making any such allegation would be steep. In order to establish that a trust is an "alter ego" of an individual, a plaintiff must meet the same demanding test as required to pierce the corporate veil. *See Comer Family Equity Trust v. United States,* 732 F.Supp. 755, 759 (E.D.Mich.1990). The multifactor analysis amounts to an inquiry into whether the trust is a "sham" or a "mere instrumentality" designed to avoid creditors. *See Id. See also Laborers' Pension Fund v. Weinberger Homes, Inc.,* 872 F.2d 702, 704–05 (6th Cir.1988); *Bodenhamer Building Corp. v. Architectural Research Corp.,* 873 F.2d 109, 112 (6th Cir.1989). Here, Plaintiffs' failure to even make a bare allegation of *alter ego* status clearly encompasses a failure to allege satisfaction of any of the factors. And it would be impossible to do. As the TAC acknowledges, the Trust was created in 1991. It is implausible that it was created to carry on the alleged scheme 25 years later.

### B. <u>Plaintiffs' Group Pleading Cannot be Factually Plausible</u>

The group pleading is not merely procedurally improper; it is substantively misleading. These groupings are misleading because the Defendants within groups are not equivalent in terms of acts or interests. For example, grouping RAM Management (which entered into a Management Agreement with ViSalus) with the other RAM entities that are merely investors is improper and misleading because those entities stood in very different positions with regard to ViSalus.  Plaintiffs have likely done this deliberately to create the appearance that RAM Funds I and II, Rock Ridge, the

6

Trust, and HashTag One have closer ties to ViSalus than they actually do. For example, Paragraph 17 alleges that "RAM" (collectively) provided "management and strategic advice to enable the scheme to operate and grow, as a lender of funds, and through its membership on ViSalus board of directors and eventual management of the enterprise." This contradicts  other allegations, which concede that some of the RAM entities did not provide advice, and is inconsistent with the undisputed fact that none of the RAM entities had a seat on the ViSalus Board. To the extent that the term refers to Robert Goergen, Sr. and/or Todd Goergen, they are alleged to have "owned and controlled" only RAM Funds I and II. Robert Goergen, Sr. is not alleged to have any role with Rock Ridge or RAM Management, while Todd Goergen is alleged to have "managed" RAM Fund I and RAM Fund II through them. Only Todd Goergen is alleged to have served on the ViSalus Board.

This mess of contradictions is exactly what the Court warned against. (Dkt54 at 43). Moreover, it makes clear that the TAC's shortcomings cannot be remedied by yet another round of amendments – the shortcomings fundamentally stem not from the fact that the claims against the Newly Added Defendants were sloppily pled, but rather from the fact that they *cannot* be properly pled, because these defendants were simply too attenuated from the matters at issue in this case.

Likewise, Plaintiffs cannot possibly plead anything that might raise a plausible inference that the Trust – *which was established in 1991* – was designed to avoid

7

paying a debt to Plaintiffs or the putative class. *See Bodenhamer Building Corp.,* 873 F.2d at 112 (alter ego determination premised on finding that trust was "mere instrumentality" to avoid paying creditors). Rather, the fact that the 25 year-old trust long predated any of the matters at issue in this case strongly raises the opposite inference.    Nor have Plaintiffs made even a bare allegation that Trust had anything to do with the conduct at issue in this case. For example, none of the predicate acts set forth at Paragraph 201 of the TAC have anything to do with the Trust, and there is no plausible explanation as to how the trust was or could have been involved.[2]

## II. PLAINTIFFS' RICO CLAIM AGAINST THE NEWLY ADDED DEFENDANTS SHOULD BE DISMISSED (COUNT I)

### A. Plaintiffs Have Engaged in Impermissible Group Pleading

The improper group pleading discussed above is fatal to Plaintiffs' RICO claim against the Newly Added Defendants. Count I includes impermissible group pleading with regard to RAM Management, RAM Fund I, RAM Fund II, and Rock Ridge. For example, Paragraph 134 alleges that RAM "and its executives… provided almost daily advisory and management services" to ViSalus. It is unclear whether this is intended to include Rock Ridge. Similarly, Paragraph 143 alleges that "RAM" entered into the MIPA for Blyth to purchase equity of each Defendant, but it does not identify the parties to the Agreement or whether Rock Ridge had any equity to purchase.

---

[2] Plaintiffs have also failed to allege facts imputing individual actions to entities. As with the improper group pleading, this Court addressed this specifically in its 6/12/15 Order (Dkt 54 at 43, n. 15). Plaintiffs have not alleged any facts to fix this problem.

This Court previously dismissed Plaintiffs' RICO claim against RAM Fund I and RAM Fund II because of impermissible group pleading. (Dkt54 at 36-37, 42-43). That deficiency has not been corrected in the TAC despite Plaintiffs' re-addition of RAM Fund I and RAM Fund II in the new pleading. As with the earlier attempts, the TAC's "group pleading has made the Court's analysis of Plaintiffs' RICO claims extraordinarily difficult, if not impossible." *Id.* at 37. And it is entirely unfair to the Newly Added Defendants, given that each of them "is entitled to an individualized analysis of his, her, or its own [alleged] RICO liability." *Id.*

### B. <u>There Are No Specific Allegations Regarding the Trust</u>

It is unclear whether Plaintiffs intend to allege Count I against the Trust. The Trust is not mentioned in the Count's heading, but, as discussed above, in Paragraph 19, Plaintiffs duck the obligation to assert specific claims against the Trust by defining "Robert Goergen, Sr." to include it.[3] Just as before, "Plaintiffs' imprecise RICO allegations are particularly confusing because it is obvious from Plaintiffs' own narrative that Plaintiffs do not—and cannot—literally mean that *each* Defendant engaged in the alleged acts". (Dkt 54 at 35)(emphasis in original) Moreover, it is hard to see how the allegations against Robert Goergen, Sr., could apply to the Trust. For

---

[3] As noted previously, the same is true for Count III. To the extent that any of the allegations in Count III are determined to apply to the Trust, the Newly Added Defendants rely on the arguments of their co-Defendants to dismiss Count III.

example, there are numerous allegations where the Trust could not *plausibly* participate in the conduct alleged. *See, e.g.,* TAC ¶¶ 130, 132-133, 135, 136, 139.

Further, as discussed above, Plaintiffs do not even attempt to allege any facts to establish alter ego liability by the Trust, other than to allege that it transacted business for Mr. Goergen's benefit. (TAC at ¶ 19). This is insufficient as discussed above.

## C. Plaintiffs Have Failed to Plead Facts to Support Imputation of Alleged Individual Acts to the Newly Added Defendants

As noted previously, Plaintiffs have also still failed to allege facts imputing individual actions to the Newly Added Defendants, as required by the Court. (Dkt 54 at 43, n. 15). The allegation that Robert Goergen, Sr. and Todd Goergen "assumed the designee powers given to RAM" is entirely conclusory. (TAC ¶ 135). Additionally, even if they did assume such powers, there is no allegation that doing so equated with the making or carrying out of business decisions for ViSalus. The same is true if Robert Goergen, Sr. and Todd Goergen "sat on the board of ViSalus and were privy to every facet of the organization": there is no allegation that this equated to the entities making or carrying out business decisions, as this Court previously held is necessary to survive dismissal. Similarly, Plaintiffs' conclusory allegation that multiple Defendants "controlled the business operation of ViSalus" (TAC ¶ 148) with no supporting facts falls short of the Court's requirement. (Dkt 54 at 42)

Indeed, Plaintiffs' own allegations suggest the contrary. For example, they allege that "RAM" provided strategic and investment advice, before conclusorily

10

asserting that it exercised "eventual management" (TAC ¶ 17), and that the individual Defendants – not the Newly Added Defendants – made the business decisions for ViSalus. (TAC ¶ 202). As this Court has explained, "advisors and/or vendors to a RICO enterprise 'who are outside the chain of command through which the enterprise's affairs [are] conducted' do not participate in the RICO enterprise *as a matter of law*." (Dkt 54 at 40, citing *United States v Oreto*, 37 F3d 739, 750 (1st Cir 1994))(emphasis added). *See also id.* at 40-41 ("'simply performing services for an enterprise, even with knowledge of the enterprise's illicit nature,' does [not] constitute participation in the enterprise," quoting *Goren v New Vision Int'l, Inc*, 156 F3d 721, 728 (7th Cir 1998)). Based on the allegations alone, Plaintiffs cannot plausibly allege that the Newly Added Defendants made decisions for ViSalus.

In terms of alleging a "pattern of racketeering activity," the TAC also fails. The impermissible group pleading continues, with Plaintiffs alleging that "Defendants" have taken every possible step to sell the program to IPs and potential IPs. (TAC ¶ 197) There are no references to individual Defendants or to any specific Newly Added Defendants, and there are no allegations that any of the Newly Added Defendants sold anything. The allegations are just as "confusing" as before, because it remains "obvious from Plaintiffs' own narrative that [they] do not – and cannot – literally mean that *each* Defendant engaged" in the alleged wrongful acts. (Dkt 54 at 35)(emphasis in original) In fact, instead of remedying the shortcoming of too many

Defendants with "limited, if any, involvement in the Alleged RICO Enterprise," *id.*, Plaintiffs have exacerbated the problem by naming new Defendants with even more tenuous connections to the alleged conduct.   In short, after the Court admonished Plaintiffs to plead a plausible theory of liability against each Defendant, Plaintiffs moved in the opposite direction, towards a *de facto* assertion of "guilt by association."

### D. <u>Plaintiffs Have Failed to Plead Two Predicate Acts By Each Defendant</u>

Plaintiffs' RICO claim also fails against the Newly Added Defendants because Plaintiffs have failed to adequately plead that each of the entities committed *any* – let alone two – predicate acts.  (Dkt 54 at 48).

The TAC contains an extensive chart of alleged predicate acts of mail and/or wire fraud (TAC ¶ 201, pages 112-171).  That chart not only conflates the parties, but also creates new terms for the parties that are inconsistent with earlier terms (TAC ¶¶ 17 and 19).[4]  It is thus impossible to determine which predicate acts are alleged against each of the Newly Added Defendants.

---

[4] For example: the "RAM" chart groups RAM Management with RAM Funds I and II, but the entities are called "Ropart," which is not a defined term from Paragraph 17 (pp. 148-149); the same chart mentions Ropart Fund I and Ropart Fund II separately, neither of which is a defined term from Paragraph 17, but not RAM Management (pp. 148-149); the Rock Ridge chart mentions Ropart Management, which is not a defined term under Paragraph 17, but not Rock Ridge, in two out of three cells (p. 150); and the HashTag chart mentions Ropart , which is not a defined term under Paragraph 17 and ViSalus, not HashTag One, in two cells (p. 171).

Additionally, Plaintiffs' 1962(c) claim fails because they have not identified any mailing or wire that any of the Newly Added Defendants sent or caused to be sent. While Plaintiffs cite numerous documents of purported predicate acts (TAC ¶ 201), they do not support Plaintiffs' contentions. First, there are no allegations that the emails were transmitted by any of the Newly Added Defendants. Instead, at most, it appears that some of these Defendants *received* email correspondence. Second, some of the documents cited are routine transaction documents (such as promissory notes and security agreements), but there are no allegations that the underlying transaction documents were ever transmitted by mail or wire.

It is insufficient for Plaintiffs to provide a superficial listing of documents – without allegations demonstrating what about these documents Plaintiffs contend are predicate acts – and attempt to improperly shift the burden to Defendants and the Court to parse through them. *Martin v. Magee*, No. CIV.A. 10-2786, 2011 WL 5509000 at * 3 (E.D. La. Nov. 3, 2011)(proposed amended complaint failed to establish a RICO claim because among other things it "includes a listing or index of alleged predicate acts, identified by documents but without explanation.")

Moreover, the TAC must plausibly allege some connection between supposed predicate act and the alleged scheme. Rule 9(b) "requires [Plaintiffs] … to provide a detailed description of the fraudulent scheme and a clear explanation of each Defendant's alleged role in it." (Dkt 54 at 50). Thus, to be a predicate act, the

Complaint must plausibly allege that the email or document is at a minimum "incident to an essential part of the scheme" or "a step in the plot." *United States v. Hasson,* 333 F.3d 1264, 1272-1273 (11th Cir.2003)(quoting *Schmuck v. United States,* 489 U.S. 705, 710–11 (1989)). But Plaintiffs do not plausibly allege how any of the documents cited with regard to the Newly Added Defendants were incident to an essential part of the alleged scheme or a step in any plot.

Indeed, a review of these documents shows that none of them establish any predicate acts. There are two basic categories: (1) routine emails, mostly which were received by the Newly Added Defendants; and (2) routine transaction documents. A chart detailing why each of the documents do not constitute predicate acts is attached as Exhibit 2. It is based on Plaintiffs' chart set forth at Paragraph 201 of the TAC. Plaintiffs' chart is tellingly deficient in terms of plausibly alleging predicate acts; for example, it says that every document was "directed to" the "Pyramid Scheme Victims," even though the documents largely consist of internal emails and a business agreement that would never have been sent to the purported "victims." In any event, although it is not the Court's burden to sift through the materials, the Newly Added Defendants are happy to provide the Court with copies of them for review. They are insufficient to plausibly allege predicate acts for the following reasons:

**RAM Management, RAM Fund I and RAM Fund II**:   The documents alleged as to these defendants are listed on pages 148-149 of the TAC and do not

establish predicate acts. Most were never sent or caused to be sent by these defendants. There is one email that was sent by Jonathan D. Shapiro who is alleged to be an executive of RAM Management – not any of the other defendants – regarding the Founders Fund, but nothing about it suggests it is a predicate act. There are also promissory notes between ViSalus and RAM Fund I (to which RAM Fund II and RAM Management are not parties), a security agreement, and an operating agreement. The mere existence of the documents, without more, cannot constitute predicate acts because there is nothing alleging that they were ever transmitted by mail or wire or that these basic transactional documents were used for anything other than legitimate business purposes. There are no allegations that these documents were somehow used as an essential step in furtherance of any scheme. *See infra.*

**Rock Ridge**: There are three documents alleged against Rock Ridge, located at page 150 of the TAC. These are routine emails, including dealing with reimbursement of expenses. Moreover, there are no allegations plausibly alleging that Rock Ridge sent or caused them to be sent. Thus, they fail to allege predicate acts.

**The Trust**: Predicate acts alleged against the Trust are at pages 123-124 of the TAC. There are three emails, but no allegations plausibly alleging that the Trust sent any of them. (As to the one email that references a telephone call, the TAC does not allege that the Trust participated in the phone call). The TAC also alleges unspecified documents and communications about the Joinder Agreement, to which the TAC does

not allege the Trust is a party, and which it is not alleged to have sent by mail or wire. Finally, there is a Recapitalization Agreement to which the Trust is not a party. There is no allegation or indication that the Trust sent it by mail or wire, and the document's mere existence, without more, does not plausibly allege a predicate act.

**Hash Tag One**:  There are three predicate acts alleged against Hash Tag One, contained on page 171 of the TAC.  As to the first email, there are no allegations that HashTag One caused it to be sent.  The second appears to be a confidential list of HashTag One unit recipients. It lacks a valid address and there is no indication that it was ever sent at all or that HashTag One caused its transmission. And its mere existence, without more, does not plausibly allege a predicate act.  Finally, there is a draft letter to Nick Sarnicola from Ryan Blair.  It lacks a valid address and there is no indication that it was ever sent or that HashTag One caused its sending.

### E.  Plaintiffs Have Failed to Plead That the Newly Added Defendants Used the Alleged Predicate Acts in Furtherance the Alleged Scheme

Plaintiffs' 1962(c) claim against the Newly Added Defendants also fails because the documents identified in the TAC were not used in furtherance of an essential step in the execution of the alleged scheme.  In order for a mailing or wire to be in furtherance of a scheme, the scheme's completion or the prevention of its detection must have depended in some way on the charged mailing or wire.  *United States v. Castile,* 795 F .2d 1273, 1278 (6th Cir. 1986). The TAC makes no effort to allege how the documents identified regarding the Newly Added Defendants, all of

16

which are the types of documents routinely seen in the transaction of business, furthered the scheme or prevented its detection. The circular suggestion that such routine paperwork is "in furtherance of a scheme" just because it pertains to a business allegedly involved in the scheme turns the required showing on its head.

Moreover, the communications identified that involve Rock Ridge, the Trust, and HashTag One all occurred long after Plaintiffs allege the scheme existed, making it impossible for them to have been an "essential step" in the scheme's creation. All but two of the communications identified that involve RAM Management, RAM Fund I, and RAM Fund II occurred in or after March 2009, similarly making it impossible for them to have been an "essential step" in the creation of the scheme.

**F. Plaintiffs Have Failed to Plead a Direct Causal Connection Between the Alleged Predicate Acts and Plaintiffs' Alleged Injuries**

This Court has made it clear that Plaintiffs must allege "a direct causal connection" between the alleged predicate acts committed by each of the Newly Added Defendants and Plaintiffs' alleged injuries. (Dkt 54 at 50-52) That means that Plaintiffs must "clearly link[ ] their loses to…[a] specific act or communication" by each Defendant. *Id*. At 52.  None of the materials attributed to these entities were seen by any Plaintiff.  With regard to HashTag One, not only is there no link between the three alleged predicate acts and Plaintiffs' injuries, but all three alleged acts occurred in 2014, *after* Plaintiffs enrolled in ViSalus. (TAC ¶ 201, page 171). This is at odds with Plaintiffs' obligation to plead at least "'some direct relation between the injury

17

asserted and the injurious conduct alleged.'" (Dkt 75 at 17, quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir 2012)).

### G. Plaintiffs Have Failed to Plead Facts to Support the Newly Added Defendants' Participation in the Alleged RICO Enterprise

This Count also fails because Plaintiffs have not adequately alleged that RAM Management, RAM Fund I, RAM Fund II, Rock Ridge, the Trust, and HashTag One participated in the affairs of the alleged RICO enterprise. The allegation of participation is made in a single, conclusory allegation (TAC ¶ 195), which merely avers "as set forth above" without any factual support. But this Court has made clear that "a RICO violation 'requires more than that a defendant "had a business relationship with a putative RICO enterprise or…performed services for that enterprise."'" (Dkt 54 at 40)(citations omitted). Rather, "participation" for purposes of Plaintiffs' RICO claim requires facts establishing that a defendant "'mak[es] decision on behalf of the enterprise'" or 'knowingly carries them out.'" (Dkt 54 at 39, quoting *United States v. Fowler*, 535 F.3d 408, 418 (6th Cir. 2008)).

Also, in its previous ruling dismissing the "Ropart Entities" (RAM Funds I and II), this Court found that the claim failed because "Plaintiffs simply have not alleged that the Ropart Entities had the authority to make any decisions on behalf of the Alleged RICO Enterprise" or made sufficiently plausible allegations of "control." (Dkt 54 at 42). Significantly, this Court also previously rejected the notion that the mere presence of Robert Goergen, Sr. and/or Todd Goergen on ViSalus' Board of

18

Directors (or as officers of ViSalus) could constitute participation by any of the Newly Added Defendants for RICO purposes absent "sufficient plausible allegations" that they "were acting on behalf of, or at the direction of, the Ropart Entities when serving as officers or directors of ViSalus." *Id*. at 43. It further held that Plaintiffs failed to sufficiently plead that RAM Fund I or II "encouraged or knowingly permitted" others to commit predicate acts, because "[t]he passive act of not preventing another person from committing a predicate act seems to fall short of the active conduct required to establish 'participation' in the enterprise." (Dkt 54 at 47-48).

Notwithstanding the clarity of this Court's rulings, Plaintiffs have continued their failure to state facts to survive dismissal. Instead, Plaintiffs have only alleged that the Management Agreement between RAM Management and ViSalus states that RAM Management "will provide such advisory and management services" that the Board of Directors may request. The Court need not accept Plaintiffs' allegations, but should consider the Management Agreement on its own. Based on that, it is clear that RAM Management did not have any ability to control ViSalus. (Ex. 1) Indeed, Plaintiffs do not allege that the Agreement grants RAM Management any authority to make or carry out decisions. And this Court has explicitly held that the performance of services alone cannot support a RICO claim. *Id* at 40-41. Even if RAM Management (or any other Newly Added Defendant) "could appoint and remove managers of the company and sit on the company's board" as alleged in conclusory fashion (TAC ¶

19

135), there is no allegation that it (or they) did so or that, if it did, such conduct constituted making or carrying out decisions.

Moreover, Plaintiffs do not even attempt to allege that RAM Fund I, RAM Fund II, and Rock Ridge made or carried out business decisions for ViSalus. (TAC ¶ 149) At best, the TAC alleges that these Defendants were passive investors, which does not meet the legal standard for participation that this Court has previously articulated. Similarly, the Trust is not separately alleged to have taken *any* action that would constitute participation, and Plaintiffs acknowledge that Robert Goergen Sr. and the Trust merely "had a supporting role and provided financial advice." (TAC ¶ 136) HashTag One is not separately alleged to have taken any action that would constitute participation, as the alleged equity plan does not involve making or carrying out business decisions for ViSalus. (TAC ¶ 182-183) This Court has already held that such allegations are legally insufficient to state a RICO claim.

### H. Plaintiffs Have Failed to Plead Facts Supporting Scienter

Plaintiffs have also failed to sufficiently allege the Newly Added Defendants' scienter.  To satisfy the RICO scienter requirement, Plaintiffs must plead facts showing that each Newly Added Defendant made representations "with a specific intent to defraud or with recklessness with respect to potentially misleading information." Dkt 75 at 20 (citing *Heinrich*, 668 F.3d at 406). A "general averment of

20

the defendant's 'knowledge' of material falsity" is inadequate: "knowledge or reckless disregard of [the statement's] falsity" is required. *Id.* at 404, 406.

The TAC contains no specific scienter allegations *at all* against any of the Newly Added Defendants (unless the group pleading allegations against Robert Goergen, Sr. can be held to include the Trust), only "general averments." (TAC ¶202) Moreover, as already established, Plaintiffs have pled no facts to impute the alleged acts of individuals to any of these entities, as this Court has previously required them to do. (Dkt 54 at 43, n. 15) And to the extent that any of the general allegations apply to the Newly Added Defendants, they fail to support a plausible inference that these entities knew that ViSalus was a pyramid scheme.

### III. THE RICO CONSPIRACY CLAIM AGAINST THE NEWLY ADDED DEFENDANTS SHOULD BE DISMISSED (COUNT II)

Because Plaintiffs' RICO claim against the Newly Added Defendants fails, they cannot support a claim for RICO conspiracy. (Dkt 54 at 58, citing *Heinrich*, 668 F3d at 411) Indeed, Plaintiffs have not alleged that the Newly Added Defendants, as opposed to their individual owners, entered into any agreement to violate §1962(c). This failure to differentiate between the individuals and the entities they own is fatal to the claim that the Newly Added Defendants engaged in a RICO conspiracy. Moreover, the conspiracy allegations all address Robert Goergen, Sr., not the Trust, so group pleading is inappropriate. (TAC ¶ 223) The same is true as to the grouping of "RAM" and HashTag One with Todd Goergen. *Id.* Once again, the mere assumption

21

of participation does not even arise to the level of a bare assertion, which is itself insufficient to state a claim for RICO conspiracy. *Craighead,* 899 F.2d at 495.

This Court previously dismissed Plaintiffs' RICO conspiracy claim against RAM Fund I and RAM Fund II because of impermissible group pleading. (Dkt 54 at 36-37, 42-43) This Court again subsequently dismissed Plaintiffs' renewed RICO conspiracy claim against those Defendants because there was no substantive RICO claim against them. (Dkt 75 at 25-26) That deficiency has not been corrected in the Third Amended Complaint despite the re-addition of RAM Fund I and RAM Fund II.

## IV.   THE UNJUST ENRICHMENT CLAIM AGAINST THE NEWLY ADDED DEFENDANTS SHOULD BE DISMISSED (COUNT VII)

### A.   Plaintiffs Lack Subject Matter Jurisdiction to Bring the Claim

The Newly Added Defendants also seek dismissal under Fed.R.Civ.P. 12(b)(1) because the Court lacks subject matter jurisdiction over the unjust enrichment claim against them. While Plaintiffs purport to bring this state law claim based on this Court's supplemental jurisdiction, a federal court cannot exercise such jurisdiction over a claim that does not itself satisfy Article III's standing requirements. *DaimlerChrysler v. Cuno*, 547 U.S. 332, 350-353 (2006).  To establish standing under Article III of the United States Constitution, a plaintiff must show:  (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will

be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Environmental Service (TOC), Inc.*, 528 U.S. 167, 180-181 (2000). But there are no facts pled the TAC to establish that Plaintiff's alleged injury is traceable to any of the Newly Added Defendants, as opposed to the other 39 Defendants in this case.

Moreover, to establish Article III standing in a class action, at least one named Plaintiff must have standing in his own right to assert a claim against **each named Defendant** before he may purport to represent a class claim against that Defendant." *Henry v. Circus Circus Casinos*, 223 F.R.D. 541, 544 (D. NV. 2004)(emphasis added). Plaintiffs lack standing to pursue an unjust enrichment claim against the Newly Added Defendants because none of the named Plaintiffs can plausibly allege that any of these entities received any benefit from Plaintiffs' enrollment fees. Standing is a jurisdictional limitation on the federal court's jurisdiction that cannot be expanded by class action principles under Fed.R.Civ.P. 23. Consequently, a plaintiff who lacks Article III standing to sue a defendant may not establish standing "through the back door of a class action." *Allee v. Medrano*, 416 U.S. 802, 828-829 (1974) (Burger, C.J. concurring in part and dissenting in part); *Henry, supra* at 544. Here, none of the Newly Added Defendants have any link to Plaintiffs' losses.

## B. <u>Plaintiffs Have Failed to Plead Facts Regarding Causation</u>

To plead an unjust enrichment claim, Plaintiffs must sufficiently allege a connection between each Defendants' actions and enrichment, on the one hand, and

23

Plaintiffs' losses on the other hand. *Innotext, Inc. v Petro'Lex USA, Inc.,* 694 F.3d 581, 594 (6th Cir. 2012) In other words, they must plead facts plausibly establishing that each Newly Added Defendant was unjustly enriched at Plaintiffs' expense. As this Court explained when it dismissed the earlier such claim against RAM Funds I and II, "[i]f Plaintiffs choose to plead an unjust enrichment claim in their Amended Complaint, they must, among other things, sufficiently allege a connection between each Defendant's actions and enrichment, on one hand, and Plaintiffs' losses on the other hand." (Dkt 54 at 67-68). The TAC still lacks any causal connection between the proceeds claimed in Paragraph 256 and Plaintiffs' losses, because there is no claim that any of the Newly Added Defendants received any money from the Plaintiffs.

Even if there were such an allegation that each of the Newly Added Defendants was unjustly enriched *at Plaintiffs' expense*, the purported connection between the Newly Added Defendants and Plaintiffs is too attenuated to support the claim. For example, even if RAM Funds I and II are "controlled by the Goergens" (TAC ¶ 257), the Blyth buyout is simply too far removed from the alleged harm to Plaintiffs. This Court previously dismissed the unjust enrichment claim against RAM Funds I and II on this basis. (Dkt 75 at 49) While the "Entity Defendants" at that time included only two of the current Newly Added Defendants (RAM Funds I and II), this Court's reasoning applies equally to all of the current Newly Added Defendants, and the unjust enrichment claim against all of them should be dismissed.

24

## V.     PLAINTIFFS' CIVIL CONSPIRACY CLAIM SHOULD BE DISMISSED (COUNT IX)

The civil conspiracy claim against the Newly Added Defendants relies on the unjust enrichment claim as the underlying tort. (TAC ¶ 270) It thus fails for the same reasons as the unjust enrichment claim. Moreover, as with their failed RICO conspiracy claim, Plaintiffs have failed to plead factual allegations that the Newly Added Defendants, as opposed to their individual owners, engaged in a civil conspiracy.  Plaintiffs' failure to differentiate between the entities and their individual owners cannot support a finding that both the individual and the Newly Added Defendants conspired to violate 1962(c). Moreover, the specific conspiracy allegations all address Robert Goergen, Sr., not the Trust. (TAC ¶ 223) The same is true as to the grouping of "RAM" and HashTag One with Todd Goergen. *Id.*

## CONCLUSION

Based on the foregoing, the Newly Added Defendants respectfully request that this Court grant their Motion to Dismiss all of Plaintiffs' claims against them.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

By:      /s/ Marc L. Newman
Marc L. Newman (P51393)
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
mln@millerlawpc.com

Dated: June 16, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
And RYAN M. VALLI, individually, and on
Behalf of all others similarly situated,

       Plaintiffs,            Case No. 2:14-cv-12693-MFL-DRG
                                        Hon. Matthew F. Leitman

v.

VISALUS, INC., a corporation, et al.,

       Defendants.
_____

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 16, 2017, I electronically filed the foregoing document using the ECF system which will send notification of such filing to all attorneys of record.

                         **THE MILLER LAW FIRM, P.C.**

                         By:     /s/ Marc L. Newman
                         Marc L. Newman (P51393)
                         950 West University Drive, Suite 300
                         Rochester, Michigan 48307
                         (248) 841-2200
                         mln@millerlawpc.com

Dated:  June 16, 2017