UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KERRIGAN, LORI MIKOVICH
and RYAN M. VALLI, individually, and on
behalf of all others similarly situated,

      Plaintiffs,

v.

VISALUS, INC., a corporation, et al.,

      Defendants.

Case No. 14-cv-12693
Hon. Matthew F. Leitman

# ORDER GRANTING FINAL APPROVAL OF
# CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

Plaintiffs and Class Representatives Timothy Kerrigan, Lori Mikovich and Ryan Valli ("Named Plaintiffs") acting individually and on behalf of the Settlement Class, filed an Unopposed Motion for Final Approval of Proposed Settlement and Final Judgment (the "Motion"). The Motion seeks final approval of the Class Representatives' agreement ("Agreement"), as specified in their written settlement agreement ("Settlement Agreement") with ViSalus, Inc. ("ViSalus"), Nick Sarnicola, Robert Goergen, Sr., Todd Goergen, Ryan Blair, Blake Mallen, Frank Varon, Kyle Pacetti, Jr., Michael Craig, Timothy Kirkland, Holley Kirkland, Aaron Fortner, Rachel Jackson, Tara Wilson, Anthony Lucero, Rhonda Lucero, Jake Trzcinski, Gary J. Reynolds, Kevin Merriweather, Ropart Asset Management Fund

I, LLC, Ropart Asset Management Fund II, LLC, Living Trust Dated 9/30/1991 f/b/o Robert B. Goergen, OCD Marketing, Inc., Power Couple, Inc., Arrive By 25, Inc., BAM Ventures, Inc., Gooder, LLC, Red Letters, LLC, M-Power Path, Inc., A Berry Good Life, Inc., Network Dynamics America Corp., Freedom Legacy, LLC, Residual Marketing, Inc., Got Heart Global, Inc., Jaketrz, Inc., Mojos Legacy, LLC, Beachlifestyle Enterprises, LLC, Wealth Builder International, Prospex Automated Wealth Systems, Inc., 9248-2587 Quebec, Inc., Jason O'Toole, and Lori Petrilli (collectively "Defendants") to settle all individual and class claims that have, or could have, been made in Plaintiffs' Fourth Amended Complaint as specified in their written settlement agreement ("Settlement Agreement"). This Court, having reviewed the Motion and the exhibits, including the Settlement Agreement, finds itself to be apprised of the issues and grants the Motion.

NOW, THEREFORE, this Court, having heard the oral presentations made at the Final Approval Hearing, having reviewed the submissions presented regarding the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, and having received arguments concerning the award of attorneys' fees, and having reviewed the materials in connection therewith, and now deeming itself to be fully informed;

# IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The capitalized terms used in this Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. This Court has jurisdiction over the subject matter of this case, all claims raised therein, and all Parties thereto, including the members of the Settlement Class.

3. This Court finds, solely to consider this Agreement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement, that common issues of law and fact predominate over individual issues, that common issues of law and fact predominate over individual issues, and that settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes.

4. The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests for exclusion. The following twenty-two (22) individuals, members of the Settlement Class, timely submitted notices to opt out

of this class settlement, and therefore their rights are not affected by this final judgment: (1) Johnny Volpe, ViSalus IP #3396754; (2) Victoria Hughes, ViSalus IP #1822936; (3) Cynthia Cialdella, ViSalus IP #2757479; (4) Alison Belgrave, ViSalus IP #1330764; (5) Carlos Ubinas ,ViSalus IP #2502998; (6) Jean-Michel Moulin, ViSalus IP #1621357; (7) Kimberley Earl, ViSalus IP #3462962; (8) Maxime Lacoursiere, ViSalus IP #2329006; (9) Benoit Giguere, ViSalus IP #1269371; (10) Caroline Dombroskie, ViSalus IP #3953459; (11) Christopher Scarfo, ViSalus IP #514227; (12) Youri Durocher, ViSalus IP #1631810; (13) Claudette Grondin, ViSalus IP #1269648; (14) Shakeel Khan, ViSalus IP #1422532; (15) Victoria Loughlin, ViSalus IP #667640; (16) Willington Tique, ViSalus IP #1247502; (17) Blake Moore, ViSalus IP #407918; (18) Jodi Woodside, ViSalus IP #650736; (19) Julie Grenier, ViSalus IP #2284611; (20) Callie Chicoine, ViSalus IP #748296; (21) Cindy Long, ViSalus IP #817462; and (22) Susan Escritor, ViSalus IP #1921072.

5.  The Plaintiffs Timothy Kerrigan, Lori Mikovich and Ryan Valli have served fairly and adequately as Class Representatives of the Settlement Class.

6.  These attorneys and their respective firms have served fairly and adequately as Class Counsel:

> Andrew Kochanowski
> Lance C. Young
> Sommers Schwartz, P.C.
> One Towne Square, Suite 1700
> Southfield, MI 48076
>
> Matthew Prebeg
> Prebeg, Faucett & Abbott PLLC
> 8441 Gulf Freeway, Suite 307
> Houston, TX 77017
>
> Edward Wallace
> Mark Miller
> Wexler Wallace LLP
> 55 W. Monroe St. Suite 3300
> Chicago, IL 60603

7. For purposes of this Final Approval Order and Judgment, the Settlement Class is defined as follows:

> All current or former Independent Promoters ("IPs") of ViSalus who reside in the United States or Canada that lost money as a ViSalus IP between July 9, 2008 and the Preliminary Approval Date of June 14, 2019. In determining whether an IP lost money as an IP for purposes of this Settlement Class, the following calculation was used:
>
> a. $49.00 of the cost of any ViSalus promoter system purchased (regardless of additional amounts spent above $49.00); plus
> b. the costs spent on Vi-Net; plus
> c. all renewal fees paid by the IP, minus
> d. all commissions received by the IP; minus
> e. the value of all free product received by the IP (including, but not limited to, free products received as part of the *3 for Free* promotion); and minus
> f. the value of all Vi Points earned by the IP.

8. Excluded from the Settlement Class, even if they meet the criteria above, are (i) IPs who profited from ViSalus (that is, earned more as a ViSalus IP than they paid ViSalus); (ii) Defendants, and any IPs owned, controlled or otherwise affiliated with any Defendant other than merely by the IP's status as an IP; (iii) the presiding judge(s) and his or her (or their) immediate family; (iv) any individual that elects to be excluded from the Settlement Class; and (v) any person who has previously released claims against Defendants or whose claims have been fully and finally adjudicated by a court with jurisdiction over the claims.

9. This Court finds that the Notice Plan in the Settlement Agreement and effectuated under the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to the Settlement Class of the pendency, certification of the Settlement Class for settlement only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. This Court further finds that Defendants have fully and timely met the requirements for notice to appropriate federal and state officials under 28 U.S.C. § 1715, and this Order is issued ninety (90) or more days after the service of such notice.

10. The Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class, considering the risks that both sides faced regarding the merits of the claim alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation. Therefore, this Court has determined that the Agreement should be approved. The Parties shall effectuate the Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

11. Upon the Effective Date, the Settlement Class, each of the Class Members, and the Named Plaintiffs (collectively, "Releasers") shall have, by operation of this Approval Order and Final Judgment, fully, finally and forever released, relinquished, and discharged the Released Persons from all Released Claims under the Agreement.

12. Releasers are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Released Persons.

13. This Final Approval Order and Judgment, the Settlement Agreement, the Agreement which it reflects, and any and all acts, statements, documents or proceedings relating to the Agreement are not, and shall not be construed as or used as an admission by or against Defendants or any other Released Person of any fault,

wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

14. The claims of the Named Plaintiffs and all members of the Settlement Class are dismissed in their entirety with prejudice. Except as otherwise provided in this Order, awarding attorneys' fees and costs, the parties shall bear their own costs and attorneys' fees. The parties have agreed that ViSalus will pay an award of attorneys' fees and costs in the amount determined by the Court. The Court has examined the Class counsel's motion for attorneys' fees detailing the attorneys' time logged, usual and customary rates, expenses and awards in similar cases in light of the six factors described by the Sixth Circuit in *Ramey v. Cincinnati Enquirer, Inc.*, (6th Cir. 1974) and determines that an award of attorneys' fees and costs in the amount of $4,265,000 is reasonable and should be, and is herewith, awarded.

15. The Named Plaintiffs have, in the opinion of the Court, worked hard on behalf of the Settlement Class. The Court therefore approves incentive awards to the Named Plaintiffs in the following amounts: (i) Timothy Kerrigan, $15,000.00; (ii) Lori Mikovich, $10,000.00; and (iii) Ryan Valli, $10,000.00.

16. This Court finds that no reason exists for delay in entering this Approval Order and Final Judgment, so the Clerk is directed forthwith to enter this Approval Order and Final Judgment. However, the Court reserves jurisdiction over

implementation of the Agreement, including enforcement and administration of the agreement and the award of attorneys' fees and costs.

17. The Parties, without further approval from this Court, are permitted to adopt such amendments, modifications and expansions of the Agreement and its implementing documents (including all exhibits to the Settlement Agreement) as may be necessary or expedient to implement the Agreement, so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class or any of the Class Members.

18. Without affecting the finality of this Final Judgment for appeal, the Court retains jurisdiction on all matters related to the administration, enforcement, and interpretation of the Agreement and this Final Order and Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 1, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 1, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764